E-filing

FILED

NOV 16 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT C
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

JFP
NP
S

1  NICOLE HODGE, Bar No. CA 215157
   P.O. Box 5100
2  Oakland CA 94605
   Telephone: (510) 569-3666
3  Email hodgend@aol.com

4

5

6  Attorneys for Plaintiffs

7

8                    **UNITED STATES DISTRICT COURT**

                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9
                                                              ADR
10 S.M, a minor by his parent and next friend     Case No.:
   Carol Allen, **P.M.** a minor by his parent and
11 next friend  Carol Allen                        **C07-05829**
   and **CAROL ALLEN**
12                     Plaintiffs,                 COMPLAINT FOR DAMAGES AND     CRB
   v.                                              INJUNCTIVE AND DECLARATORY
13 WEST CONTRA COSTA COUNTY                        RELIEF AND DEMAND FOR JURY
   UNIFIED SCHOOL DISTRICT  FINANCING              TRIAL; SUMMONS
14 CORPORATION a California Municipality,
   WEST CONTRA COSTA UNIFIED SCHOOL
15 DISTRICT  BOARD OF EDUCATION , in
   their official  capacities, BRUCE HARTER in
16 his capacity as Superintendent and as an
   individual, WENDELL GREER, in his official
17 capacity, and as an individual HARRY
   CULBERTSON as an individual and in his
18 official capacity, STEVE COLLINS in  his
   official capacity, DARLENE JONES in her
19 official capacity, KEN TALKEN in his official
   capacity, GRAIG CROSSLEY as an individual
20 and in his official capacity, DOE NICHOLSON,
   as an individual and DOES 1-10
21                     Defendants.
22
23
24
25 **INTRODUCTION:**

26     S. M., a minor by his parent and next friend Carol Allen, Paul M. a minor by his parent and

27 next friend Carol Allen, and Carol Allen as an individual hereby assert the following claims against

28 the defendants in the above entitled action in the above entitled action.

1) violation of 29 U.S.C.A 794; Nondiscrimination Under Federally Programs

2) 34 C.F.R. 104.33(a); 504 of the Rehabilitation Act of 1973

3) violation of 20 U.S.C. 1400; Individual with Disability Education Act

4) 34 C.F.R. Part 300, subsection 342 and 344

5) 42 U.S.C. 1983

6) 42 U.S.C. 12101; American with Disability Act

7) intentional infliction of emotional distress

8) negligent infliction of emotional distress

9) failure to train

10) retaliation

11) disability harassment

12) Racial discrimination

## JURISDICTION, VENUE and INTRADISTRICT ASSIGNMENT

1.    Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1343 (a) and 1343 (a)(9), Individual with Disability with Education Act 20 U.S.C Sec 1415(e)(2), Americans with Disability Act, 42 U.S.C. 12101, 29, U.S.C.A. 794; Nondiscrimination Under Federal Programs and 42 U.S.C. 1983. Plaintiffs' state and federal claims arise from a common nucleus of fact so the Court has pendent and supplemental jurisdiction over the state law claims alleged in the Complaint pursuant to 28 U.S.C. § 1367.

2.    A substantial part of the events giving rise to the claims alleged in this Complaint arose in the County of Contra Costa, California. Venue therefore lies in the United States District Court for Northern District of California, and Assignment to the Oakland Division is appropriate, pursuant to 28 U.S.C. § 84(a),  28 U.S.C. § 1391(b)(2) and Civil Local Rule 3-2(d).

3.    Plaintiffs have exhausted all administrative remedies and complied with state requirements for providing notice of claim to defendants.

-2- S. M. v. WCCUD

HODGE LAW
P.O. Box 5100

**PARTIES**

4.  Plaintiff S.M., a minor, by and through his parent and next friend Carol Allen at all pertinent times during which this action arose was a resident of Contra Costa County. S.M. has a learning disability as defined by federal and state law. Plaintiff S.M. was diagnosed as having a disability while attending school in the West Contra Costa Unified School District. He was thereafter educated pursuant to an Individual Education Program (hereinafter IEP) designed to accomodate his learning disability as required by Federal and State laws.

5.  Plaintiff P.M. a minor by and through his parent and next friend Carol Allen at all pertinent times during which this action arose was a resident of Contra Costa County. Paul is an African-American boy and protected class under federal and state law.

6.  Carol Allen at all pertinent times during which this action arose was a resident of Contra Costa County. Carol is the mother of S.M. and suffered direct harm by all defendants.

7.  Defendant, West Contra Costa Unified School District Financing Corporation, (hereinafter WCCUD) is a municipal corporation which has a duty to educate, and protect the rights of handicapped (hereinafter used interchangeably with disabled) student to a Free Appropriate Public Education (hereinafter FAPE). It has a duty of non-discrimination.

8.  Defendants, West Contra Costa Unified School District Board of Education, (hereinafter WCCUD Board) has a duty to set educational policy and to ensure that the educational system of West Contra Costa Unified School District protects the rights of disabled children and maintain a policy to discourage race based discrimination. The Board of Education also has the duty to set policy for the training and hiring of district staff.

9.  Defendant, Bruce Harter is the Superintendent of the West Contra Costa Unified School District and as such is responsible for the administration of education services in the District as well as the duty to see that principals and teachers under his supervision provide handicapped students equal treatment as required by Federal and State Law. The superintendent is also responsible for the training of all staff. Bruce Harter assumed the duties, responsibilities and liabilities of any superintendent in that position when these events began. Bruce Harter, as superintendent, is also responsible for discipline, regulation, hiring and retention of teachers and

HODGE LAW
P.O. Box 5100

1  school administrators.  The administrator or superintendent exercises control over school site

2  teachers and administration.

3  10. Defendants Harry Culberston  and Graig Crossley were the principals or assistant principals

4  of Hercules Middle School and Hercules High School at the times these complaints arose and as

5  such were responsible for the administration of that school and had the duty to see that disabled

6  students  were afforded their rights under state and federal law and did not suffer disability

7  harassment or discrimination or racial discrimination. Defendant, Culbertson and Defendant

8  Crossley were responsible for discipline and management of teachers, staff and students and has an

9  affirmative duty to perform his professional services in such a manner as to not inflict emotional

10  distress.

11  11.    Defendants Bruce Harter, Harry Culbertson, Darlene Jones, Steve Collins, Ken Talken,

   Wendell Greer, Graig Crossley are all employees within the West Contra Costa Unified School

12  District and were and are responsible for either one of all the following: supervision of the special

13  education program, student discipline, supervision of teachers,  supervision of students, as well as

14  the administration of classroom and Hercules Middle School, Hercules High School and Pinole

15  Middle School and special education campuses in the district. They each had a duty to see that

16  disabled students under their control were afforded their rights under state and federal law, all have

17  an affirmative duty to perform their professional services in such a manner as not to inflict

18  emotional distress or physical injury upon students.

19  12.   Does are employees of Defendant WCCUD and will be named after discovery. Each

20  Defendant had an affirmative duty to perform his professional services in such a manner as not to

21  inflict emotional distress nor physical  abuse or distress.

22                **FACTS GIVING RISE TO ACTION FOR S.M.**

23  13.    S.M. was a student at Hercules Middle School a school within the West Contra Costa

24  Unified School District on September 1, 2005.

25  14.    S.M's special education needs were not recognized or met within the district. Because his

26  needs were improperly dealt with and ignored S.M.'s disability manifested itself and became

27  worse, and he suffered grave emotional harm and physical abuse.

-4-  S. M. v. WCCUD

15. As S.M. displayed traits of his disability he was harassed, abused and discriminated against by staff, Defendant Harry Culberston taunted, punished, discriminated against and abused S.M. on a regular basis. The situation with Mr. Culberston grew so bad that S.M. would panic when Mr. Culberston came near him.

16. Mr. Culbertson was or should have been aware of S.M.'s response to him and he made subtle and not so subtle moves to agitate S.M.. Mr. Culbertson ordered the school security officer to handcuff S.M., and later suspended S.M. indefinitely and told him that he could not return.

17.   S.M. was discriminated against, treated negatively, constantly disciplined and suspended because he displayed symptom so his disability. S.M. was physically, emotionally and mentally abused and traumatized while at Hercules Middle School.

18.   The trauma S.M. suffered at the hands of West Contra Costa Unified School District staff will impact him for his present and much of his future life.

19.   S.M. did not receive accomodations for his disability for a part or all of the 2005-2006 fall semester. This failure to accommodate caused further emotional harm and distress to S.M..

20.   Plaintiffs allege that the refusal and failure of Hercules Middle School and West Contra Costa Unified School's administration, teachers, and staff to identify S.M.'s special education needs and create an I.E.P and behavior plan for him, caused teachers, administration and staff to be annoyed, upset and abusive toward S.M. for displaying traits typical of his disabilities.

21.   S.M. was placed at a campus within West Contra Costa Unified for special education students. While on that campus an aide told another student to beat S.M. up. That student chased S.M. around the school yard and play ground while S.M. screamed and ran for help. The adults watched. S.M. escaped by running off campus.

22.   This same aid physically assaulted and manhandled S.M. on many occasions and such treatment was a common practice. S.M. quit going to school to end the physical abuse.

23.   While at Pinole Middle School S.M. was denied lunch as punishment and made to sit in class and watch the other students eat.

24.   He was further physically assaulted by adult staff and other students were allowed to hit him without adult intervention.

-5- S. M. v. WCCUD

25. S.M. was mentally abused, hazed and insulted by Graig Crossley and other West Contra Costa Unified staff members in early 2007.

26. Plaintiffs allege that Defendants should have been trained to identify, deal with and modify for S.M.'s disabilities.

27. Plaintiffs allege that employees of Defendant WCCUD routinely fail to modify or comply with the needs of special education students and that abuse of these students is standard practice.

28. Plaintiffs allege that defendant WCCUD by its pattern and practices do not comply with I.E.P.'s and make little effort to implement IEP's in a manner useful to the student and instead focus on discipline.

29. Plaintiffs allege that defendant WCCUD has failed to train its staff in dealing with students with disabilities that impact their behavior.

30. Plaintiffs allege that defendant WCCUD and WCCUD Board does not train or inform their administrators, teachers or teachers aides on identifying disabilities or reviewing and/or follow each student I.E.P.

31. Plaintiffs allege that WCCUD accepts the practice of staff abusively disciplining students.

32. Plaintiffs allege that Special Education students in the WCCUD receive unequal treatment and are considered burdens.

33. Plaintiffs allege the failure of the district to train Defendant Culbertson and their failure to supervise and admonish him for his behavior created the situation in which S.M. was abused.

34. S.M. was excluded from participating in class activities and discriminated against because of his disability.

35. Plaintiff Carol Allen never received information on the districts investigation into her complaints about the behavior of Mr. Culberston.

36. Throughout the school year, Defendants ignored the multitude of complaints by Plaintiffs and did not take actions to remedy the situations that harassed S.M..

37. The school site and the district ignored the constant and ongoing abuse that S.M. was subjected to, ignored his disabilities and focused on issues to show S.M. as a discipline problem.

38. Plaintiff Carol Allen attempted to work within the school site and district to remedy the

HODGE LAW
P.O. Box 5100

1   harassment that was causing S.M. to suffer emotional pain and mental harm. The school site's

2   remedy was to force S.M. into another setting which that act victimized him further.

3   39.   S.M.'s constant movement, his sensitivity to teasting and inability to focus garnered put

4   downs and attacks from teachers, administration and staff.

5   40.   The pressure of the hostile and intimidating environment burdened S.M. and he often came

6   home emotionally troubled and hurt. S.M. was forced into therapy to deal with the distress.

7   41.   Because of the cumulative abuse S.M. suffered at the hands of the school district he began to

8   display suicidal thoughts and depressed moods.

9   42.   The district ignored the emotional needs of S.M. and failed to provide him the counseling that

10  he had won in a previous due process complaint. Mr. Culbertson suspended S.M. regularly and

11  this was part of the discrimination against his disability.

12  43.   Throughout the school year, during school hours and on school grounds, S.M. was subjected

13  to ridicule, embarrassment, insult, put downs, criticisms and physical attacks by teachers, staff

14  and students. The school site administration and district administration refused to remedy the

15  situation and allowed it to continue.

16  44.   S.M.'s since of safety, his grades and his self-esteem dropped to harmful levels. He was

17  denied access to an education because of the situation at his school.

18  45.   Defendants WCCUD, the WCCUD Board of Education, the superintendent, principal,

19  assistant principals, special education administration, teachers and aides, failed to respond to the

20  needs and complaints of parent and child, they failed to protect student and tacitly authorized the

21  harassing conduct S.M. suffered.

22  46.   The only reprieve Plaintiff had against the harassment he suffered was remaining at home, and

23  therapy. Remaining at home deprived Plaintiff of access to educational environment in the least

24  restrictive environment and increased his stress and decreased his feeling of self worth.

25  **FACTS GIVING RISE TO ACTION FOR P.M.**

26  47.   P.M. was a student in the West Contra Unified School District during the times these causes

27  of actions arose.

HODGE LAW
P.O. Box 5100

48. After Carol Allen began to make complaints about the treatment of S.M. West Contra Costa Staff began to harass P.M. P.M. was harassed by Harry Culbertson and Graig Crossley in retaliation and in due to his race.

49. At one point P.M. was hit in the head with a basketball during gym, he momentarily lost conscience and was sent to the office and suspended.  Mr. Crossley didn't attempt to get medical attention for student or make a parent contact.

50. Mr. Crossely harassed P.M. on a daily and regular basis, often meeting him before he arrived on campus to suspend him, give him detention or punish him.

51. This regular and pervasive harassment and creation of a hostile environment by Mr. Crossley caused P.M. to transfer school districts.

52. Mr. Crossley and Mr. Culbertson made racial comments about the success and behavior of black boys and men to P.M. They would question him about his younger brother S.M. As late as November 9, 2007 P.M.'s teacher told him to shut up, moved him around to different seats, another staff member spat in his face- continuously.

53. As late as November 9, 2007 Doe. Nicholson repeatedly spit in P.M.'s face and yelled at him.

54. P.M.'s complaints of harassment and discrimination have been ignored.  When he went to the office to complain he was told the teacher could talk to him anyway she wanted to.

55. WCCUD creates an atmosphere where black boys of a certain age are discriminated against, harassed and treated as criminals. The staff takes regular actions they know will make students feel attacked and would incite students and into behavior that will result in discipline, or suspension, such as spitting in their face and moving them around the classroom in one day.

## FIRST CAUSE OF ACTION
Section 1983 Claims

**Section 1983 Claim Against Individual Defendants**

56. Plaintiffs incorporate by reference and reallege paragraphs 1-55 of this Complaint.

57. Each individual defendant acted under color of law: and The acts of the individual defendants deprived the plaintiffs of their rights as alleged in this complaint under the laws of California and

1  the United States Constitution.

2  **Section 1983 Claim  Against Supervisors**

3  58.  The supervisory defendants acted under color of law.

4

5  59.  The acts of the defendant's subordinates deprived the plaintiff of their particular rights under

6  the laws of the United States Constitution.

7  60.   The defendant supervisors knew or reasonably should have known, that their conduct would

8
   deprive the plaintiffs of their rights,
9

10  61.   Defendants as supervisors knew or should have known, that their subordinates were

11  engaging in these acts and that their conduct would deprive plaintiffs of their rights and the

12  defendant failed to act to prevent their subordinates from engaging in such conduct.

13
   62.   Defendants failed to act to prevent their subordinates from engaging in such conduct.
14
   **Section 1983 Claim  Against Local Governing Body**
15
   63.   Each individual defendant acting under color of law have deprived  plaintiffs of their rights
16
   secured under the laws of the United States Constitution.
17
   64.   The individual defendants acted pursuant to an expressly adopted  official policy or a
18
   longstanding practice of custom of West Contra Costa Unified School District.
19
   65.   The acts of the individual defendants deprived the plaintiffs of their rights as alleged in this
20
    complaint under the laws of California and the United States Constitution.
21
                              **SECOND CAUSE OF ACTION**
22
                         Discrimination in Federally Funded Programs_
23              29 U.S.C.. 794 and Section 504 of the Rehabilitation Act of 1973_
                    42  U.S.C. Section 2000d    (Against all Defendants)
24
   66.  Plaintiffs incorporate by reference and reallege paragraphs 1-55 of this Complaint.
25
   67. 29 U.S.C. ß 794(a) provides: "No otherwise qualified individual with a disability in the United
26
   States,. . . . ., shall, solely by reason of her or his disability, be excluded from the participation in, be
27
   denied the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance."

68.  West Contra Costa Unified School District receives federal financial assistance and thus is bound to abide by 29 U.S.C. ß 794(a) and the terms of Section 504 of the Rehabilitation Act of 1973 (hereinafter Section 504) and its implementing regulations, including 34 CFR Part 104 as well as the Civil Rights Act of 1964.

69. Eleventh Amendment immunity of the WCCUSD was abrogated by Congress in its enactment of 42 U.S.C. ß2000d-7.

70. Defendants WCCUSD, WCCUSD Board, Bruce Harter, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken allowed the creation of an intimidating, hostile, offensive and abusive school environment for S.M. and P.M. on school grounds and during school hours.

71. The acts that created the intimidating, hostile, offensive and abusive school environment were done by individuals directly under the control of Defendants WCCUSD, WCCUSD Board,  Bruce Harter, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken.

72. The acts occurred in the normal operation of the federally assisted recipient.

73. Defendants WCCUSD, WCCUSD Board, Bruce Harter, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken and the superintendent had or should have had actual knowledge of the acts that harassed and discriminated against S.M. and P.M. and showed deliberate indifference to the severe, pervasive, objectively offensive and persistent harassment of S.M. and P.M. and intentionally discriminated against S.M. and P.M. by consciously and/or recklessly disregarding the consequences of their acts or omissions.

74. Defendants WCCUSD, WCCUSD Board, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken, and Bruce Harter the superintendent displayed deliberate indifference to the complaints of S.M. and his mother, Defendants WCCUSD and school administration failed to investigate and failed to make attempts to remedy or end the harassment.

75. Section 504 further requires that teachers be appropriately trained to provide necessary services, and that appropriate materials and equipment be available.

76. Defendant WCCUSD failed to train its teachers, administrators, and/or staff in dealing with

-10- S. M. v. WCCUD

HODGE LAW
P.O. Box 5100

1  special education students, resulting in discrimination against S.M. as a disabled student.

2  77.  Defendants violation of 29 U.S.C. ß 794(a)) and the terms of Section 504 of the Rehabilitation

3  Act of 1973,  Title VI and its implementing regulations have caused and without judicial intervention

4  will continue to cause plaintiffs to suffer tremendous harm and humiliation in that they have been and

5  will continue to be subjected to WCCUSD and all other defendants practice of disability

6  discrimination.

7

8                              THIRD **CAUSE OF ACTION**

9  U.S.C. 1400, 34 C.F.R. Part 300 and Section 504 of the Rehabilitation Act of 1973

10                            (Against all Defendants)

11

12  78.  Plaintiffs incorporate by reference and reallege paragraphs 1-55 of this Complaint.

13  79.  20 U.S.C. 1400 requires that school districts develop individualized education programs ("IEP")

to meet the needs of every child with a disability who is determined eligible for special education.

14  80.  Plaintiff S.M. is disabled within the meaning of 20 U.S.C. 1401. Defendants are required to

15  provide Plaintiff S.M. with a Free Appropriate Public Education as defined under 20 U.S.C. 1401

16  (18).

17  81.  Plaintiffs seek injunctive relief and damages due to a violation of the Individuals with Disabilities

18  Education Act. (hereinafter IDEA) 20 U.S.C. 1400 and its implementing regulation 34 CFR Part

19  300.344 and section 504 of the Rehabilitation Act of 1973.

20  82. Defendants failed to properly develop and follow the I.E.P. for Plaintiff S.M. as required by

21  IDEA.  As a result, plaintiff received no educational benefit from placement in regular classes of

22  Defendant school system and has not been provided with a free appropriate public education.

23  83. S.M. has suffered physical injuries in altercations while attending the classes of Defendant

24  school system because of its failure to provide required services, train staff and develop and follow an

25  appropriate I.E.P.

26  84. Defendant has also violated the IDEA, 20 U.S.C. 1415 by failing to comply with the rights

27  afforded to the Plaintiffs.

HODGE LAW
P.O. Box 5100

**FOURTH CAUSE OF ACTION**

Section 504 of the Rehabilitation Act of 1973, Title VI and 42 U.S.C. Section 1983.

(Against all defendants)

85. Plaintiffs incorporate by reference and reallege paragraphs 1- 55 of this Complaint.

86. Defendants, acting under color of law and in concert with one another, have violated plaintiffs' rights secured by the constitution and federal and state laws.

87. Defendants have subjected plaintiffs to, harassment, physical and mental abuse.

88. Defendants effectively denied Plaintiff S.M. and P.M. the full benefits of the schools programs and activities that were available to other students.

89. Defendants, acting under color of law, institute, authorize, tolerate, ratify, permit and acquiesce in its policies, practices and customs of abuse, discrimination and harassment.

90. Defendants acts were done in knowing violation of plaintiffs legal and constitutional rights, without good faith, and have directly and proximately caused plaintiffs humiliation, mental pain and suffering.

**FIFTH CAUSE OF ACTION**
Negligence
(against all Defendants)

91. Plaintiffs incorporate by reference and reallege paragraphs 1-55 of this Complaint.

92. Beginning on or about September 2004 Plaintiff S.M. was the victim of Defendants WCCUSD, WCCUSD Board, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken negligence which consisted of regular, pervasive and offensive embarrassment, put downs, and physical attacks by teachers and staff and discrimination based upon the disabilities of Plaintiff S.M..

93. Defendants failed in their duty to protect Plaintiff S.M., ignored requests by his mother for assistance and consciously or recklessly ignored Plaintiffs complaints. Defendants in charge of the special education department made themselves unavailable to Plaintiffs at all times. The suffering of Plaintiff S.M. continued and grew worse with each day.

94. As a direct and proximate cause of the negligence of defendant Plaintiff S.M. P.M. and Carol Allen, suffered physical injury, and severe emotional distress.

95. At all pertinent times hereto, Defendant WCCUSD, WCCUSD Board, Steve Collins, Darlene

-12- S. M. v. WCCUD

HODGE LAW
P.O. Box 5100

1  Jones, Harry Culberston, Wendell Greer, Ken Talken.

2  96.  Defendant WCCUSD and WCCUSD Board of Directors employees were acting in the

3  scope of their employment, under Defendant WCCUSD and WCCUSD Board of Directors control

4  and in furtherance of Defendant WCCUSD interests at the time their negligence caused Plaintiffs

5  injuries as described in Plaintiffs complaint.

6

                            **SIXTH CAUSE OF ACTION**
7                        TORTUOUS CONDUCT OF EMPLOYEE
                             (against all Defendants)
8
   97.  Plaintiffs incorporate by reference and reallege paragraphs 1- 55 of this Complaint.
9
10  98.  Beginning on or about September 2004, Plaintiff S.M., P.M. and Plaintiff Carol Allen were the

   victims of tortuous conduct perpetrated by Defendants WCCUSD, WCCUSD Board,  Steve Collins,
11
   Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken, Graig Crossley which consisted of
12
   regular, pervasive and offensive embarrassment, insults, put downs, and physical attacks by staff and
13
   discrimination by Defendants based upon the disabilities of Plaintiff S.M and retaliation and race to
14
   P.M.
15
   99.  Such conduct was and is imputable to Defendant WCCUSD, WCCUSD Board, Steve
16
   Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken all of whom consciously or
17
   recklessly ignored Plaintiffs complaints.
18
   100.  The suffering of Plaintiff S.M. and P.M. continued and grew worse with each day.
19
   101.  District officials once notified of the torts being committed against S.M. ignored the problems
20  and made no efforts to investigate or remedy the complaints.

21  102.  At all pertinent times hereto, Defendant WCCUSD, WCCUSD Board, Steve Collins, Darlene

22  Jones, Harry Culberston, Wendell Greer, Ken Talken, Graig Crossley in the capacity of teachers,

23  aides, special education staff and administration and principals.

24  103.  Defendant's employees were acting in the scope of their employment, under Defendant

25  WCCUSD and WCCUSD Board of Directors control and in furtherance of Defendant WCCUSD

26  interests at the time their tortuous conduct caused Plaintiffs injuries as described in Plaintiffs

27  complaint.

-13- s. M. v. WCCUD

104. The tortuous conduct was subsequently ratified by the Defendants by their failure to act in response after receiving complaints from plaintiffs, this deliberate indifference was tacit authorization of the acts and thus such conduct is imputable to the Defendants under the doctrine of respondeat superior.

105.  The tortuous conduct by Defendants was egregious and oppressive and characterized by malice or recklessness that caused Plaintiff S.M., P.M. and Carol Allen to suffer physical injury, and severe emotional distress justifying the imposition of punitive damages.

### SEVENTH CAUSE OF ACTION
### EMOTIONAL DISTRESS
(against all Defendants)

106.  Plaintiffs incorporate by reference and reallege paragraphs 1- 55 of this Complaint.

107. The acts of defendants as described in this Complaint, breached their duties, were extreme and occurred regularly and consistently from the start of 2004-2006 school through the present and were done willfully, maliciously, outrageously, deliberately and purposely with the intention to inflict emotional distress upon Plaintiffs and/or were done in reckless disregard of the probability of causing plaintiffs emotional distress and these acts did in fact result in severe and extreme emotional distress.

 108. As a direct and proximate result of the acts of defendants alleged herein, plaintiffs were caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, weight gain, depression, lowering of self-esteem and anxiety.  Plaintiff continues to suffer these emotional upheavals.  For this harm, Plaintiffs request compensatory damages and punitive damages in excess of $2,000,000

109. As a direct and proximate result of the acts of defendant alleged herein, Plaintiff was caused to seek counseling or therapy.  Plaintiff S.M. and his mother will need counseling for an indeterminate amount of time and request compensatory damages in the amount of $500,000.

HODGE LAW
P.O. Box 5100

**EIGHTH CAUSE OF ACTION**
FAILURE TO TRAIN
20 U.S.C. 1400 and 42 U.S.C. 1983

(against Defendants WCCUSD, WCCUSD Board,  Bruce Harter, Steve Collins, Darlene Jones, Wendell Greer, Ken Talken)

110.   Plaintiffs incorporate by reference and reallege paragraphs 1- 55 of this Complaint.

111. Defendants, acting under color of law and in concert with one another, have violated plaintiffs' rights secured by the constitution and federal and state laws.

112. Defendants WCCUSD, WCCUSD Board, Bruce Harter, Steve Collins, Darlene Jones, Wendell Greer, Ken Talken acting under their governmental authority have failed to train their employees that work with children with an educational disability.

113.   Defendants have authorized conduct that abuse and punish students for displaying their disabilities and retaliate against those who complain.  In this instance Plaintiff S.M. was physically and verbally punished, belittled, attacked and disciplined for his disability which included a short attention span, behavioral difficulties, inability to perform well without modifications, and for requiring more attention than general education students.

114. Plaintiffs brought the discriminatory treatment of S.M. and P.M. to the attention of school officials and were ignored. The requests Plaintiff Carol Allen made to district officials and school staff to resolve the problems were ignored, the school district failed to respond and did not respond until Plaintiffs were suffering severely from the abuse and the response was inadequate.

115. Defendants acted in reckless or conscious disregard of Plaintiffs needs and rights under the IDEA and Title VI/

116. Defendants Harry Culbertson, Ken Talken and S.M.'s teachers recognized or should have known that S.M. had some condition that affected his behavior and his learning.  However, the failure of the district to train its teachers led Defendant Harry Culbertson to become abusive toward S.M..

117. The districts failure to train is staff led its staff to respond to students behavior was to use physical and verbal aggression.

118. Plaintiffs seek monetary damages and injunctive relief against the Defendant West Contra Costa County Unified School District requiring that all teachers be trained to recognize the

-15- S. M. v. WCCUD

1  characteristics of special education students. There are 13 disabling conditions defined in federal

2  regulations, manifesting one condition can cause a student to need special education services.

3  119.  Plaintiffs further seek injunctive relief to require the West Contra Costa Unified School District

4  to train its staff in recognizing these conditions and responding appropriately and inoffensively.

### NINTH CAUSE OF ACTION

Americans With Disabilities Act, Equal Protection Clause and 29 U.S.C. 794

TITLE VI Violations (against all Defendants)

120. Plaintiffs incorporate by reference and reallege paragraphs 1-55 of this Complaint.

121. Title II of the Disabilities Act, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

122. Defendants, acting under color of law and in concert with one another, have violated plaintiffs' rights secured by the constitution and federal and state laws.

123.  Plaintiffs allege that the acts described in this complaint gave Plaintiff S.M. and P.M. due to disability, race and retaliation with a lesser benefit than was given to others, and limited Plaintiff S.M.'s and PM.'s enjoyment of the rights and benefits provided other students of the West Contra Costa Unified School District.

### TENTH CAUSE OF ACTION
### DISABILITY HARRASSMENT
(against all Defendants)

124.  Plaintiffs incorporate by reference and reallege paragraphs 1-55 of this Complaint.

125.  Plaintiff S.M. is a qualified individual with a disability under the Americans With Disabilities Act.

126.  Plaintiff S.M. was subject[ed] to unwelcome harassment as a student in the West Contra Costa Unified School District.

127. Plaintiff S.M. alleges the harassment was based on his disability or requested accommodations.

128.  The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff S.M.'s education and to create an abusive school environment.

HODGE LAW
P.O. Box 5100

129. Plaintiffs allege all defendants knew or should have known of the harassment and failed to take prompt effective remedial action.

130. Plaintiffs allege that Defendants discriminatory acts occurred despite Defendants knowledge that their actions violated federal law.

131. Plaintiffs allege that the practice of Defendant WCCUSD, WCCUSD Board, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken, was and is to discriminate against individuals with learning disabilities.

### ELEVENTH CAUSE OF ACTION
RETALIATION, ADA, Section 1983
(against all Defendants)

132. Plaintiffs incorporate by reference and reallege paragraphs 1-55 of this Complaint.

133. Plaintiffs claims that staff at Hercules Middle School, Hercules High School , Pinole High School and West Contra Costa Unified School District retaliated against them for for opposing, protesting disability discrimination and filing a due process complaint against West Contra Costa Unified.

134. Carol Allen opposed the districts discrimination and failure to meet the special needs of S.M and this caused both S.M. and P.M. to be singled out and punished.

135. That WCCUD began taking harassing and abusive action against S.M. and P.M., which included multiple suspensions, removal from class activities he enjoyed, being removed from the company of other students, constant and unfair disciplinary actions including forcing S.M. to spend multiple hours in the office as punishment for behavior that had been identified as part of his disability, having the school safety officer handcuff S.M., making unnecessary multiple and constant calls to Carol Allen to report the slightest incident S.M. experienced and sending him home and making regular threats to S.M. and causing him to fear being arrested. It also included P.M. being singled out and punished on a daily basis, sometimes for wearing a hat as he walked to school and before he got onto the school campus.

136. Carol Allen's opposition to the discriminatory and harassing practice was a motivating reason for West Contra Costa Unified, Graig Crossley and Harry Culbertson's decision to regularly discipline S.M. and then suspend S.M. from school without a return date and harassing and punishing P.M.

HODGE LAW
P.O. Box 5100

137.  Plaintiffs were harmed by the districts acts.

138. The actions of WCCUD caused all Plaintiffs a great deal of stress and caused Carol Allen's grades to plummet.

139.  That defendants' retaliatory conduct was a substantial factor in causing harm to all Plaintiffs'.

## ON ALL CAUSES OF ACTION

140.  Defendants actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered physical, economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages on all allowable causes of action in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request the following relief against Defendants, and each of them, as follows:

1.      For an award of general, special, consequential and/or continuing damages from the defendants, and each of them, plus prejudgment interest thereon, according to proof or by operation of law;

2.      For preliminary and permanent injunctive and declaratory relief; requiring WCCUSD to train its staff on learning disabilities and modifications and racial discrimination and harassment..

4.      For an award of exemplary and punitive damages to the extent allowed by law and in an amount according to proof;

5.      For attorneys' fees and costs of suit herein pursuant to statute or as otherwise may be allowed by law; and,

6.      For such other relief as this Court may deem just and proper.

### Jury Trial Demand

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, and Rule 3-6, Local Rules, United States District Court, Northern District of California, plaintiffs demand trial by jury for all the issues plead herein so triable.

-18- s. m. v. WCCUD

HODGE LAW
P.O. Box 5100

1

2

3    Dated this 9th day of November 2007                Respectfully Submitted

4

5                                                       Nicole Hodge

6                                                       Attorney for Plaintiffs

7

8

9

10                                                      ,

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-19- S. M. v. WCCUD

HODGE LAW
P.O. Box 5100