THOMAS F. BERTRAND, ESQ., SBN 056560
MICHAEL C. WENZEL, ESQ., SBN 215388
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

*Attorneys for multiple Defendants (see signature page for complete list of parties represented*; Civil L.R. 3-4(a)(1))

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| S.M, a minor by his parent and next friend Carol Allen, P.M. a minor by his parent and next friend Carol Allen and CAROL ALLEN | CASE NO. C07-05829 CRB |
| Plaintiffs, <br><br> vs. <br><br> WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT FINANCING CORPORATION a California Municipality, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, in their official capacities, BRUCE HARTER in his capacity as Superintendent and as an individual, WENDELL GREER, in his official capacity, and as an individual HARRY CULBERTSON as an individual and in his official capacity, STEVE COLLINS in his official capacity, DARLENE JONES in her official capacity, KEN TALKEN in his official capacity, GRAIG CROSSLEY as an individual and in his official capacity, DOE NICHOLSON, as an individual and DOES 1-10, <br><br> Defendants. | Date:   March 28, 2008 <br> Time:   10:00 a.m. <br> Courtroom:  8,  19th Floor <br><br><br> Complaint filed: November 16, 2007 |

## DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION (RULE (12)(b)(1)) AND/OR FAILURE TO STATE A CLAIM RULE  (12)(b)(6)); AND IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT (Rule 12(e)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CIVIL PROCEDURE

# TABLE OF CONTENTS

NOTICE................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.............................................2

I.    INTRODUCTION AND SUMMARY OF ARGUMENT..................................2

II.   STATEMENT OF ISSUES TO BE DECIDED.............................................4

III.  STATEMENT OF FACTS...........................................................................5

    a.    SUMMARY OF RELEVANT FACTS PERTAINING TO S.M. AND ALLEN.......6

    b.    SUMMARY OF RELEVANT FACTS PERTAINING TO P.M.................................8

IV.   LEGAL ARGUMENT..................................................................................9

    A.    AUTHORITY FOR MOTION...............................................................9

    B.    THE COURT LACKS SUBJECT MATTER JURISDICTION AND
             PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
             RELIEF MAY BE GRANTED AS TO S.M.'s AND ALLEN's FIRST,
             SECOND, THIRD, FOURTH, EIGHTH, NINTH, TENTH AND ELEVENTH
             CAUSES OF ACTION BASED ON FEDERAL STATUES AS THESE
             CLAIMS ARE BARRED BY THE PARTIES' MARCH 7, 2007
             SETTLEMENT AGREEMENT...........................................................9

    C.    PLAINTIFFS S.M. AND ALLEN's FIRST, FOURTH, EIGHTH AND
             ELEVENTH CAUSES OF ACTION, ARE SUBJECT TO DISMISSAL
             PURSUANT TO RULE 12(B)(6) ON THE SEPARATE AND INDEPENDENT
             GROUND THAT THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF
             MAY BE GRANTED.......................................................................13

    D.    PLAINTIFF P.M.'s §1983 CLAIMS IN THE FIRST, FOURTH AND
             ELEVENTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE
             P.M. FAILS TO IDENTIFY THE SPECIFIC RIGHT HE SEEKS TO
             ENFORCE....................................................................................14

    E.    P.M.'S FOURTH AND NINTH CAUSES OF ACTION FAIL TO STATE A
             CLAIM BECAUSE HE FAILS TO ALLEGE HE WAS TREATED
             DIFFERENTLY THAN OTHERS SIMILARLY SITUATED AND TITLE
             VI DOES NOT PROVIDE FOR A PRIVATE CAUSE OF ACTION BASED
             ON DISPARATE TREATMENT.......................................................16

    F.    P.M. IS NOT A DISABLED INDIVIDUAL AND THEREFORE HIS CLAIMS
             UNDER THE FIRST, SECOND, THIRD, FOURTH, EIGHTH, NINTH, TENTH
             AND ELEVENTH CAUSE OF ACTION SHOULD BE DISMISSED WITH
             PREJUDICE...............................................................................17

G. P.M.'S ELEVENTH CAUSE OF ACTION FOR "RETALIATION" IS SUBJECT TO DISMISSAL BECAUSE HE WAS NOT ENGAGED IN ANY PROTECTED ACTIVITY.......................................................................18

H. P.M. DOES NOT HAVE STANDING TO REQUEST INJUNCTIVE RELIEF..............................................................................................19

I. UNDER THE 11TH AMENDMENT, THE DISTRICT AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE IMMUNE FROM §1983 CLAIMS FOR MONEY DAMAGES AND FROM STATE LAW CLAIMS..................................................................19

J. THE COURT MAY NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS DUE TO ITS LACK OF SUBJECT MATTER JURISDICTION OVER THE COMPLAINT'S FEDERAL LAW CLAIMS..........................................................................20

K. IN THE ALTERNATIVE, PLAINTIFFS' CLAIMS FOR "NEGLIGENCE," "EMOTIONAL DISTRESS" AND "TORTUOUS CONDUCT OF EMPLOYEE" SHOULD BE DISMISSED FOR FAILURE TO STATE CLAIMS FOR WHICH RELIEF CAN BE GRANTED................................21

   1. Plaintiffs' Claims For "Negligence", "Emotional Distress" and "Tortuous Conduct of an Employee Are Subject To Dismiss........................21

   2. Plaintiffs' Claim For "Tortuous Conduct of an Employee is Vague, Ambiguous, Uncertain and Not Recognized by California Law...................22

   3. Plaintiffs' Sixth Cause Of Action For "Tortuous [sic] Conduct of an Employee" Is Likewise Barred By The Two Year Limitations Period Applicable to Torts Under California Law.......................................22

   4. Plaintiffs' Seventh Claim for "Emotional Distress" Is Subject To Dismissal......................................................................................22

L. IN THE ALTERNATIVE, DEFENDANTS' MOVE THIS COURT FOR A MORE DEFINITE STATEMENT...........................................................23

V. CONCLUSION..................................................................................25

1

# TABLE OF AUTHORITIES

2

Cases

3

4

*Alex G. v. Bd. of Trs. of Davis Joint Unified Sch. Dist.*
332 F.Supp. 2d 1315 (E.D. Cal. 2004)..................................................................13, 14

5

*Alexander v. Sandoval*
532 U.S. 275 (U.S. 2001)..................................................................16

6

7

*Amir v. St. Louis Univ.*
184 F.3d 1017 (8th Cir. 1999)..................................................................18

8

9

*Ballistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1990)..................................................................9

10

11

*Beaulieu v. Northrop Grumman Corp.*
161 F. Supp. 2d 1135 (D. Haw. 2000)..................................................................18

12

*Belanger v. Madera Unified School Dist.*
963 F.2d 248 (1992)..................................................................19

13

14

*Blair v. Shanahan*
28 F.3d 1514 (9th Cir. 1994)..................................................................19

15

*Blanchard v. Morton Sch. Dist.*
2007 U.S. App. LEXIS 27940 (9th Cir. Wash. Dec. 3, 2007)..................................................................14

16

17

*Burke v. Barnes*
279 U.S. 361 (1987)..................................................................19

18

19

*Carnegie-Mellon Univ. v. Cahill*
484 U.S. 343 (1988)..................................................................20

20

*Chapman v. Houston Welfare Rights Organization*
441 U.S. 600 (1979)..................................................................13

21

22

*Cholla Ready Mix, Inc. v. Civish*
382 F.3d 969 (9th Cir. 2004)..................................................................19

23

24

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994.)..................................................................9

25

*Cole v. Oroville Union High Sch. Dist.*
228 F.3d 1092 (9th Cir. 2000)..................................................................20

26

27

*Conley v. Gibson*
355 U.S. 41 (1956)..................................................................9

28

*De La Cruz v. Tormey*

582 F.2d 45 (9th Cir. 1978) ....................................................................................9

*Diaz-Fonseca v. Puerto Rico*
451 F.3d 13 (1st Cir. 2006).................................................................................14

*Doe v. Madison Sch. Dist. No. 321*
177 F.3d 789 (9th Cir. 1999) .........................................................................19, 21

*Eastburn v. Regional Fire Protection Authority*
31 Cal.4th 1175 (2003) ......................................................................................21

*Foley v. Bates*
2007 U.S. Dist. LEXIS 27390 (D. Cal. 2007) ....................................................15

*Fuller v. City of Oakland*
47 F.3d 1522 (9th Cir. 1995) ..............................................................................17

*Goehring v. Wright*
858 F.Supp. 989 (N.D. Cal. 1994)......................................................................20

*Graham v. Connor*
490 U.S. 386 (1989)............................................................................................13

*Han v. Department of Justice*
45 F.3d 333 (9th Cir. 2000) ................................................................................19

*Hoff v. Vacaville Unified School Dist.*
19 Cal.4th 925 (1998). .......................................................................................21

*Ketchum v. Alameda County*
811 F.2d 1243 (9th Cir. 1987) ............................................................................15

*Levine v.Diamanthuset*
950 F.2d 1278 (9th Cir. 1991) ..............................................................................9

*Marder v. Lopez*
450 F.3d 445 (9th Cir. 2006) ..............................................................................12

*Padilla v. School Dist. No. 1*
233 F.3d 1268 (10th Cir. 2000) ..........................................................................14

*Pardi v. Kaiser Foundation*
389 F.3d 840 (9th Cir. 2004) ..............................................................................12

*Pennhurst State Sch. & Hosp. v. Halderman*
465 U.S. 89 (1984)..............................................................................................19

*Petersen v. California Special Education Hearing Office*
2007 U.S. Dist. LEXIS 87137 (N.D.Cal. November 6, 2007)............................24

*Podesta v. City of San Leandro*
  2005 U.S. Dist. LEXIS 45772 (N.D. Cal. 2005) ............................21

*Potter v. Firestone Tire & Rubber*
  6 Cal.4th 965 (1993) ............................23

*Riggle v. California*
  577 F.2d 579 (9th Cir. 1978) ............................20

*Rizzo v. Dawson*
  778 F.2d 527 (9th Cir. 1985) ............................18

*Safe Air for Everyone*
  373 F.3d 1035 (9th Cir. 2004) ............................7

*Savage v. Glendale Union High School*
  343 F.3d 1036 (9th Cir. 2003) ............................9

*School Committee of the Town of Burlington v. Dept. of Ed.,*
  471 U.S. 359 (1985) ............................8

*Stephen H. v. W. Contra Costa County Unified School District.*
  2007 U.S. Dist. LEXIS 41672 (N.D. Cal. May 29, 2007) ............................25

*Thompson by & through Buckhanon v. Bd. of Special Sch. Dist. No. 1*
  144 F.3d 574 (8th Cir. 1998). ............................14

*United Mine Workers of America v. Gibbs*
  383 U.S. 715 (1966) ............................20

*Ventura Mobilehome Comm. Owners Ass'n v. City of San Beunaventura*
  371 F.3d 1046 (9th Cir. 2004) ............................16

*Vinson v. Thomas*
  288 F.4d 1145 (9th Cir. 2002) ............................13, 14

*Weinreich v. Los Angeles County Metropolitan Transp. Auth.*
  114 F.3d 976 (9th Cir. 1997) ............................17

*West v. Atkins*
  487 U.S. 42 (1988) ............................15

*Zelig v. County of Los Angeles*
  27 Cal.4th 1112 (2002) ............................21

Statutes

28 U.S.C. § 1331 ............................21

28 U.S.C. § 1367(a) ............................21

42 U.S.C. §1983 .................................................................................................................passim

California Code of Civil Procedure Section 335.1 ............................................................22

California Government Code Section 818 .........................................................................25

Federal Rules of Civil Procedure Rule 12(b)(1) ........................................................1, 2, 7, 9

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................1, 7, 9

Federal Rules of Civil Procedure Rule 12(e) ..........................................................1, 9, 23, 24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO PLAINTIFFS AND TO THEIR ATTORNEY OF RECORD HEREIN**

**PLEASE TAKE NOTICE** that on March 28, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Charles R. Breyer in Courtroom 8, of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California, defendants WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT (*erroneously sued as West Contra Costa Unified School District Financing Corporation*) (the "DISTRICT"), WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION (the "BOARD"), BRUCE HARTER, WENDELL GREER, STEVE COLLINS, DARLENE JONES, KEN TALKEN, GRAIG CROSSLEY and DOE NICHOLSON (hereinafter referred to collectively as "defendants"), will and do move this court to dismiss this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and (12)(b)(6) and, in the alternative, move this Court for a more definite statement under Rule 12(e) because the Court lacks subject matter jurisdiction over the federal and state law claims set forth in plaintiffs S.M., P.M. and CAROL ALLEN's ("ALLEN") complaint, their complaint fails to state a cause of action as to their federal and state claims, and the complaint is so vague and ambiguous that defendants cannot prepare a meaningful response.

The parties have entered into a mediated settlement agreement which addressed all claims by P.M. and ALLEN under the Individuals with Disabilities Education Act of 2004 ("IDEA"; 20 U.S.C. §1400 et seq.) and all related federal claims concerning the provision of education services up to and including the 2006-2007 school year. This settlement bars any further litigation under federal law on these issues, which form the basis of plaintiffs' federal claims in this lawsuit, and divests this court of subject matter jurisdiction and constitutes failure to state a claim. Because the Court lacks subject matter jurisdiction over the federal claims of P.M. and ALLEN, and because the settlement agreement bars their federal claims, the Court cannot exercise subject matter jurisdiction over the state law claims, which must also be dismissed.

Defendants further seek to dismiss plaintiffs' S.M., P.M. and ALLEN's complaint pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) because the complaint fails to state a cause of action as to each and every one of their federal claims. Plaintiffs' have also failed to state a claim under Rule 12(b)(6) for their state law tort causes of action for "negligence," "emotional distress,"

1  "tortuous [sic] conduct of employee" under California tort law and the California Govt. Code.

2  Defendants the DISTRICT and the BOARD, and the individual defendants in their official

3  capacities, assert immunity under the Eleventh Amendment as to plaintiffs' First Cause of Action

4  for unspecified Section 1983 violations, and plaintiffs' state law claims contained in their Fifth,

5  Sixth and Seventh Causes of Action. The Eleventh Amendment provides immunity for claims of

6  money damages where Congress has not validly abrogated sovereign immunity.

7  Defendants further seek to dismiss plaintiff P.M.'s claim for injunctive relief as he lacks

8  standing to assert he claim.

9  Alternatively, as to all plaintiffs and all claims, defendants move this Court for a more

10  definite statement. The complaint uses the term "plaintiff" and "plaintiffs" interchangeably so that

11  it is impossible to determine which plaintiff brings which action. Although the causes of action

12  have titles, they combine different statutes improperly, and without specifying which allegations

13  pertain to a particular cause of action. The causes of action are ostensibly brought against all

14  defendants, even though there are no factual allegations to support claims against each of them.

15  Moreover, the majority of the alleged events alleged in the complaint are undated, precluding

16  defendants from ascertaining the timeliness of plaintiffs' claims and the application of certain

17  affirmative defenses.

18  Defendants also submit a Request for Judicial Notice in support of this motion as well as the

19  Declarations of STEVE COLLINS and Michael C. Wenzel.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

22  Defendants bring this motion to dismiss under Federal Rules of Civil Procedure Rule

23  12(b)(1) based on the Court's lack of subject matter jurisdiction over the claims in this lawsuit

24  and/or under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and in the

25  alternative moves for a more definite statement under Rule 12(e). The DISTRICT brings this

26  motion to dismiss under Rule 12(b)(1) both facially and factually.

27  Plaintiffs in this action, two minor children and their mother, bring separate and unrelated

28  claims against the WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT (the

1    "DISTRICT"), WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF

2    EDUCATION (the "BOARD"), and several current and former employees (collectively

3    "defendants"). Plaintiffs S.M. and ALLEN allege that defendants denied S.M. a free and

4    appropriate public education ("FAPE") due to educational inadequacies, disability discrimination

5    and harassment.  They have brought claims under the Individuals with Disabilities Education Act

6    ("IDEA"; 20 U.S.C.§1400 *et.seq.*), Section 504 of the Rehabilitation Act of 1973 ("Section 504";

7    20 U.S.C. §794), the Americans with Disabilities Act ("ADA'" 42 U.S.C. §12101 *et. seq.*.) 42

8    U.S.C. 1983 (§1983), Title VI, and the Equal Protection Clause.  Plaintiffs also allege three state

9    law claims for negligence, "tortous [sic] conduct of employee," and "emotional distress."

10    On October 26, 2006, plaintiffs S.M. and ALLEN filed an almost identical lawsuit to the

11    instant lawsuit, also against the DISTRICT, its BOARD, and several employees. Defendants to that

12    motion filed a motion to dismiss the lawsuit.  On January 10, 2007 the Honorable Claudia Wilken

13    dismissed that lawsuit. Prior to the dismissal, while defendants' motion to dismiss was pending,

14    S.M. and ALLEN filed a request for due process asserting claims that the District denied S.M. a

15    FAPE for the 2005 extended school year and 2006-2007 school year.

16    On or about March 7, 2007 plaintiffs S.M. and ALLEN attended mediation relating to their

17    OAH complaint, which resulted in a signed settlement agreement resolving all issues pertaining to

18    the provision of a FAPE up through and including the 2006-2007 school year. The release contains

19    an explicit waiver and release of any and all education related claims, including claims under the

20    IDEA. Now plaintiffs S.M. and ALLEN reassert the same claims previously dismissed by Judge

21    Wilken and previously resolved by way of a settlement agreement. The clear and unambiguous

22    release bars plaintiffs S.M. and ALLEN from re-litigating these issues in the present lawsuit.

23    Moreover, plaintiffs S.M. and ALLEN's First, Fourth, Eighth and Eeleventh causes of

24    action brought under 42 U.S.C. §1983 fail to state a claim upon which relief may be granted

25    because the statutory rights alleged to have been violated in those causes of action may not be

26    vindicated under §1983 due to their own comprehensive enforcement scheme.

27    Plaintiff P.M., alleging race based discrimination, brings §1983 claims in his First, Fourth

28    and Eleventh Causes of Action but fails to specify the right he premises these claims upon.  He

1   cannot maintain a §1983 without identifying an underlying constitutional right. In addition, P.M.

2   seeks the protections of Title VI and the Equal Protection Clause in the Fourth and Eleventh Causes

3   of Action, but fails to name the appropriate enforcement mechanisms. P.M. also does not allege

4   that he was treated differently than others similarly situated as him. These omissions render his

5   claims subject to dismissal.

6        P.M. also brings claims under several federal disability statutes, such as Section 504 of the

7   Rehabilitation Act, the Americans with Disabilities Act and the IDEA. However, P.M. is not a

8   disabled individual, nor does he allege that he is disabled under those acts, and he cannot invoke

9   the protections of those acts. P.M. cannot claim disability harassment, the tenth cause of action,

10  because he is not a disabled individual. Nor does P.M. have standing to seek injunctive relief for

11  defendants' failure to train, as contained in the Eighth Cause of Action, because he claims he is no

12  longer a student at DISTRICT. Further, P.M. fails to allege that he was engaged in any protected

13  activity and he cannot state a claim for retaliation under any legally cognizable theory.

14       Moreover, because the Court lacks subject matter jurisdiction over each of the plaintiffs'

15  federal law claims, the Court cannot assert supplemental jurisdiction over plaintiffs state law claims

16  of negligence, "tortuous [sic] conduct of employees" and emotional distress. To the extent this

17  Court can exercise jurisdiction over plaintiffs' state law claims for negligence, "tortuous" [sic]

18  conduct of an employee and "emotional distress, these claims fail to state a claim upon which relief

19  may be granted. Specifically, each of plaintiffs' tort law claims lacks specificity and fails to state

20  statutory authority upon which it is based. Moreover, plaintiffs' "tortuous" [sic] conduct of an

21  employee" claim is not cognizable under California law, and plaintiffs' "emotional distress" claim

22  is brought by improper plaintiffs and alleged against improper defendants.

23       Moreover, plaintiffs' claims against the DISTRICT and the individual defendants in their

24  official capacities are improper in that these defendants are immune from §1983 claims for money

25  damages and from state law claims under the 11th Amendment of the United States Constitution.

26       Finally, in the alternative, plaintiffs' complaint is so vague and ambiguous that defendants

27  cannot form a response and therefore defendants move for a more definite statement.

28              **II.    STATEMENT OF ISSUES TO BE DECIDED**

1          Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a

2    statement of the issues to be decided by the Court:

3          1)       Whether plaintiffs S.M.' and ALLEN's education related federal claims are barred

4    by the parties' mediated settlement agreement.

5          2)       Whether plaintiffs S.M. and ALLEN's First, Fourth, Eighth and Eleventh Causes of

6    Action under §1983 fail to state a claim upon which relief may be granted as the rights sought to be

7    vindicated have independent enforcement schemes.

8          3)       Whether P.M's §1983claims in the First, Fourth and Eleventh Causes of Action fail

9    to state a claim upon which relief may be granted for failure to identify the right enforced.

10         4)       Whether P.M.'s claims in the Fourth and Ninth Causes of Action fail to state a claim

11   because P.M. failed to allege he was treated differently than others similarly situated and Title VI

12   does not provide for a private cause of action for disparate treatment.

13         5)       Whether P.M's claims in the First, Second, Third, Fourth, Eighth, Ninth, Tenth and

14   Eleventh Causes of Action fail to state a claim because P.M. has not alleged a disability.

15         6)       Whether P.M.'s Eleventh Cause of Action for Retaliation fails to state a claim

16   because he was not engaged in a protected activity.

17         7)       Whether P.M. has standing to request injunctive relief.

18         8)       Whether defendants are entitled to immunity under the 11th Amendment.

19         9)       Whether the Court has discretion to exercise supplemental jurisdiction over

20   plaintiffs' state law claims, and whether those claims fail to state a cause of action.

21         10)      Whether plaintiffs' complaint is so vague and ambiguous that a more definite

22   pleading is required.

23                        III.    STATEMENT OF FACTS

24         Plaintiffs' complaint is asserted on behalf of two minor plaintiffs, S.M. and P.M., and their

25   mother, ALLEN.  Despite the fact that S.M. has alleged disability related discrimination, and P.M.

26   has alleged completely unrelated race based discrimination, and despite the fact that many of the

27   causes of action are based solely on disability discrimination related statues, the complaint appears

28   to assert each of the eleven causes of action on behalf of each plaintiff.

1   Due to the entirely separate and distinct nature of the individual plaintiffs' claims, and the

2   existence of separate defenses to those claims, defendants will attempt to state the relevant facts,

3   claims and arguments for dismissal pertaining to each plaintiff separately.

4   **a.    SUMMARY OF RELEVANT FACTS PERTAINING TO S.M. AND ALLEN**

5   Plaintiff S.M. was enrolled at Hercules Middle High School in the DISTRICT on

6   September 1, 2005 (Complaint at ¶13. This lawsuit concerns events which took place during the

7   2005-2006 school year, as well as unspecified events that took place in "early 2007". (Complaint

8   at ¶19,25) S.M. was diagnosed as having a learning disability and was being educated pursuant to

9   an IEP while attending school in the DISTRICT. (Complaint at ¶4) The complaint alleges that

10  defendants failed to "identify S.M.'s special education needs and create an I.E.P. and behavior plan

11  for him…, and failed to make "accommodations for his disability for a part or all of the 2005-2006

12  fall semester". (Complaint at ¶19, 20) Plaintiffs further allege S.M. was "discriminated against,

13  treated negatively, constantly disciplined and suspended because he displayed symptoms of his

14  disability" and was "physically, emotionally and mentally abused and traumatized" as a result.

15  (Complaint at ¶17)

16  Plaintiffs S.M. and ALLEN previously brought a substantially similar lawsuit (the "original

17  complaint") on October 26, 2006 in the matter of *S.M. vs. West Contra Costa Unified School*

18  *District*, Case No. C06-6653. (See Defendants' Request to Take Judicial Notice, Request No. 1.)

19  The original lawsuit, which did not include any reference to plaintiff P.M., brought nearly identical

20  claims against the DISTRICT and its current and former employees for conduct that occurred

21  during the 2005-2006 school year. All ten causes of action contained in the original complaint are

22  repeated in the instant complaint, with the only new cause of action being a vague and ambiguous

23  claim under §1983.

24  The original complaint was dismissed by the Honorable Claudia Wilken by Order dated

25  January 10, 2007. (See Defendants' Request to Take Judicial Notice, Request No. 2.) In her order

26  of dismissal, Judge Wilken found that plaintiffs S.M. and ALLEN's alleged injuries in the original

27  complaint could be redressed by the IDEA's administrative procedures and remedies, and therefore

28  dismissed the complaint for failure to exhaust administrative remedies. (See Defendants' Request

1  to Take Judicial Notice, Request No. 2, Order of Dismissal of Judge Wilken; See also *S.M. v. West*

2  *Contra Costa Unified School District* 2007 U.S. Dist. LEXIS 5280 (January 10, 2007).)

3          Defendants here also assert a factual attack on plaintiffs' complaint and in support of its

4  12(b)(1) motion to dismiss through its request for judicial notice/declaration of STEVE COLLINS,

5  and provide the following additional facts not contained on the face of the complaint. Alternatively,

6  defendants present these facts in support of their 12(b)(6) motion to dismiss based upon their

7  crucial and intentional omission from plaintiffs' complaint. On December 22, 2006, prior to the

8  dismissal of the original complaint by Judge Wilken, and likely in response to the DISTRICT's

9  argument in its motion to dismiss the original complaint on the grounds that plaintiffs failed to

10 exhaust administrative remedies, plaintiffs S.M. and ALLEN filed a request for due process before

11 the Office of Administrative Hearings, claiming that S.M. was denied a FAPE during the 2005

12 extended school year and 2006-2007 school year. (See Defendants' Request to Take Judicial

13 Notice, Request No. 3/Declaration of COLLINS in support of Motion to Dismiss, Ex. A.)[1] On or

14 about December 26, 2006, the OAH acknowledged receipt of S.M.'s due process complaint dated

15 December 22, 2006, assigned the matter OAH No. N2006120794, and assigned the matter for a

16 hearing. (See Defendants' Request to Take Judicial Notice, Request No. 4/Declaration of

17 COLLINS in support of Motion to Dismiss, Ex. B.)

18          On or about March 7, 2007, the parties resolved the OAH complaint by way of a mediated

19 "Final Settlement Agreement and Release" dated March 7, 2007, resulting in dismissal of OAH

20 Case No. N2006120794. (See Defendants' Request to Take Judicial Notice, Request No.

21 5/Declaration of COLLINS in support of Motion to Dismiss, Ex. C.) The release fully resolved all

22 issues relating to and arising from the provision of special education services through "the date of

23 _____

24 [1] Defendants have requested this Court take judicial notice of certain documents in support of its motion to dismiss, and
   alternatively provided these documents by way of declaration to establish their authenticity. For a 12(b)(1) factual

25 attack on a complaint, the Court may consider extrinsic evidence. *Safe Air for Everyone* 373 F.3d 1035, 1039 (9th Cir.
   2004). In a 12(b)(6) motion to dismiss, the Court may consider documents, the authenticity of which is not questioned,

26 that are crucial to the plaintiffs' claims if mention of the document is deliberately omitted from the complaint. See,
   *Stephen H. v. W. Contra Costa County Unified School District.*, 2007 U.S. Dist. LEXIS 41672 , footnote 2 (N.D. Cal.

27 May 24, 2007) . Here, plaintiffs appear to have deliberately omitted mention of their due process complaint and
   resulting settlement agreement which bars their federal claims.

28

the individualized education program ("IEP") team meeting provided for herein." (*See* Final Settlement Agreement and Release, page 1.) That IEP meeting was to take place within thirty days of the signing of the final settlement agreement, in April of 2007. (See Final Settlement Agreement and Release, Section 4.c.)

The March 7, 2007 Final Settlement Agreement and Release contains the following general release:

## GENERAL RELEASE AND DISCHARGE

Petitioner hereby fully releases and discharges each other from all claims, damages, liabilities, rights and complaints of whatever kind or nature arising from or related to Student's educational program through the date of the IEP team meeting provided for herein.

This release and discharge precludes Petitioner and anyone acting on behalf of Petitioner from hereafter initiating or maintaining any actions or proceedings, other than proceedings to enforce this Agreement, arising from or related to Student's educational program through the date of execution of this Agreement.

This release and discharge applies to any action or proceeding based on any state or federal statute, regulation, case decision, or common law including, but not limited to, claims under the Individuals with Disabilities Education Act (20 U.S.C. § 1400, et seq.), 42 U.S.C. section 1983, Section 504 of the Rehabilitation of Act of 1973 (29 U.S.C. § 732), the Americans with Disabilities Act (42 U.S.C. § 12101), California Education Code § 56000, et seq., and *School Committee of the Town of Burlington v. Dept. of Ed.,* 471 U.S. 359, 105 S. Ct. 1996 (1985). However, this release and discharge does not apply to state tort claims.

(See Final Settlement Agreement and Release, Section 4.c.)

Despite the explicit general release language in the Final Settlement Agreement and Release, plaintiffs P.M. and ALLEN have re-filed a near identical lawsuit against defendants, asserting claims previously asserted and dismissed and subsequently explicitly waived in the parties March 7, 2007 Agreement.

### b.     SUMMARY OF RELEVANT FACTS PERTAINING TO P.M.

Plaintiff P.M. alleges he was African–American student in the DISTRICT "during the times these causes of action arose" and that after his mother, ALLEN, began making complaints regarding the treatment of S.M., DISTRICT staff harassed P.M. in retaliation and due to his race.

1  P.M. further alleges that the claimed harassment created a hostile environment and caused him to

2  transfer school districts.

3  ## IV.    **LEGAL ARGUMENT**

4  **A.    AUTHORITY FOR MOTION**

5  Rule 12(b)(1) provides that a court may dismiss a claim over which the Court lacks subject

6  matter jurisdiction.  In deciding a 12(b)(1) motion, the Court may look to the face of the complaint

7  or beyond the complaint to evidence properly presented to the court.  *Savage v. Glendale Union*

8  *High School* 343 F.3d 1036 (9th Cir. 2003).

9  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the

10  complaint. *Levine v. Diamanthuset* 950 F.2d 1278, 1483 (9th Cir. 1991).  Dismissal of claims is

11  proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts

12  alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.* 901 F.2d 696, 699

13  (9th Cir. 1990).  In determining the adequacy of a pleading, the court must determine whether

14  plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true.

15  *Conley v. Gibson* 355 U.S. 41, 45-46 (1956); *De La Cruz v. Tormey* 582 F.2d 45, 48 (9th Cir.

16  1978).  However, the Court is not required to accept "conclusory legal allegations cast in the form

17  of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."

18  *Clegg v. Cult Awareness Network* 18 F.3d 752, 754-55 (9th Cir. 1994.)

19  Rule 12(e) provides that "A party may move for a more definite statement of a pleading to

20  which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

21  reasonably prepare a response. The motion must be made before filing a responsive pleading and

22  must point out the defects complained of and the details desired."

23  **B.    THE COURT LACKS SUBJECT MATTER JURISDICTION AND PLAINTIFFS'**
    **COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE**
24  **GRANTED AS TO S.M.'s AND ALLEN's FIRST, SECOND, THIRD, FOURTH,**
    **EIGHTH, NINTH, TENTH AND ELEVENTH CAUSES OF ACTION BASED ON**
25  **FEDERAL STATUES AS THESE CLAIMS ARE BARRED BY THE PARTIES'**
    **MARCH 7, 2007 SETTLEMENT AGREEMENT**
26
    Plaintiffs S.M. and ALLEN attempt to reassert education related claims under federal law
27
    previously dismissed by the Court and previously resolved and released by a negotiated settlement
28

---

1    agreement. This March 7, 2007 Final Settlement and Release contains a provision explicitly

2    waiving any and all claims "arising from or relating to" plaintiff S.M.'s educational program.

3    Here, plaintiff S.M.'s claims, and ALLEN's derivative claims, clearly arise from and relate to

4    S.M's educational program. Accordingly, each of plaintiffs' education related federal claims in this

5    lawsuit are subject to dismissal.

6         First, plaintiffs' complaint, on its face, irrefutably establishes that S.M.'s federal claims,

7    brought under various disability related statues, constitute claims arising from or related to S.M.'s

8    educational program. A cursory review of the complaint reveals that it is substantially similar to the

9    original complaint previously filed on by S.M. and ALLEN in October of 2006 based on education

10   related claims. In the instant lawsuit, plaintiffs not only reassert the same ten causes of action

11   previously asserted in 2006, but repeat verbatim the vast majority of the factual allegations, adding

12   only a few new allegations. (See Plaintiffs' Complaint, ¶21, 22, 24 and 25).  Both the original and

13   instant complaint allege conduct that occurred while S.M. was a student at Hercules Middle School

14   beginning on September 1, 2005, and therefore necessarily arise from and relate to S.M.'s

15   educational program.

16        The specific allegations in the complaint upon which plaintiffs' federal claims are based

17   further reinforce the fact that plaintiffs' federal claims arise out of and relate to S.M.'s educational

18   program and enrollment in the DISTRICT.  For example, S.M. asserts the following allegations

19   which center on the alleged failure of defendants to provide a FAPE:

20   > S.M.'s special education needs were not recognized or met within the district.
     > Because his needs were improperly dealt with and ignored, S.M.'s disability
21   > manifested itself and became worse, and he suffered grave emotional harm and
     > physical abuse. (Complaint at ¶14.)
22

23   > Plaintiffs' allege that defendant WCCUD [sic] by its pattern and practices do not
     > comply with I.E.P.'s and make little effort to implement IEP's in a manner useful to
24   > the student and instead focus on discipline. (Complaint at ¶28.)

25   > Defendants failed to properly develop and follow the I.E.P. for Plaintiff S.M. as
     > required by IDEA.  As a result, plaintiff received no educational benefit from
26   > placement in regular classes of Defendant school system and has not been provided
     > with a free and appropriate public education. (Complaint at ¶82.)
27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT     10

1      The above allegations clearly establish that plaintiffs' federal claims, all brought pursuant to
2  the IDEA and other disability related statues, not only relate to S.M's "educational program", but in
3  fact pertain solely to S.M.'s "educational program".

4      Second, even if the instant complaint on its face did not definitely establish that S.M. and
5  ALLEN's current claims are related to S.M.'s educational program, this question has already been
6  answered by the Court. By order dated January 10, 2007, the Honorable Claudia Wilken dismissed
7  plaintiff S.M.'s original complaint for failure to exhaust administrative remedies, finding that
8  S.M.'s claims pertaining to conduct and events at Hercules Middle School beginning on September
9  1, 2005 (the same conduct complained of in the instant lawsuit) were seeking relief available under
10 the IDEA, and therefore subject to exhaustion requirements. It necessarily follows that these claims
11 previously subject to exhaustion under the IDEA relate to and arise from plaintiffs' educational
12 program. Judge Wilken's order dismissing the case, and her finding that S.M.'s alleged
13 claims/injuries in the original complaint could be redressed by the IDEA's administrative
14 procedures and remedies, is controlling on the issue of whether the claims asserted herein are
15 related to "Student's educational program".  Clearly, claims previously found to be subject to
16 exhaustion and subject to redress by the IDEA are related to S.M.'s "educational program", and
17 Judge Wilken's ruling should be considered analogous to the law of the case.

18     Third, plaintiffs' December 22, 2006 due process complaint filed with the OAH alleging a
19 denial of FAPE during the 2005-2006 school year and 2006-2007 school year, filed prior to the
20 dismissal of their original federal court complaint, and likely in response to defendants motion to
21 dismiss that complaint, serves as a tacit admission by plaintiffs that their claims in both the original
22 lawsuit and the instant lawsuit were "education related."

23     The allegations contained in the instant complaint, coupled with Judge Wilken's prior ruling
24 and plaintiffs' own due process complaint with the OAH leave no question that plaintiffs' claims in
25 the instant lawsuit arise from and relate to S.M.'s "educational program."

26     Likewise, there is no question that these education related claims were resolved by the
27 parties after the filing of that due process complaint in the parties' March 7, 2007 mediated Final
28 Settlement Agreement and Release. That Agreement, which was signed by both ALLEN and

1  ALLEN and S.M.'s attorney, contains a release of all claims "through the date of the individualized

2  education program ("IEP") team meeting provided for herein." The March 7, 2007 Final Settlement

3  Agreement clearly bars the federal claims asserted here, and contains an explicit waiver of any

4  claims under the IDEA, 42 U.S.C. §1983, the ADA and Section 504 of the Rehabilitation Act. To

5  hold otherwise would serve to eradicate the protections afforded defendants in a release, and serve

6  as a clear disincentive to settlement of any due process hearing.

7         Moreover, the purpose of a settlement agreement is to resolve all pending issues between

8  the parties in dispute. To accomplish that goal, agreements typically include a release of all claims,

9  known or unknown, which were or could have been brought in the underlying proceeding. The

10  Ninth Circuit recognizes the validity of such releases in negotiated settlement agreements absent

11  evidence of fraud, duress or failure of informed consent. *Pardi v. Kaiser Foundation*, 389 F.3d 840

12  (9th Cir. 2004). "[A] release is the 'abandonment, relinquishment or giving up of a right or claim to

13  the person against whom it might have been demanded or enforced…and its effect is to extinguish

14  the cause of action.'" *Marder v. Lopez* 450 F.3d 445, 449 (9th Cir. 2006).

15         In *Pardi*, a doctor entered into a settlement agreement with his former employer wherein he

16  agreed to waive all claims under the ADA which took place prior to the execution of the agreement.

17  *Id.* At 845. The doctor later filed suit against the employer in district court, allegiant violation of

18  the ADA and various state law claims. The Ninth Circuit affirmed the district court's grant of

19  summary judgment for the employer with regard to the waiver of pre-settlement ADA claims.

20  Specifically, the Ninth Circuit held that the settlement agreement was fully enforceable because the

21  doctor had failed to establish that the agreement was procured by "fraud, duress, failure of

22  informed consent, or any other basis that would render it invalid." *Id.* At 848.

23         Plaintiffs S.M. and ALLEN here have inexplicably re-alleged in their complaint education

24  related federal claims previously asserted, and previously released by the parties' March 7, 2007

25  Final Settlement Agreement and Release, and have done so with nary a mention of the Final

26  Settlement Agreement. This Court should enforce the unambiguous terms of that Final Settlement

27  Agreement and dismiss plaintiffs' federal claims asserted herein.

28

C.    **PLAINTIFFS S.M. AND ALLEN's FIRST, FOURTH, EIGHTH AND ELEVENTH CAUSES OF ACTION, ARE SUBJECT TO DISMISSAL PURSUANT TO RULE 12(B)(6) ON THE SEPARATE AND INDEPENDENT GROUND THAT THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Plaintiffs S.M. and ALLEN's First, Fourth, Eighth and Eleventh causes of action appear to be brought under 42 U.S.C. §1983. While §1983 permits individuals to enforce rights conferred by federal laws, "an alleged violation of federal law may not be vindicated under §1983 where Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme. *Vinson v. Thomas* 288 F.4d 1145, 1155 (9th Cir. 2002).

Plaintiffs S.M. and ALLEN's First Cause of Action is simply titled "Section 1983 Claims". However, plaintiffs fail to identify a constitutional or statutory provision they allege was violated, stating only that unspecified defendants deprived plaintiffs of their rights "under the laws of California and the United States Constitution". Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). "One cannot go into court and claim a "violation of § 1983" -- for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617 (1979). Absent specification of the specific right violated, and because §1983 does not itself grant ay substantive rights, plaintiffs unspecified claim should be dismissed. See *Alex G. v. Bd. of Trs. of Davis Joint Unified Sch. Dist.* 332 F.Supp. 2d 1315, 1316-17 (E.D. Cal. 2004) Alternatively, it appears that any §1983 claims asserted on behalf of S.M. are being asserted under the IDEA or Section 504 of the Rehabilitation Act and therefore are subject to dismissal for the reasons set forth below.

Plaintiffs S.M. and ALLEN's Forth Cause of Action is brought under §1983 and appears to allege that plaintiffs were deprived of their rights under Section 504 of the Rehabilitation Act and Title VI. As to plaintiffs' Title VI claim, 42 U.S.C. §2000d provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." To establish the elements of a prima facie case under Title VI, a

1  complaining party must demonstrate that his/her race, color, or national origin was the motive for

2  the discriminatory conduct." *Thompson by & through Buckhanon v. Bd. of Special Sch. Dist. No.*

3  *1,* 144 F.3d 574, 581 (8th Cir. 1998). Here, plaintiffs S.M. and ALLEN fail to allege that S.M. was

4  discriminated against because of his race, color or national origin, and therefore their claim under

5  Title VI fails to state a claim upon which relief may be granted. As to plaintiffs' Section 504 Claim,

6  the Ninth Circuit, in *Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir. 2002) held that, due to the

7  comprehensive remedial structure of the statutes, plaintiffs may not vindicate rights created by Title

8  II of the ADA or Section 504 of the Rehabilitation Act through a §1983 action.

9      Plaintiffs' Eighth Cause of Action entitled "Failure To Train" is likewise brought under

10  §1983 and appears to allege a violation of 20 U.S.C. 1400 of the IDEA, although it further alleges

11  disregard of plaintiffs rights "under the IDEA and Title VI". (Plaintiff's Complaint Par. 115).  The

12  Ninth Circuit recently addressed whether §1983 claims based on liability for violations of the IDEA

13  are precluded, and joined several California District Courts and several sister circuits in finding that

14  the IDEA's comprehensive enforcement scheme precludes §1983 liability predicated upon the

15  IDEA. *Blanchard v. Morton Sch. Dist.,* 2007 U.S. App. LEXIS 27940 (9th Cir. Wash. Dec. 3,

16  2007), *petition for cert. filed* (Dec. 18, 2007) (No.07-825).  See also; *Padilla v. School Dist. No. 1*

17  233 F.3d 1268, 1272-74 (10th Cir. 2000); *Diaz-Fonseca v. Puerto Rico* 451 F.3d 13, 28-29 (1st Cir.

18  2006); *Alex G. v. Bd. of Trs. of Davis Joint Unified Sch. Dist. supra* at 1317.

19      Likewise, plaintiffs' Eleventh Cause of Action under §1983 is subject to dismissal as

20  plaintiffs have failed to identify the particular right under the ADA they claims were violated.[2]

21  **D.   PLAINTIFF P.M.'s §1983 CLAIMS IN THE FIRST, FOURTH AND ELEVENTH**
22  **CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE P.M. FAILS TO**
      **IDENTIFY THE SPECIFIC RIGHT HE SEEKS TO ENFORCE.**

23      Defendants infer from the vague and ambiguous complaint that plaintiff P.M. brings the

24  following claims under section 1983: First Cause of Action, entitled "Section 1983 claims"; Fourth

25

26  _____

27  [2] *Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir. 2002) appears to hold that a plaintiff may not bring a claim under claim under §1983 predicated on a violation of Title II of the ADA. Here, plaintiff fails to specify under which Title of the ADA her claim is based, which constitutes a separate ground for dismissal.

28

1   Cause of Action, entitled "Section 504 of the Rehabilitation Act of 1973, Title VI and 42 U.S.C.

2   Section 1983; and Eleventh Cause of Action, entitled "Retaliation, ADA, Section 1983."

3         To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that

4   a right secured by the Constitution or laws of the United States was violated and (2) that the alleged

5   violation was committed by a person acting under color of state law.  See *West v. Atkins*, 487 U.S.

6   42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).  Asserting free-

7   standing causes of action for violation of a constitutional amendment elsewhere in the complaint

8   does not successfully state a claim within the meaning of F.R.C.P. Rule 8.  See *Foley v. Bates*,

9   2007 U.S. Dist. LEXIS 27390, 23-24 (D. Cal. 2007).

10         Here, plaintiff P.M. fails to establish the first essential element of a §1983 claim.  The vague

11   and scattered complaint fails to identify any right that plaintiff P.M. seeks to enforce and he

12   therefore fails to state a claim upon which relief can be granted.  Instead, plaintiff makes only

13   conclusory allegations that defendants "acting under color of law and in concert with one another,

14   have violated plaintiffs' rights secured by the constitution and federal and state laws."

15         Plaintiff is an African-American and that is the only protected class he alleges he is a

16   member of.  The only mention of any specific rights related to P.M.'s race can be found in the

17   Fourth Cause of Action for Title VI and the Ninth Cause of Action for "Americans With

18   Disabilities Act, Equal Protection Clause and 29 U.S.C. 794/ TITLE VI Violations."  To the extent

19   that the mere mention, in the heading for a cause of action, of Title VI and the Equal Protection

20   Clause can be construed to invoke their protections for a §1983 claim, the First Cause of Action

21   should be dismissed for failure to state a claim because only prior allegations are incorporated.  The

22   First Cause of Action does not encompass the Fourth Cause of Action's reference to Title VI or the

23   Ninth Cause of Action's reference to the Equal Protection Clause.

24         These passing references should not be deemed sufficient to state a legally cognizable claim

25   under the Fourth Cause of Action and the Eleventh Cause of Action for a Section 1983 claim in any

26   case because the allegations fail to identify the type of violation (disparate treatment or disparate

27   impact) or the provisions plaintiff claims were violated.  Further, the Eleventh Cause of Action

28   clearly seeks to state a retaliation claim, not an Equal Protection Clause claim, the insufficiency of

1  which is addressed in full below.

2  **E.  P.M.'S FOURTH AND NINTH CAUSES OF ACTION FAIL TO STATE A CLAIM BECAUSE HE FAILS TO ALLEGE HE WAS TREATED DIFFERENTLY THAN OTHERS SIMILARLY SITUATED AND TITLE VI DOES NOT PROVIDE FOR A PRIVATE CAUSE OF ACTION BASED ON DISPARATE TREATMENT.**

3

4

5          Plaintiff P.M.'S Fourth Cause of Action purportedly brings a claim under Section 504 of the

6  Rehabilitation Act of 1973, Title VI and 42 U.S.C. Section 1983.  The only allegations describing

7  the nature of the violation can be found in paragraph 88: "Defendants effectively denied Plaintiff

8  [sic] S.M. and P.M. the full benefits of the schools [sic] programs and activities that were available

9  to other students."  The Ninth Cause of Action is entitled "Americans With Disabilities Act, Equal

10  Protection Clause and 29 U.S.C. 794/TITLE VI Violations."  Because the allegations are unclear,

11  defendants infer that P.M. claims defendants' actions violated Title VI and the Equal Protection

12  Clause due to plaintiff's race, as he has not alleged he is disabled.

13          An individual may bring a claim for disparate treatment in violation of the equal protection

14  clause under §1983 by alleging that persons similarly situated to plaintiff, who are not in the same

15  protected class, were treated differently.  *Ventura Mobilehome Comm. Owners Ass'n v. City of San*

16  *Beunaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004).  However, the Supreme Court has explicitly

17  held that there is no private right of action for disparate impact under Title VI.  *Alexander v.*

18  *Sandoval*, 532 U.S. 275, 293 (U.S. 2001).

19          P.M. does not specify in what manner he seeks to enforce his rights under the Equal

20  Protection Clause.  Indeed, he does not specify how the Equal Protection Clause applies to him, nor

21  does he cite §1983 as the mechanism of enforcement.  However, assuming that P.M. claims

22  defendants' actions violated the Equal Protection Clause because defendants were improperly

23  motivated by race, he does not allege that there were other persons similarly situated, who were not

24  in the same protected class, that were treated differently.  Paragraph 88 makes an ambiguous

25  reference to "other students," which is not a protected class under Title VI or Section 1983.

26  Although P.M. alleges in paragraph 123 that he received "lesser benefit than was given to others"

27  he does not state that these "others" were similarly situated to him.  Therefore, he fails to state a

28  claim for which relief may be granted and these claims should be dismissed.

In regards to P.M.'s purported Title VI claim under the Fourth Cause of Action and the Ninth Cause of Action, it is unclear which provision of Title VI he seeks to enforce, which itself is grounds to dismiss this cause of action for failure to state a claim. However, to the extent that P.M. claims defendants' actions resulted in disparate impact in violation of Title VI, no such right of action exists and claims based on this theory should be dismissed.

**F.    P.M. IS NOT A DISABLED INDIVIDUAL AND THEREFORE HIS CLAIMS UNDER THE FIRST, SECOND, THIRD, FOURTH, EIGHTH, NINTH, TENTH AND ELEVENTH CAUSE OF ACTION SHOULD BE DISMISSED WITH PREJUDICE.**

Plaintiffs' failure to identify which of their claims is being brought on behalf of which plaintiff renders the complaint almost impossible to decipher. However, to the extent the First, Second, Third, Fourth, Eighth, Ninth, Tenth and Eleventh causes of action are being asserted on behalf of P.M., each of these claims, brought under disability related statutes, must be dismissed.[3]

In order to state a claim under Section 504 of the Rehabilitation Act, a plaintiff must alleged (1) he is disabled under the Act; (2) he is otherwise qualified for the benefit or services sought; (3) he was the denied benefits or services, or otherwise subjected to discrimination solely because of his disability; and (4) the program providing the benefit or services received federal financial assistance. *Weinreich v. Los Angeles County Metropolitan Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). The requirements to state a claim under the ADA are identical to a Sec. 504 claim. *Id.*

A claim for disability harassment, such as the Tenth Cause of Action appears to assert, generally arises in the employment context and may be considered to create a hostile work environment. The elements of a hostile work environment allegation are: (1) the employee is a member of a protected class; (2) the employee has been subjected to unwelcome harassment; (3) the harassment is based on the protected characteristic; and (4) the harassment has affected a term or condition of employment. *Fuller v. City of Oakland*, 47 F.3d 1522 (9th Cir. 1995). If plaintiff is not disabled under the definition of the ADA, he cannot make out a prima facie case of disability

---

[3] The complaint states "plaintiff" or "plaintiffs" indiscriminately, and therefore defendants can only assume each claim is being brought on behalf of each plaintiff.

1  harassment. *Beaulieu v. Northrop Grumman Corp.*, 161 F. Supp. 2d 1135, 1144 (D. Haw. 2000).

2         Although the third, eighth, and tenth causes of action are unclear as to whether they are

3  brought on behalf of P.M., the use of the word "plaintiffs" warrants their inclusion in this argument.

4  However, P.M. has failed to allege he is disabled. All of the causes of action premised on the

5  protection of an individual's status as a disabled person simply do not apply to P.M. The second,

6  third, fourth, ninth, tenth and eleventh causes of action are based in whole, or in part, on a

7  plaintiff's status as a disabled individual. As P.M. is not disabled, he is unable to cure this defect

8  and these causes of action as to plaintiff P.M. should be dismissed without leave to amend.

9  **G.    P.M.'S ELEVENTH CAUSE OF ACTION FOR "RETALIATION" IS SUBJECT TO**
10      **DISMISSAL BECAUSE HE WAS NOT ENGAGED IN ANY PROTECTED**
       **ACTIVITY**

11         The eleventh cause of action is entitled "Retaliation, ADA, Section 1983." A plaintiff

12  claiming retaliation under the ADA must show (1) that he engaged in a statutorily protected

13  activity, (2) that an adverse action was taken against him, and (3) a causal connection between the

14  adverse action and the protected activity. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir.

15  1999). Although the complaint is unclear as to what the §1983 claim for retaliation is based on, a

16  review of §1983 cases reveals that a plaintiff must be engaged in a protected activity in order to

17  successfully bring a retaliation claim. See, e.g. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985).

18         Here, the Eleventh Cause of Action for retaliation under the ADA must fail as to P.M.

19  because P.M. did not engage in any protected activity. There is no allegation that P.M. complained

20  on behalf of his brother about his alleged mistreatment due to S.M.'S disability. P.M. cannot carry

21  his prima facie burden for a retaliation claim under the ADA and this claim should be dismissed.

22         Moreover, the applicability of a §1983 retaliation claim to the facts of this case as alleged is

23  hazy. As discussed above, §1983 claims must be premised on the violation of a specific right.

24  There are no allegations that any of P.M.'s constitutional rights were violated. To the extent that

25  P.M. is attempting to claim that defendants retaliated against him due to his race, simply being

26  African-American is not a protected activity upon which to base a claim of retaliation. P.M. has

27  failed to state a claim for retaliation under §1983.

28

**H.     P.M. DOES NOT HAVE STANDING TO REQUEST INJUNCTIVE RELIEF.**

"Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case." *Blair v. Shanahan*, 28 F.3d 1514, 1518 (9th Cir. 1994)(quoting *Burke v. Barnes*, 279 U.S. 361, 363 (1987)).  It is well-settled that when a student graduates, his claims for declaratory and injunctive relief against a school's policies and actions become moot because the student will no longer be compelled to participate in the protested activities or be subjected to the allegedly illegal policies and practices of the school. *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999).

Paragraph two in the prayer for relief requests injunctive and declaratory relief against the DISTRICT'S alleged failure to train and presumably relates to the Eighth Cause of Action.  P.M. alleges in paragraph 51 that he has transferred school districts.  Much like a student who graduates from school, he no longer will be subjected to the DISTRICT'S alleged illegal policies and practices.  P.M. does not have standing to request injunctive relief and the Eighth Cause of Action should be dismissed as to P.M. without leave to amend.

**I.     UNDER THE 11TH AMENDMENT, THE DISTRICT AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE IMMUNE FROM §1983 CLAIMS FOR MONEY DAMAGES AND FROM STATE LAW CLAIMS.**

The Eleventh Amendment bars claims in federal court against non-consenting states and their agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984).  Further, "the Eleventh Amendment bars suits against state officials in their official capacities when the relief sought is retrospective or compensatory in nature." *Han v. Department of Justice*, 45 F.3d 333, 338 (9th Cir. 2000).  Under California law, school districts are considered state agencies for the purposes of the Eleventh Amendment. *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 254 (1992).  As a result, a California school district is immune from suits for money damages under Section 1983. *Id.*  In addition, the Eleventh Amendment "precludes the adjudication of pendent state law claims against non consenting state defendants in federal courts." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  The California Tort Claims Act does not "contain a waiver of immunity which extends further than the California state courts." *Riggle v. California*,

1  577 F.2d 579, 585-586 (9th Cir. 1978); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092,

2  1100 n.4. (9th Cir. 2000)

3      In the instant case, plaintiffs bring a general claim under §1983 in their First Cause of

4  Action for violation of their rights under the laws of California and the United States Constitution

5  and request monetary damages.  The DISTRICT, as a state agency, and the individual defendants in

6  their official capacities are immune from this cause of action and it should be dismissed without

7  leave to amend.

8      Plaintiff also brings several state law claims:  Fifth Cause of Action, Negligence; Sixth

9  Cause of Action, Tortuous [sic] Conduct of Employee; and Seventh Cause of Action, Emotional

10  Distress.   The DISTRICT and the individual defendants in their official capacities have not

11  consented to suits in federal court and thus are immune from state law claims for money damages.

12  The Fifth, Sixth and Seventh Causes of Action against the DISTRICT and the individual

13  defendants in their official capacities should be dismissed without leave to amend.

14  **J.    THE COURT MAY NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER
     PLAINTIFFS' REMAINING STATE LAW CLAIMS DUE TO ITS LACK OF**

15  **SUBJECT MATTER JURISDICTION OVER THE COMPLAINT'S FEDERAL
     LAW CLAIMS**

16

17      In addition to the federal law claims asserted by plaintiffs under the IDEA, Title VI, Section

18  504 the ADA, 42 U.S.C. §1983, and the Equal Protection Clause, plaintiffs' complaint includes

19  three claims purporting to arise out of state law: (1) Negligence, (2) Tortuous [sic] Conduct of

20  Employee and Emotional Distress. Should the Court dismiss the federal claims as to plaintiffs for

21  the reasons set forth above, it must refuse to exercise supplemental jurisdiction over the state law

22  claims, dismissing them as well.

23      This Court's exercise of supplemental jurisdiction over plaintiffs' state law claims is a

24  matter of discretion, not right. *Goehring v. Wright*, 858 F.Supp. 989, 1006 (N.D. Cal. 1994) (citing

25  *Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 350 (1988)). In fact, "[i]f the federal claims are

26  dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims

27  should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

28  In other words, under 28 U.S.C. section 1367(c)(3), this Court "may decline to exercise

1  supplemental jurisdiction over ..." plaintiffs state law claims because, pursuant to the above

2  arguments, this Court should dismiss "all claims over which it has original jurisdiction," i.e.,

3  plaintiffs' federal claims. See 28 U.S.C. §§ 1331, 1367(a).

4      Pursuant to such authority, this Court should do just that, and dismiss plaintiffs fifth, sixth

5  and seventh state law claims. E.g., *Doe v. Benicia Unified Sch. Dist.*, 206 F.Supp.2d 1048, 1056-57

6  (E.D. Cal. 2002) (dismissing and remanding supplemental/pendent state law claims to state court

7  following dismissal of all federal claims in court's original jurisdiction*.)*

8  **K.    IN THE ALTERNATIVE, PLAINTIFFS' CLAIMS FOR "NEGLIGENCE,'**
   **"EMOTIONAL DISTRESS" AND "TORTOUS CONDUCT OF EMPLOYEE"**
9  **SHOULD BE DISMISSED FOR FAILURE TO STATE CLAIMS FOR WHICH**
   **RELIEF CAN BE GRANTED**
10

11      Even if this Court does not dismiss the entire complaint for lack of subject matter

12  jurisdiction and/or failure to state a claim as to plaintiffs' federal claims, it should dismiss each of

13  plaintiffs' state law claims for failure to state claims for which relief can be granted.

14      *1.    Plaintiffs' Claims For "Negligence", "Emotional Distress" and    "Tortuous*
       *Conduct of an Employee Are Subject To Dismiss*
15

16      Pursuant to Government Code § 815, "[a] public entity is not liable for an injury," "[e]xcept

17  as otherwise provided by statute." In *Eastburn v. Regional Fire Protection Authority,* 31 Cal.4th

18  1175 (2003) , the Supreme Court stated "[D]irect tort liability of public entities must be based on a

19  specific statute declaring them to be liable, or at least creating some specific duty of care, and not

20  on the general tort provisions . . . . Otherwise, the general rule of immunity for public entities

21  would be largely eroded by the routine application of general tort principles." *Id.* at 1183 (See,

22  e.g., *Zelig v. County of Los Angeles,* 27 Cal.4th 1112, 1131-1132 (2002); *Hoff v. Vacaville Unified*

23  *School Dist.*, 19 Cal.4th 925, 932 (1998).

24      Each of plaintiffs' three state law causes of action fails to state a statutory basis, and

25  therefore should be dismissed. Moreover, each of these causes of action lacks specificity, as they

26  fail to identify whether each defendant was acting in course and scope, and against which plaintiffs

27  the individual torts were committed against. *See Podesta v. City of San Leandro*, 2005 U.S. Dist.

28  LEXIS 45772 (N.D. Cal. 2005)

2.    *Plaintiffs' Claim For "Tortuous Conduct of an Employee is Vague, Ambiguous, Uncertain and Not Recognized by California Law*

Plaintiffs' assert a claim for "tortuous conduct of an employee" as the sixth cause of action in their complaint.  Plaintiffs allege that, beginning "on or about September 2004", they were the victims of "tortuous" [sic] conduct perpetrated by defendants.  This does not appear to be a cognizable cause of action in California.  Moreover, the claim appears to be based on a respondeat superior theory, however it is brought against both the DISTRICT and the individual defendants, and is further confusing on the grounds that it seems based on race and/or disability discrimination.  Defendants are at a loss as to the specific claim being asserted by plaintiffs, and their failure to assert a cognizable claim should result in dismissal of the claim.

3.    *Plaintiffs' Sixth Cause Of Action For "Tortuous [sic] Conduct of an Employee" Is Likewise Barred By The Two Year Limitations Period Applicable to Torts Under California Law*

California Code of Civil Procedure section 335.1 provides for a two-year statute of limitations for personal injuries.  C.C.P. § 335.1.  To the extent plaintiffs' Sixth Cause of Action is construed as a cognizable tort claim, the claim is time barred.  In paragraph 98 of their complaint, plaintiffs claim all defendants performed the following "tortuous conduct" beginning in September 2004:  "regular, pervasive and offensive embarrassment, insults, put downs, physical attacks by staff and discrimination" against plaintiffs S.M. and P.M.[4]  Plaintiffs' complaint was filed on November 16, 2007.  Pursuant to California Code of Civil Procedure section 335.1, plaintiffs may only recover for personal injuries sustained prior to November 16, 2005.  To the extent that the Sixth Cause of Action can be construed to allege that a DISTRICT employee committed torts that caused plaintiffs to suffer personal injuries, all actions that took place from September 2004 to November 16, 2005 are barred.  Moreover, tolling of a minor's statute of limitations is not an issue as plaintiff S.M. previously asserted a nearly identical claim in his original 2006 complaint.

4.    *Plaintiffs' Seventh Claim for "Emotional Distress" Is Subject To Dismissal*

---

[4] Plaintiffs' made an identical claim on behalf of P.M. and ALLEN in Par. 73 of the original complaint dismissed by Judge Wilken.

1    Plaintiffs' Seventh Cause of Action for "emotional distress" is subject to dismissal. First,

2  plaintiffs fail to specify the nature of their claim, as "emotional distress" alone is not a recognized

3  tort under California law. However, plaintiffs' allegations in Paragraphs 107-108 of the complaint

4  suggest an intentional infliction of emotional distress claim.

5    To the extent plaintiffs are asserting such a claim, the prima facie elements of intentional

6  infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the

7  intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the

8  plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of

9  the emotional distress by the defendant's outrageous conduct. *Potter v. Firestone Tire & Rubber*, 6

10  Cal.4th 965 (1993)

11    Plaintiffs allege no facts directly against defendants HARTER, COLLINS, JONES,

12  TALKEN and GREER that could possibly support a claim against them of intentional infliction of

13  emotional distress, and they are identified in the complaint primarily in their capacity as employees

14  of the DISTRICT only. (See Plaintiffs' Complaint, Pars. 9,11.). Plaintiffs' "emotional distress"

15  claims, to the extent they are construed as intentional infliction of emotional distress claims, should

16  be dismissed as to these defendants.

17    To the extent this claim is being asserted on behalf of ALLEN, it should be dismissed as to

18  all defendants, as there are no facts in the complaint that would support an intentional infliction of

19  emotional distress claim on her behalf. The allegations in plaintiffs' complaint pertaining to

20  conduct directed toward or related to ALLEN are Pars. 35, 38, 48, 109, 135, 139, and said

21  allegations contain nothing more than a claim of general stress by ALLEN and a further allegation

22  that defendants' actions caused ALLEN's "grades to plummet". The Seventh Cause of Action

23  itself contains no specific facts pertaining to conduct directly specifically towards ALLEN.

24  **L.    IN THE ALTERNATIVE, DEFENDANTS' MOVE THIS COURT FOR A MORE**

25  **DEFINITE STATEMENT**

26    Rule 12(e) provides that "A party may move for a more definite statement of a pleading to

27  which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

28  reasonably prepare a response. The motion must be made before filing a responsive pleading and

1  must point out the defects complained of and the details desired."

2      While defendants readily acknowledge that a motion for a more definite statement under
3  Rule 12(e) is a disfavored motion, here, plaintiffs' complaint is so deficient that a more definite
4  statement should be required. As an initial matter, plaintiffs have failed to identify which of the
5  eleven causes of action in the complaint pertain to which plaintiffs. This is particularly
6  confounding where one plaintiff asserts disability related discrimination, while another asserts
7  entirely unrelated claims of race based discrimination. Plaintiffs should be required to amend their
8  complaint to state which cause of action is being brought on behalf of which plaintiffs.

9      Moreover, plaintiffs fail to identify specifically under what legal theories they are
10 proceeding, such that applicable defenses and immunities cannot be determined. For instance,
11 plaintiffs' eleventh cause of action alleges retaliation and ADA under §1983 but fails to identify the
12 specific federal right being asserted or the specific Title under the ADA they are claiming was
13 violated. Plaintiffs' first cause of action alleges a §1983 claim but fails to cite a federal right upon
14 which it is based.

15     Similarly, plaintiffs' Fourth and Ninth Causes of Action allege Title VI violations, but fail
16 to state under which section of Title VI they are proceeding. Likewise, plaintiffs' Tenth Cause of
17 Action alleges "disability harassment" and references the ADA and unspecified "federal law".
18 Plaintiffs should be required to amend their complaint to identify the specific provisions of Section
19 504 of the Rehabilitation Act, the ADA and Title VI they claim were violated, and to identify the
20 specific constitutional rights under §1983 they claim were violated. *See Petersen v. California*
21 *Special Education Hearing Office* 2007 U.S. Dist. LEXIS 87137 (N.D.Cal. November 6, 2007)

22     Moreover, plaintiffs' entire complaint fails to allege relevant time periods of alleged
23 conduct as to S.M., stating that he was a student at Hercules Middle School on September 1, 2005,
24 that during the 2005-2006 fall semester he did not "receive accommodations for his disability."
25 Defendants are unable to file a response to these vague and ambiguous allegations, and cannot
26 determine whether such claims are time barred by the statute of limitations or barred by plaintiffs'
27 failure to timely file a government claim.

28     In addition, plaintiffs' complaint contains allegations of pattern and practice and seeks

1 "preliminary and permanent injunctive and declaratory relief; requiring WCCUSD to train its staff

2 on learning disabilities and modifications and racial discrimination and harassment." However,

3 plaintiffs' complaint does not appear to be being asserted as a class action. Defendants cannot

4 meaningfully respond to these apparent class wide allegations given the vague and ambiguous

5 nature of the pleadings and therefore seek a more definite statement in the form of clarification of

6 plaintiffs' failure to plead the matter as a class action while maintaining class related allegations.

7 *See Stephen H. v. W. Contra Costa County Unified School District.,* 2007 U.S. Dist. LEXIS 41672,

8 p.13 (N.D. Cal. May 29, 2007)

9      Finally, plaintiffs' "Prayer for Relief" seeks compensatory damages, injunctive relief and

10 punitive damages, without limitation as to claim or defendant. Each form of relief sought by

11 plaintiffs is not available against the DISTRICT as a public entity (i.e. no punitive damages for

12 state law claims under Cal. Gov. Code §818), and not available under several of the federal statutes,

13 such as the IDEA, cited by plaintiffs. However absent a claim by claim prayer for relief, defendants

14 are unable to respond to each claim for relief as to each cause of action.

15      Defendants respectfully submit that plaintiffs should be ordered to amend their complaint

16 and to cure the pleading deficiencies identified herein.

17                                **V. CONCLUSION**

18      For the foregoing reasons, defendants respectfully request plaintiffs' complaint be

19 dismissed in its entirety.

20 Dated: January 28, 2008                    BERTRAND, FOX & ELLIOT

21                                            By: _____

22                                            Michael C. Wenzel
                                             Attorneys for Defendants WEST CONTRA
23                                            COSTA UNIFIED SCHOOL DISTRICT,
                                             *erroneously sued as West Contra Costa*
24                                            *County Unified School District Financing*
                                             *Corporation,* WEST CONTRA COSTA
25                                            UNIFIED SCHOOL DISTRICT BOARD OF
                                             EDUCATION, BRUCE HARTER,
26                                            WENDELL GREER, STEVE COLLINS,
                                             DARLENE JONES, KEN TALKEN, GRAIG
27                                            CROSSLEY, and DOE NICHOLSON

28