THOMAS F. BERTRAND, ESQ., SBN 056560
MICHAEL C. WENZEL, ESQ., SBN 215388
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

*Attorneys for multiple Defendants (see signature
page for complete list of parties represented;
Civil L.R. 3-4(a)(1))*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| S.M, a minor by his parent and next friend Carol Allen, P.M. a minor by his parent and next friend Carol Allen and CAROL ALLEN | CASE NO. C07-05829 CRB |
| Plaintiffs, <br> vs. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT FINANCING CORPORATION a California Municipality, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, in their official capacities, BRUCE HARTER in his capacity as Superintendent and as an individual, WENDELL GREER, in his official capacity, and as an individual HARRY CULBERTSON as an individual and in his official capacity, STEVE COLLINS in his official capacity, DARLENE JONES in her official capacity, KEN TALKEN in his official capacity, GRAIG CROSSLEY as an individual and in his official capacity, DOE NICHOLSON, as an individual and DOES 1-10, | Complaint filed: November 16, 2007 |
| Defendants. | |

REQUEST FOR JUDICIAL NOTICE—MOTION TO DISMISS COMPLAINT
*S.M. v. West Contra Costa Unified School District, et al.* Case No. C07-05829 CRB

1       Defendants WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT

2   FINANCING CORPORATION, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT

3   BOARD OF EDUCATION, BRUCE HARTER, WENDELL GREER, STEVE COLLINS,

4   DARLENE JONES, KEN TALKEN, GRAIG CROSSLEY and DOE NICHOLSON,

5   (collectively "defendants"), by and through their attorneys, hereby request the court to take

6   judicial notice of the contents of the documents identified below pursuant to Federal Rule of

7   Evidence 201. Judicial notice of the first two documents, the Complaint for Case No. C06-6653

8   and January 10, 2007 Order, is appropriate as they are filings in this court. See *Burbank-*

9   *Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998);

10  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

11      Although documents 3 to 5 are not attached to the complaint, plaintiffs' complaint

12  necessarily relies on these documents, whose authenticity cannot be contested, and judicial

13  notice of them is appropriate regardless of whether the documents are referenced in the

14  complaint. See *Parrino v. FHP, Inc.*, 146 F. 3d 699, 706 (9th Cir. 1998).

15      Defendants' seek judicial notice of the contents of the following documents:

16    1) Complaint for Damages and Injunctive and Declaratory relief filed by plaintiffs Sean

17       M. and Carol Allen in the United States District Court for the Northern District of

18       California, Case No. C06-6653.

19    2) January 10, 2007 Order Granting Defendants' Motion To Dismiss the Complaint of

20       plaintiffs Sean M. and Carol Allen issued by the Honorable Claudia Wilken in Case

21       No. C06-6653.

22    3) Request for Due Process Hearing filed on behalf of plaintiff S.M. dated December 22,

23       2006.

24    4) Notice of Due Process Hearing and Mediation, OAH No. N2006120794, pertaining to

25       December 22, 2006 Request for Due Process Hearing filed on behalf of plaintiff S.M.

26    5) Final Mediation Agreement and Release dated March 7, 2007 in OAH Case No.

27       N2006120794.

28

1   The Court is advised that documents 3 to 5, the Request for Due Process Hearing, the

2   Notice of Due Process Hearing and Mediation, and the Final Medical Agreement and Release,

3   are attached as Exhibits A-C to the declaration of Steve Collins, filed herewith in support of

4   defendants' Motion to Dismiss.

5   Dated:  January 28, 2008                    BERTRAND, FOX & ELLIOT

6

7                                         By:  _____

8                                              Michael C. Wenzel
                                               Attorney for Defendants WEST CONTRA
                                               COSTA UNIFIED SCHOOL DISTRICT,
9                                              *erroneously sued as West Contra Costa
                                               County Unified School District Financing*
10                                             *Corporation,* WEST CONTRA COSTA
                                               UNIFIED SCHOOL DISTRICT BOARD
11                                             OF EDUCATION, BRUCE HARTER,
                                               WENDELL GREER, HARRY
12                                             CULBERTSON, STEVE COLLINS,
                                               DARLENE JONES, KEN TALKEN,
13                                             GRAIG CROSSLEY AND DOE
                                               NICHOLSON
14

15

16

17                     **Declaration of MICHAEL C. WENZEL**

18   I, Michael C. Wenzel, declare:

19       1.     I am an attorney licensed to practice before the United States District Court,

20   Northern District of California and before all of the courts of the State of California.  I am an

21   attorney with the law office of Bertrand, Fox & Elliot, attorneys of record for defendants herein.

22

23       2.     Attached hereto as Exhibit 1 is a true and correct copy of the Complaint for

24   Damages and Injunctive and Declaratory relief filed by plaintiffs Sean M. and Carol Allen in the

25   United States District Court for the Northern District of California, Case No. C06-6653.

26       3.     Attached hereto as Exhibit 2 is a true and correct copy of the January 10, 2007

27   Order Granting Defendants' Motion To Dismiss the Complaint of plaintiffs Sean M. and Carol

28

1  Allen issued by the Honorable Claudia Wilken in Case No. C06-6653.

2      I declare under penalty that the foregoing is true and correct and that this declaration was

3  executed this 28th day of January, 2008 in, San Francisco, California.

4

5

6  _____

7  Michael C. Wenzel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  NICOLE HODGE, Bar No. CA 215157
   P.O. Box 5100
2  Oakland CA 94605
   Telephone: (510) 569-3666
3  Email hodgend@aol.com

4

5

6  Attorneys for Plaintiffs

7

## UNITED STATES DISTRICT COURT

8

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  SEAN M,                                    Case No.:
    a minor by his parent and next friend
11  Carol Allen
    and
12  CAROL ALLEN                                COMPLAINT FOR DAMAGES AND
                         Plaintiffs,          INJUNCTIVE AND DECLARATORY
13  v.                                         RELIEF AND DEMAND FOR JURY
    WEST CONTRA COSTA COUNTY                   TRIAL; SUMMONS
14  UNIFIED SCHOOL DISTRICT FINANCING
    CORPORATION a California Municipality,     1) Discrimination in Federally Funded
15  WEST CONTRA COSTA UNIFIED SCHOOL           Programs
    DISTRICT BOARD OF EDUCATION , in           2) Individuals with Disability Education
16  their official capacities, BRUCE HARTER in his  3) Section 504 of the Rehabilitation Act of
    capacity as Superintendent, WENDELL        1973
17  GREER, in his official capacity, HARRY     4) Negligence
    CULBERTSON as an individual and in his     5) Tortous Conduct of Employee
18  official capacity, STEVE COLLINS in        6) Emotional Distress
    his official capacity, DARLENE JONES in her  7) Failure to Train
19  official capacity, KEN TALKEN in his official  8) Americans with Disabilities Act
    capacity and DOES 1-10                     9) Disability Harassment
20                   Defendants.

21

22

23

24

25  **INTRODUCTION:**

26      Sean, a minor by his parent and next friend Carol Allen, and Carol Allen as an individual

27  hereby assert the following claims against the defendants in the above entitled action.

28      1) violation of 29 U.S.C.A 794; Nondiscrimination Under Federally Programs

HODGE LAW
P.O. BOX 5100

2) 34 C.F.R. 104.33(a); 504 of the Rehabilitation Act of 1973

3) violation of 20 U.S.C. 1400; Individual with Disability Education Act

4) 34 C.F.R. Part 300, subsection 342 and 344

5) 42 U.S.C. 1983

6) 42 U.S.C. 12101; American with Disability Act

7) intentional infliction of emotional distress

8) negligent infliction of emotional distress

9) failure to train

10) disability harassment

## JURISDICTION, VENUE and INTRADISTRICT ASSIGNMENT

1.      Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1343 (a) and 1343 (a)(9), Individual with Disability with Education Act 20 U.S.C Sec 1415(e)(2), Americans with Disability Act, 42 U.S.C. 12101, 29, U.S.C.A. 794; Nondiscrimination Under Federal Programs and 42 U.S.C. 1983. Plaintiff's state and federal claims arise from a common nucleus of fact so the Court has pendent and supplemental jurisdiction over the state law claims alleged in the Complaint pursuant to 28 U.S.C. § 1367.

2.      A substantial part of the events giving rise to the claims alleged in this Complaint arose in the County of Contra Costa, California. Venue therefore lies in the United States District Court for Northern District of California, and Assignment to the Oakland Division is appropriate, pursuant to 28 U.S.C. § 84(a),  28 U.S.C. § 1391(b)(2) and Civil Local Rule 3-2(d).

## PARTIES

3.      Plaintiff Sean, a minor, by and through his parent and next friend Carol Allen at all pertinent times  during which this action arose was a resident of Contra Costa County. Sean has a learning disability as defined by federal and state law. Plaintiff Sean was diagnosed as having a disability while attending school in the West Contra Costa Unified School District. He was thereafter educated pursuant to an Individual Education Program (hereinafter IEP) designed to accomodate his learning disability as required by Federal and State laws.

4.      Carol Allen at all pertinent times during which this action arose was a resident of Contra Costa

HODGE LAW
P.O. Box 5100

County. Carol is the mother of Sean and suffered direct harm by all defendants.

5.     Defendant, West Contra Costa Unified School District Financing Corporation, (hereinafter WCCUD) is a municipal corporation which has a duty to educate, and protect the rights of handicapped (hereinafter used interchangeably with disabled) student to a Free Appropriate Public Education (hereinafter FAPE).

6.     Defendants, West Contra Costa Unified School District Board of Education, (hereinafter WCCUD Board) has a duty to set educational policy and to ensure that the educational system of West Contra Costa Unified School District protects the rights of children to a FAPE. The Board of Education also has the duty to set policy for the training and hiring of district staff.

7.     Defendant, Bruce Harter is the Superintendent of the West Contra Costa Unified School District and as such is responsible for the administration of education services in the District as well as the duty to see that principals and teachers under his supervision provide handicapped students with a FAPE as required by Federal and State Law. The superintendent is also responsible for the training of all staff.  Bruce Harter assumed the duties, responsibilities and liabilities of any superintendent in that position when these events began.  Bruce Harter, as superintendent, is also responsible for discipline, regulation, hiring and retention of teachers and school administrators.  The administrator or superintendent exercises control over school site teachers and administration.

8.     Defendant, Harry Culberston was the principal or assistant principal of Hercules Middle School at the times these complaints arose and as such was responsible for the administration of that school and had the duty to see that disabled students were afforded their rights to a FAPE under state and federal law and did not suffer disability harassment or discrimination. Defendant, Culbertson was responsible for discipline and management of teachers, staff and students and has an affirmative duty to perform his professional services in such a manner as to not inflict emotional distress.

9.     Defendants Bruce Harter, Harry Culbertson, Darlene Jones, Steve Collins, Ken Talken, Wendell Greer are all employees within the West Contra Costa Unified School District and were and are responsible for either one of all the following: supervision of the special education program, student discipline, supervision of teachers,  supervision of students, as well as the administration of classroom and Hercules Middle School. They each had a duty to see that disabled students at Hercules Middle School were afforded their rights to a FAPE

1  under state and federal law, all have an affirmative duty to perform their professional services

2  in such a manner as not to inflict emotional distress or physical injury upon students.

3  10.  Each Defendant had an affirmative duty to perform his professional services in such a manner

4  as not to inflict emotional distress nor physical distress.

5

6  ## FACTS GIVING RISE TO ACTION

7  11.    Sean. was a student at Hercules Middle School a school within the West Contra Costa Unified

   School District on September 1, 2005.

8  12.    Sean's special education needs were not recognized or met within the district. Because his

9  needs were improperly dealt with and ignored Sean's disability manifested itself and became worse,

10  and he suffered grave emotional harm.

11  13.  As Sean displayed traits of his disability he was harassed, abused and discriminated against by

12  staff,. Defendant Harry Culberston taunted, punished, discriminated against and abused Sean on a

13  regular basis. The situation with Mr. Culberston grew so bad that Sean would panic when Mr.

14  Culberston came near him.

15  14.  Mr. Culbertson was or should have been aware of Sean's response to him and he made subtle

16  and not so subtle moves to agitate Sean.  Mr. Culbertson ordered the school security officer to

17  handcuff Sean, and later suspended Sean indefinitely and told him that he could not return.

18  15.    Sean was discriminated against, treated negatively, constantly disciplined and suspended

19  because he displayed symptom so his disability. Sean was physically, emotionally and mentally

20  abused and traumatized while at Hercules Middle School.

21  16.    The trauma Sean suffered at the hands of West Contra Costa Unified School District staff will

22  impact him for his present and much of his future life.

23  17.    Sean did not receive accomodations for his disability for a part or all of the 2005-2006 fall

24  semester. This failure to accommodate caused further emotional harm and distress to Sean.

25  18.  Plaintiffs allege that the refusal and failure of Hercules Middle School and West Contra Costa

26  Unified School's administration, teachers, and staff to identify Sean's special education needs and

27  create an I.E.P and behavior plan for him, caused teachers, administration and staff to be annoyed,

28  upset and abusive toward Sean for displaying traits typical of his disabilities.

HODGE LAW
P.O. Box 5100

20. Plaintiffs allege that Defendants should have been trained to identify, deal with and modify for Sean's disabilities.

21.    Plaintiffs allege that employees of Defendant WCCUD routinely fail to modify or comply with the needs of special education students.

22. Plaintiffs allege that defendant WCCUD by its pattern and practices do not comply with I.E.P.'s and make little effort to implement IEP's in a manner useful to the student and instead focus on discipline.

23.    Plaintiffs allege that defendant WCCUD has failed to train its staff in dealing with students with disabilities that impact their behavior.

24.    Plaintiffs allege that defendant WCCUD and WCCUD Board does not train or inform their administrators, teachers or teachers aides on identifying disabilities or reviewing and/or follow each student I.E.P.

25.    Plaintiffs allege that WCCUD accepts the practice of staff abusively disciplining students.

26.    Plaintiffs allege that Special Education students in the WCCUD receive unequal treatment and are considered burdens.

27.    Plaintiffs allege the failure of the district to train Defendant Culbertson and their failure to supervise and admonish him for his behavior created the situation in which Sean was abused.

28.    Sean was excluded from participating in class activities and discriminated against because of his disability.

29.    Plaintiff Carol Allen never received information on the districts investigation into her complaints about the behavior of Mr. Culberston.

30.    Throughout the school year, Defendants ignored the multitude of complaints by Plaintiffs and did not take actions to remedy the situations that harassed Sean.

31.    The school site and the district ignored the constant and ongoing abuse that Sean was subjected to, ignored his disabilities and focused on issues to show Sean as a discipline problem.

32.    Plaintiff Carol Allen attempted to work within the school site and district to remedy the harassment that was causing Sean to suffer emotional pain and mental harm. The school site's remedy was to force Sean into another setting which  that act victimized him further.

33.    Sean's constant movement, his sensitivity to teasting and inability to focus garnered put downs

1   and attacks from teachers, administration and staff.

2   34.   The pressure of the hostile and intimidating environment burdened Sean and he often came

3   home emotionally troubled and hurt. Sean was forced into therapy to deal with the distress.

4   35.  Because of the cumulative abuse Sean suffered at the hands of the school district he began to

5   display suicidal thoughts and depressed moods.

6   36.  The district ignored the emotional needs of Sean and failed to provide him the counseling that he

7   had won in a previous due process complaint. Mr. Culbertson suspended Sean so often that he could

8   not access the services to help his emotional situation.

9   37.   Throughout the school year, during school hours and on school grounds, Sean was subjected

10  to ridicule, embarrassment, insult, put downs, criticisms and physical attacks by teachers, staff and

11  students. The school site administration and district administration refused to remedy the situation

12  and allowed it to continue.

13  38.   Sean's since of safety, his grades and his self-esteem dropped to harmful levels. He was denied

14  access to an education because of the situation at his school.

15  39. Defendants WCCUD, the WCCUD Board of Education, the superintendent, principal, assistant

16  principals, special education administration, teachers and aides, failed to respond to the needs and

17  complaints of parent and child, they failed to protect student and tacitly authorized the harassing

18  conduct Sean suffered.

19  40.  The only reprieve Plaintiff had against the harassment he suffered was remaining at home, and

20  therapy.  Remaining at home deprived Plaintiff of access to educational environment in the least

21  restrictive environment and increased his stress and decreased his feeling of self worth.

### FIRST CAUSE OF ACTION

Discrimination in Federally Funded Programs_
29 U.S.C.. 794 and Section 504 of the Rehabilitation Act of 1973_
(Against all Defendants except Mr. Defendants)

24  41.  Plaintiffs incorporate by reference and reallege paragraphs 1-40 of this Complaint.

25  42. 29 U.S.C. ß 794(a) provides: "No otherwise qualified individual with a disability in the United

26  States,. . . . ., shall, solely by reason of her or his disability, be excluded from the participation in, be

27  denied the benefits of, or be subjected to discrimination under any program or activity receiving

28  Federal financial assistance."

HODGE LAW
P.O. Box 5100

43.   West Contra Costa Unified School District receives federal financial assistance and thus is bound to abide by 29 U.S.C. ß 794(a) and the terms of Section 504 of the Rehabilitation Act of 1973 (hereinafter Section 504) and its implementing regulations, including 34 CFR Part 104.

44.  Eleventh Amendment immunity of the WCCUSD was abrogated by Congress in its enactment of 42 U.S.C. ß2000d-7.

45.  Defendants WCCUSD, WCCUSD Board, Bruce Harter, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken allowed the creation of an intimidating, hostile, offensive and abusive school environment for Sean on school grounds and during school hours.

46. The acts that created the intimidating, hostile, offensive and abusive school environment were done by individuals directly under the control of Defendants WCCUSD, WCCUSD Board,  Bruce Harter, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken.

47. The acts occurred in the normal operation of the federally assisted recipient.

48. Defendants WCCUSD, WCCUSD Board, Bruce Harter, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken and the superintendent had or should have had actual knowledge of the acts that harassed and discriminated against Sean and showed deliberate indifference to the severe, pervasive, objectively offensive and persistent harassment of Sean and intentionally discriminated against Sean by consciously and/or recklessly disregarding the consequences of their acts or omissions.

49. Defendants WCCUSD, WCCUSD Board, Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken, and Bruce Harter the superintendent displayed deliberate indifference to the complaints of Sean and his mother, Defendants WCCUSD and school administration failed to investigate and failed to make attempts to remedy or end the harassment.

50. Section 504 further requires that teachers be appropriately trained to provide necessary services, and that appropriate materials and equipment be available.

51.  Defendant WCCUSD failed to train its teachers, administrators, and/or staff in dealing with special education students, resulting in discrimination against Sean as a disabled student.

52.  Defendants violation of 29 U.S.C. ß 794(a)) and the terms of Section 504 of the Rehabilitation Act of 1973, and its implementing regulations have caused and without judicial intervention will continue to cause plaintiffs to suffer tremendous harm and humiliation in that they have been and will

1    continue to be subjected to WCCUSD and all other defendants practice of disability discrimination.

2

3                              **SECOND CAUSE OF ACTION**

4    20 U.S.C. 1400, 34 C.F.R. Part 300 and Section 504 of the Rehabilitation Act of 1973

5                              (Against all Defendants)

6

7    53.  Plaintiffs incorporate by reference and reallege paragraphs 1-52 of this Complaint.

8    54.  20 U.S.C. 1400 requires that school districts develop individualized education programs ("IEP")

     to meet the needs of every child with a disability who is determined eligible for special education.

9
     55.  Plaintiff Sean is disabled within the meaning of 20 U.S.C. 1401. Defendants are required to

10   provide Plaintiff Sean with a Free Appropriate Public Education as defined under 20 U.S.C. 1401

11   (18).

12   56.  Plaintiffs seek injunctive relief and damages due to a violation of the Individuals with Disabilities

13   Education Act. (hereinafter IDEA) 20 U.S.C. 1400 and its implementing regulation 34 CFR Part

14   300.344 and section 504 of the Rehabilitation Act of 1973.

15   57. Defendants failed to properly develop and follow the I.E.P. for Plaintiff Sean as required by

16   IDEA.  As a result, plaintiff received no educational benefit from placement in regular classes of

17   Defendant school system and has not been provided with a free appropriate public education.

18   58. Sean has suffered physical injuries in altercations while attending the classes of Defendant

19   school system because of its failure to provide required services, train staff and develop and follow an

20   appropriate I.E.P.

21   59. Defendant has also violated the IDEA, 20 U.S.C. 1415 by failing to comply with the rights

22   afforded to the Plaintiffs.

23                              **THIRD CAUSE OF ACTION**

24         Section 504 of the Rehabilitation Act of 1973 and 42 U.S.C. Section 1983.

25                              (Against all defendants)

26   60. Plaintiffs incorporate by reference and reallege paragraphs 1- 52 of this Complaint.

27   61. Defendants, acting under color of law and in concert with one another, have violated plaintiffs'

28   rights secured by the constitution and federal and state laws.

HODGE LAW
P.O. Box 5100

1  62. Defendants have subjected plaintiffs to, harassment, physical and mental abuse.

2  63. Defendants effectively denied Plaintiff Sean the full benefits of the schools programs and

3  activities that were available to other students.

4  64. Defendants, acting under color of law, institute, authorize, tolerate, ratify, permit and acquiesce in

5  its policies, practices and customs of abuse, discrimination and harassment.

6  65. Defendants acts were done in knowing violation of plaintiffs legal and constitutional rights,

7  without good faith, and have directly and proximately caused plaintiffs humiliation, mental pain and

8  suffering.

**FOURTH CAUSE OF ACTION**
Negligence
(against all Defendants)

9

10

11  66. Plaintiffs incorporate by reference and reallege paragraphs 1-52 of this Complaint.

12  67. Beginning on or about September 2004 Plaintiff Sean was the victim of Defendants WCCUSD,

13  WCCUSD Board,  Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken

14  negligence which consisted of regular, pervasive and offensive embarrassment, put downs, and

15  physical attacks by teachers and staff and discrimination based upon the disabilities of Plaintiff Sean.

16  68. Defendants failed in their duty to protect Plaintiff Sean, ignored requests by his mother for

17  assistance and consciously or recklessly ignored Plaintiffs complaints. Defendants in charge of the

18  special education department made themselves unavailable to Plaintiffs at all times.  The suffering of

19  Plaintiff Sean continued and grew worse with each day.

20  69. As a direct and proximate cause of the negligence of defendant Plaintiff Sean and Carol Allen,

21  suffered physical injury, and severe emotional distress.

22  70. At all pertinent times hereto, Defendant WCCUSD, WCCUSD Board,  Steve Collins, Darlene

23  Jones, Harry Culberston, Wendell Greer, Ken Talken.

24  71. Defendant WCCUSD and WCCUSD Board of Directors employees were acting in the scope of

25  their employment, under Defendant WCCUSD and WCCUSD Board of Directors control and in

26  furtherance of Defendant WCCUSD interests at the time their negligence caused Plaintiffs injuries

as described in Plaintiffs complaint.

27

28

**FIFTH CAUSE OF ACTION**
TORTUOUS CONDUCT OF EMPLOYEE
(against all Defendants)

72.  Plaintiffs incorporate by reference and reallege paragraphs 1- 40 of this Complaint.

73.  Beginning on or about September 2004, Plaintiff Sean and Plaintiff Carol Allen were the victims of tortuous conduct perpetrated by Defendants WCCUSD, WCCUSD Board,  Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken, which consisted of regular, pervasive and offensive embarrassment, insults, put downs, and physical attacks by staff and discrimination by Defendants based upon the disabilities of Plaintiff Sean.

74.  Such conduct was and is imputable to Defendant WCCUSD, WCCUSD Board,  Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken all of whom consciously or recklessly ignored Plaintiffs complaints.

75.  The suffering of Plaintiff Sean continued and grew worse with each day.

76.  District officials once notified of the torts being committed against Sean ignored the problems and made no efforts to investigate or remedy the complaints.

77.  At all pertinent times hereto, Defendant WCCUSD, WCCUSD Board,  Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken in the capacity of teachers, aides, special education staff and administration and principals.

78.  Defendant's employees were acting in the scope of their employment, under Defendant WCCUSD and WCCUSD Board of Directors control and in furtherance of Defendant WCCUSD interests at the time their tortuous conduct caused Plaintiffs injuries as described in Plaintiffs complaint.

79. The tortuous conduct was subsequently ratified by the Defendants by their failure to act in response after receiving complaints from plaintiffs, this deliberate indifference was tacit authorization of the acts and thus such conduct is imputable to the Defendants under the doctrine of respondeat superior.

80. The tortuous conduct by Defendants was egregious and oppressive and characterized by malice or recklessness that caused Plaintiff Sean and Carol Allen to suffer physical injury, and severe emotional distress justifying the imposition of punitive damages.

HODGE LAW
P.O. Box 5100

### SIXTH CAUSE OF ACTION
EMOTIONAL DISTRESS
(against all Defendants)

81. Plaintiffs incorporate by reference and reallege paragraphs 1- 40 of this Complaint.

82. The acts of defendants as described in this Complaint, breached their duties, were extreme and occurred regularly and consistently from the start of 2005-2006 school through the present and were done willfully, maliciously, outrageously, deliberately and purposely with the intention to inflict emotional distress upon Plaintiffs and/or were done in reckless disregard of the probability of causing plaintiffs emotional distress and these acts did in fact result in severe and extreme emotional distress.

83. As a direct and proximate result of the acts of defendants alleged herein, plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, weight gain, depression, lowering of self-esteem and anxiety. Plaintiff continues to suffer these emotional upheavals. For this harm, Plaintiffs request compensatory damages and punitive damages in the sum of $500,000

84. As a direct and proximate result of the acts of defendant alleged herein, Plaintiff was caused to seek counseling or therapy. Plaintiff Sean and his mother will need counseling for an indeterminate amount of time and request compensatory damages in the amount of $500,000.

### SEVENTH CAUSE OF ACTION
FAILURE TO TRAIN
20 U.S.C. 1400 and 42 U.S.C. 1983

(against Defendants WCCUSD, WCCUSD Board, Bruce Harter, Steve Collins, Darlene Jones, Wendell Greer, Ken Talken)

85. Plaintiffs incorporate by reference and reallege paragraphs 1- 40 of this Complaint.

86. Defendants, acting under color of law and in concert with one another, have violated plaintiffs' rights secured by the constitution and federal and state laws.

87. Defendants WCCUSD, WCCUSD Board, Bruce Harter, Steve Collins, Darlene Jones, Wendell Greer, Ken Talken acting under their governmental authority have failed to train their employees that work with children with an educational disability.

88. Defendants have authorized conduct that abuse and punish students for displaying their

HODGE LAW
P.O. Box 5100

disabilities.  In this instance Plaintiff Sean was physically and verbally punished, belittled, attacked and disciplined for his disability which included a short attention span, behavioral difficulties, inability to perform well without modifications, and for requiring more attention than general education students.

89. Plaintiffs brought the discriminatory treatment of Sean to the attention of school officials and were ignored. The requests Plaintiff Carol Allen made to district officials and school staff to resolve the problems were ignored, the school district failed to respond and did not respond until the school year was near its end.

90.  Defendants acted in reckless or conscious disregard of Plaintiffs needs and rights under the IDEA.

91.  Defendants Harry Culbertson, Ken Talken and Sean's teachers recognized or should have known that Sean had some condition that affected his behavior and his learning.  However, the failure of the district to train its teachers led Defendant Harry Culbertson to become abusive toward Sean.

92. The districts failure to train is staff led its staff to respond to students behavior was to use physical and verbal aggression.

93.  Plaintiffs seek monetary damages and injunctive relief against the Defendant West Contra Costa County Unified School District requiring that all teachers be trained to recognize the characteristics of special education students. There are 13 disabling conditions defined in federal regulations, manifesting one condition can cause a student to need special education services.

94. Plaintiffs further seek injunctive relief to require the West Contra Costa Unified School District to train its staff in recognizing these conditions and responding appropriately and inoffensively.

## EIGHTH CAUSE OF ACTION

Americans With Disabilities Act, Equal Protection Clause and 29 U.S.C. 794

(against all Defendants)

95. Plaintiffs incorporate by reference and reallege paragraphs 1-40 of this Complaint.

96. Title II of the Disabilities Act, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. 12132.

HODGE LAW
P.O. Box 5100

97.  Defendants, acting under color of law and in concert with one another, have violated plaintiffs' rights secured by the constitution and federal and state laws.

98.  Plaintiffs allege that the acts described in this complaint gave Plaintiff Sean with a lesser benefit than was given to others, and limited Plaintiff Sean's enjoyment of the rights and benefits provided other students of the West Contra Costa Unified School District.

## NINTH CAUSE OF ACTION
### DISABILITY HARRASSMENT
(against all Defendants)

99.  Plaintiffs incorporate by reference and reallege paragraphs 1-40 of this Complaint.

100.  Plaintiff Sean is a qualified individual with a disability under the Americans With Disabilities Act.

101.  Plaintiff Sean was subject[ed] to unwelcome harassment as a student in the West Contra Costa Unified School District.

102. Plaintiff Sean alleges the harassment was based on his disability or requested accommodations.

103.  The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff Sean's education and to create an abusive school environment.

104. Plaintiffs allege all defendants knew or should have known of the harassment and failed to take prompt effective remedial action.

105.  Plaintiffs allege that Defendants discriminatory acts occurred despite Defendants knowledge that their actions violated federal law.

106.  Plaintiffs allege that the practice of Defendant WCCUSD, WCCUSD Board,  Steve Collins, Darlene Jones, Harry Culberston, Wendell Greer, Ken Talken, was and is to discriminate against individuals with learning disabilities.

## TENTH CAUSE OF ACTION
### RETALIATION
(against all Defendants)

107. Plaintiffs incorporate by reference and reallege paragraphs 1-40 of this Complaint.

108.  Sean claims that staff at Hercules Middle School and West Contra Costa Unified School District retaliated against him for opposing, protesting disability discrimination and filing a due process complaint against West Contra Costa Unified.

109. Sean and Carol Allen opposed the districts discrimination and failure to meet the special needs

HODGE LAW
P.O. Box 3400

1  of Sean.

2  110.  That WCCUD began taking harassing and abusive action against Sean, which included

3  multiple suspensions, removal from class activities he enjoyed, being removed from the company of

4  other students, constant and unfair disciplinary actions including forcing Sean to spend multiple

5  hours in the office as punishment for behavior that had been identified as part of his disability, having

6  the school safety officer handcuff Sean, making unnecessary multiple and constant calls to Carol

7  Allen to report the slightest incident Sean experienced and sending him home and making regular

   threats to Sean and causing him to fear being arrested.

8  111.  That Sean and Carol Allen's opposition to the discriminatory and harassing practice was a

9  motivating reason for West Contra Costa Unified and Harry Culbertson's decision to regularly

10  discipline Sean and then suspend Sean from school without a return date.

11  112.  Sean and Carol Allen were harmed by the districts acts and

12  113. The actions of WCCUD caused both Plaintiffs a great deal of stress and caused Carol Allen's

13  grades to plummet.

14  114. WCCUD continues to retaliate against Carol Allen by harassing her oldest son who is in the

15  district and;

16  115.  That WCCUD retaliatory conduct was a substantial factor in causing harm to both Plaintiffs'.

17
   **ON ALL CAUSES OF ACTION**
18
19  116.  Defendants actions were undertaken willfully, wantonly, maliciously and in reckless disregard

20  for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and

    emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and
21
    punitive damages on all allowable causes of action in an amount sufficient to deter said Defendant
22
    and others from similar future wrongful conduct.
23
   **PRAYER FOR RELIEF**
24
   WHEREFORE Plaintiffs request the following relief against Defendants, and each of them,
25
   as follows:
26
   1.    For an award of general, special, consequential and/or continuing damages from the defendants,
27
   and each of them, plus prejudgment interest thereon, according to proof or by operation of law;
28

HODGE LAW
P.O. Box 5100

2.     For preliminary and permanent injunctive and declaratory relief; requiring WCCUSD to train its staff on learning disabilities and modifications.

4.     For an award of exemplary and punitive damages to the extent allowed by law and in an amount according to proof;

5.     For attorneys' fees and costs of suit herein pursuant to statute or as otherwise may be allowed by law; and,

6.     For such other relief as this Court may deem just and proper.

## Jury Trial Demand

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, and Rule 3-6, Local Rules, United States District Court, Northern District of California, plaintiffs demand trial by jury for all the issues plead herein so triable.

Dated this 24th day of October 2006                    Respectfully Submitted

_____

Nicole Hodge

Attorney for Plaintiffs

HODGE LAW
P.O. Box 5100

**EXHIBIT 2**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

S.M., a minor, by his parent and next friend Carol Allen, and CAROL ALLEN,

                    Plaintiffs,

        v.

WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT, a California Municipality; WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, in their official capacities; BRUCE HARTER, in his capacity as Superintendent; WENDELL GREER, in his official capacity; HARRY CULBERTSON, as an individual and in his official capacity; STEVE COLLINS, in his official capacity; DARLENE JONES, in her official capacity; KEN TALKEN, in his official capacity; and DOES 1-10,

                    Defendants.

_____/

No. C 06-6653 CW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

        Defendants West Contra Costa County Unified School District (the District), West Contra Costa Unified School District Board of Education, Bruce Harter, Wendell Greer, Harry Culbertson, Steve Collins, Darlene Jones and Ken Talken (collectively, Defendants) move to dismiss this action, arguing that this Court lacks

United States District Court

For the Northern District of California

1  jurisdiction over the claims set forth in the complaint.

2  Plaintiffs S.M., a minor, and his mother, Carol Allen,

3  (collectively, Plaintiffs) oppose this motion.  The matter was

4  decided on the papers.  Having considered all of the papers filed

5  by the parties, the Court grants Defendants' motion and dismisses

6  Plaintiffs' complaint.

7                              BACKGROUND

8       Plaintiffs, a minor child and his mother, filed suit against

9  the District, its Board and several of its current and past

10  employees, alleging that Defendants denied Plaintiff S.M. a free

11  and appropriate public education.  According to their complaint,

12  Plaintiff S.M. has a learning disability.  His special education

13  needs, however, were not recognized or met within the District.

14  While at Hercules Middle School, a school within the District,

15  Plaintiff S.M. was physically, emotionally and mentally abused.

16  Staff at the school harassed and discriminated against him.  During

17  the 2005-2006 fall semester, he did not receive accommodations for

18  his disability.  As a result, S.M. was denied access to a free

19  appropriate public education and suffered emotional distress.  His

20  mother also suffered emotional distress as a result of Defendants'

21  actions.

22       Plaintiffs have brought claims against Defendants under the

23  Individuals with Disabilities Education Act (IDEA), Section 504 of

24  the Rehabilitation Act of 1973, the Americans with Disabilities Act

25  (ADA), 42 U.S.C. § 1983 and the Equal Protection Clause.

26  Plaintiffs also allege what appear to be four state law claims for

27  negligence, "tortous [sic] conduct of employee," "emotional

28                                  2

**United States District Court**
For the Northern District of California

1    distress," and "retaliation."  Defendants contend that, due to

2    Plaintiffs' failure to exhaust their administrative remedies under

3    the IDEA, all these claims must be dismissed.

LEGAL STANDARD

5       Dismissal is appropriate under Rule 12(b)(1) when the district

6    court lacks subject matter jurisdiction over the claim.  Fed. R.

7    Civ. P. 12(b)(1).  Federal subject matter jurisdiction must exist

8    at the time the action is commenced.  Morongo Band of Mission

9    Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th

10   Cir. 1988).  A federal court is presumed to lack subject matter

11   jurisdiction until the contrary affirmatively appears.  Stock West,

12   Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

13      A Rule 12(b)(1) motion may either attack the sufficiency of

14   the pleadings to establish federal jurisdiction, or allege an

15   actual lack of jurisdiction which exists despite the formal

16   sufficiency of the complaint.  Thornhill Publ'g Co. v. Gen. Tel. &

17   Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v.

18   Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).  In deciding a

19   Rule 12(b)(1) motion, the court assumes the truth of the

20   allegations in the complaint, unless controverted by undisputed

21   facts in the record.  Roberts, 812 F.2d at 1177.  An action should

22   not be dismissed for lack of subject matter jurisdiction without

23   giving the plaintiff an opportunity to amend unless it is clear

24   that the jurisdictional deficiency cannot be cured by amendment.

25   May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th

26   Cir. 1980).

3

DISCUSSION

Defendants argue that the Court lacks jurisdiction over Plaintiffs' federal claims because Plaintiffs failed to exhaust administrative remedies, provided by the IDEA, prior to filing suit and, therefore, the Court should dismiss Plaintiffs' federal claims as well as their state law claims.[1] Plaintiffs respond that they are not required to exhaust the IDEA administrative remedies and that, even if they are, they have exhausted such remedies.

I.   The IDEA and Exhaustion

As noted above, Plaintiffs allege that Defendants violated the IDEA.  Their second cause of action states that they "seek injunctive relief and damages due to a violation of the Individuals with Disabilities Education Act."  Complaint, ¶ 56.  The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected."  Robb v. Bethel Sch. Dist. # 403, 308 F.3d 1047, 1049 (9th Cir. 2002) (alterations in original) (quoting 20 U.S.C. § 1400(d)).

The IDEA requires that, if a plaintiff is "seeking relief that

---

[1]Defendants argue that, if the Court finds that it has subject matter jurisdiction, Plaintiffs' state law claims for "tortous [sic] conduct of employee," "emotional distress," and "retaliation" fail to state a claim upon which relief can be granted, requiring dismissal.  Because, as discussed below, the Court finds that it does not have jurisdiction over Plaintiffs' claims, the Court need not address this argument.

4

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    is also available" under the IDEA, the plaintiff must exhaust the

2    administrative remedies that the IDEA provides before commencing

3    suit.  <u>Id</u>.  This exhaustion requirement applies to causes of action

4    based on the IDEA as well causes of actions based on other federal

5    statutes, such as the ADA or section 1983.  <u>See id.</u> at 1048-50; 20

6    U.S.C. § 1415(l)[2].  And the Ninth Circuit has held "that when a

7    plaintiff has alleged injuries that could be redressed to any

8    degree by the IDEA's administrative procedures and remedies,

9    exhaustion of those remedies is required."  <u>Robb</u>, 308 F.3d at 1048.

10   The Ninth Circuit explains that its "primary concern in determining

11   whether a plaintiff must use the IDEA's administrative procedures

12   relates to the source and nature of the alleged injuries for which

13   he or she seeks a remedy, not the specific remedy requested."  <u>Id.</u>

14   at 1050.

15        In determining whether a plaintiff is seeking relief available

16   under the IDEA, the "dispositive question" is whether the

17   plaintiff's alleged injuries could be redressed to any degree by

18   the IDEA's administrative procedures and remedies: "If so,

19   exhaustion of those remedies is required.  If not, the claim

20   necessarily falls outside the IDEA's scope, and exhaustion is

21   unnecessary."  <u>Id</u>.  Even in situations where it is not clear

22

23        [2]This subsection provides that the IDEA does not limit the
24   rights and remedies available under "other Federal laws protecting
     the rights of children with disabilities, except that before the
25   filing of a civil action under such laws seeking relief that is
     also available under this subchapter, the procedures under
26   subsections (f) [due process hearing] and (g) [appeal] of this
     section shall be exhausted to the same extent as would be required
27   had the action been brought under this subchapter."  20 U.S.C.
     § 1415(l).

28                                      5

United States District Court

For the Northern District of California

1    whether the IDEA can remedy a particular injury, however,

2    "exhaustion should be required to give educational agencies an

3    initial opportunity to ascertain and alleviate the alleged

4    problem."  Id.

5        If a plaintiff is required to exhaust administrative remedies

6    under the IDEA, but fails to do so, federal courts are without

7    jurisdiction to hear the plaintiff's claims.  Witte v. Clark County

8    Sch. Dist., 197 F.3d 1271, 1274 (9th Cir. 1999).

9        A.  Whether Plaintiffs must exhaust administrative remedies

10       Plaintiffs contend that they need not exhaust the

11   administrative remedies and procedures provided by the IDEA.  Their

12   reliance on Witte, however, is unavailing.  In Witte, the plaintiff

13   alleged violations of section 1983, the Rehabilitation Act, the ADA

14   and various state laws; unlike Plaintiffs here, the plaintiff

15   brought no cause of action under the IDEA.  The court held that,

16   because the plaintiff sought only monetary damages, which is not

17   "relief that is available under" the IDEA, "and because all

18   educational issues already have been resolved to the parties'

19   mutual satisfaction through the IEP process, Plaintiff is not

20   'seeking relief that is also available' under the IDEA."  Id. at

21   1275.  Therefore, the court in Witte found that exhaustion was not

22   required and reversed the district court's dismissal of the

23   plaintiff's action.  Id.

24       Here, however, Plaintiffs seek more than money damages for

25   past injuries; they also seek injunctive relief and relief for

26   current and future emotional damage.  More importantly, all

27   educational issues have not been resolved to the parties'

28                                    6

United States District Court
For the Northern District of California

1  satisfaction through the IDEA's administrative procedures and

2  remedies, as they were in <u>Witte</u>.  While some educational issues

3  have been resolved through administrative procedures and remedies,

4  not all educational issues were resolved to the parties' mutual

5  satisfaction.  This is evident from Plaintiffs' complaint and

6  evidence presented by both sides, discussed below.  Therefore,

7  <u>Witte</u> does not avail Plaintiffs; it is the Ninth Circuit's decision

8  in <u>Robb</u> that applies.

9      In <u>Robb</u>, the plaintiff was a student with cerebral palsy; her

10  teacher had removed her from the classroom for "peer-tutoring,"

11  outside the supervision of a certified teacher.  Her parents filed

12  suit under section 1983 seeking monetary damages to compensate them

13  for "lost educational opportunities" and "emotional distress,

14  humiliation, embarrassment, and psychological injuries." <u>Robb</u>, 308

15  F.3d at 1048.  Although the case did not allege a cause of action

16  under the IDEA, the district court dismissed the case based on the

17  plaintiffs' failure to exhaust administrative remedies under the

18  IDEA.  The plaintiffs appealed and Ninth Circuit affirmed, opining:

19          This case is a good example of why parents should not be
            permitted to opt out of the IDEA simply by making a demand for
20          money or services the IDEA does not provide.  The Robbs seek
            money to compensate them for "lost educational opportunities"
21          and "emotional distress, humiliation, embarrassment, and
            psychological injury."  Why do they want this money?
22          Presumably at least in part to pay for services (such as
            counseling and tutoring) that will assist their daughter's
23          recovery of self-esteem and promote her progress in school.
            Damages could be measured by the cost of these services. Yet
24          the school district may be able (indeed, may be obliged) to
            provide these services <u>in kind</u> under the IDEA.  The IDEA
25          requires a school district to provide not only education but
            also "related services."

26  <u>Id.</u> at 1050.  The court noted that one of these related services is

27

28                                      7

United States District Court
For the Northern District of California

1   psychological counseling for children and parents.   Id.

2       Because Plaintiffs' alleged injuries, like the alleged

3   injuries in Robb, could be redressed by the IDEA's administrative

4   procedures and remedies, the Court finds that Plaintiffs must

5   exhaust administrative remedies before bringing suit under the

6   IDEA, the ADA, the Rehabilitation Act, section 1983 and the United

7   States Constitution.

8       B.   Whether Plaintiffs did exhaust administrative remedies

9       Plaintiffs, however, contend that they did exhaust the

10  administrative procedures and remedies provided by the IDEA.   This

11  contention is without merit.

12      Plaintiffs point to paragraph thirty-six in their complaint.

13  But this paragraph does not state that Plaintiffs exhausted

14  administrative procedures, nor does any other paragraph in their

15  complaint.   Paragraph thirty-six only states, "The district ignored

16  the emotional needs of [S.M.] and failed to provide him the

17  counseling that he had won in a previous due process complaint.

18  Mr. Culbertson suspended [S.M.] so often that he could not access

19  the services to help his emotional situation."

20      Indeed, the documents Plaintiffs provide show that not all

21  educational issues were resolved to the parties' mutual

22  satisfaction and that Plaintiffs did not exhaust the administrative

23  remedies available to them under the IDEA.   Plaintiffs' Exhibit 3

24  is an Order Following Prehearing Conference by the Office of

25  Administrative Hearings, Special Education Division.   As Plaintiffs

26  note, it provides that the issue of whether the District denied

27  Plaintiff S.M. a free and appropriate public education (FAPE) from

28                                    8

United States District Court
For the Northern District of California

December 14, 2005 until January 12, 2006 was resolved by an Interim

Agreement executed on December 14, 2005.  But the order also

provides that the "remaining issue is as follows: Did the District

deny Student a FAPE from September 21, 2005 to December 13, 2005."

Hodge Dec., Ex. 3.  The order did not, as Plaintiffs contend, state

that all education issues were resolved; rather, the order stated

that there would be a hearing on June 1 and 2, 2006, to address the

remaining issue.  That hearing, however, never took place because

Plaintiffs' counsel sent a letter to the Office of Administrative

Hearings stating that Plaintiff S.M. was withdrawing his request

for a hearing, for the purpose of amending his request "and adding

additional issues and removing current issues to Petitioners [sic]

judicial proceeding against West Contra Costa Unified School

District."  Rowe Dec., Ex. 4.

The Court finds that Plaintiffs did not exhaust their

administrative remedies under IDEA.  Because they are required to

do so, and did not, the Court lacks jurisdiction over their federal

claims.

II.   State Law Claims

As noted above, Plaintiffs bring state law claims in addition

to the federal claims.  Because the Court lacks jurisdiction over

the federal claims, it does not have supplemental jurisdiction over

the state law claims, and those claims must also be dismissed.  See

28 U.S.C. § 1367(a); Scott v. Pasadena Unified Sch. Dist., 306 F.3d

646, 664 (9th Cir. 2002).

9

United States District Court
For the Northern District of California

CONCLUSION

As the Ninth Circuit instructs, "where, as here, a plaintiff has alleged injuries that could be redressed to some degree by the IDEA's administrative procedures and remedies, then the courts should require exhaustion of administrative remedies." Robb, 308 F.3d at 1054. Because Plaintiffs have not exhausted their administrative remedies, the Court GRANTS Defendants' Motion To Dismiss the Complaint for Lack of Subject Matter Jurisdiction (Docket No. 14).[3] Plaintiffs' complaint is dismissed without prejudice to refiling after Plaintiffs have exhausted their claims, as required by Ninth Circuit law. The state law claims are dismissed without prejudice to refiling in state court. Judgment shall enter accordingly. Defendants shall recover their costs from Plaintiffs.

IT IS SO ORDERED.

Dated: 1/10/07

CLAUDIA WILKEN
United States District Judge

---

[3]Both parties filed motions for judicial notice. Neither motion is opposed. Defendants' Motion for Judicial Notice (Docket No. 16 and Plaintiffs' Motion for Judicial Notice (Docket No. 20) are also GRANTED.

10