1  THOMAS F. BERTRAND, ESQ., SBN 056560
   MICHAEL C. WENZEL, ESQ., SBN 215388
2  BERTRAND, FOX & ELLIOT
   The Waterfront Building
3  2749 Hyde Street
   San Francisco, CA 94109
4  Telephone: (415) 353-0999
   Facsimile: (415) 353-0990

5
   *Attorneys for multiple Defendants (see signature*
6  *page for complete list of parties represented;*
   Civil L.R. 3-4(a)(1))

7
                **UNITED STATES DISTRICT COURT**
8
       **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
9
   S.M, a minor by his parent and next friend        CASE NO. C07-05829 CRB
10 Carol Allen, P.M. a minor by his parent and
   next friend Carol Allen and CAROL ALLEN
11
                  Plaintiffs,
12        vs.                                          DECLARATION OF STEVE COLLINS IN
                                                       SUPPORT OF DEFENDANTS' MOTION TO
13 WEST CONTRA COSTA COUNTY                            DISMISS, RULE 12(b)(1) AND/OR 12(b)(6)
   UNIFIED SCHOOL DISTRICT FINANCING                  AND MOTION FOR MORE DEFINITE
14 CORPORATION a California Municipality,              STATEMENT
   WEST CONTRA COSTA UNIFIED
15 SCHOOL DISTRICT BOARD OF
   EDUCATION, in their official capacities,           Complaint filed: November 16, 2007
16 BRUCE HARTER in his capacity as
   Superintendent and as an individual,
17 WENDELL GREER, in his official capacity,
   and as an individual HARRY CULBERTSON             Date:  March 28, 2008
18 as an individual and in his official capacity,     Time:  10:00 a.m.
   STEVE COLLINS in his official capacity,            Courtroom:  8,  19th Floor
19 DARLENE JONES in her official capacity,
   KEN TALKEN in his official capacity,
20 GRAIG CROSSLEY as an individual and in
   his official capacity, DOE NICHOLSON, as
21 an individual and DOES 1-10,

22                Defendants.

23 I, STEVE COLLINS, declare:

24        1.  I am the Director of SELPA (Special Education Local Plan Area) for the WEST

25 CONTRA COSTA SCHOOL DISTRICT ("DISTRICT").  As SELPA Director, I am responsible

26 for ensuring that the DISTRICT provides special education in compliance with state and federal

27

28 DECLARATION OF STEVE COLLINS IN SUPPORT OF MOTION TO DISMISS
   *S.M. v. West Contra Costa Unified School District, et al.* Case No. C07-05829 CRB

1    laws relating to students with disabilities.   As such, I have personal knowledge of the facts and
2    circumstances surrounding this matter and could, if called, competently testify thereto.

3          2.   Attached as Exhibit A is a true and correct copy of a Request for Due Process
4    Hearing filed on behalf of plaintiff S.M. dated December 22, 2006 and thereafter served on the
5    DISTRICT.

6          3.   Attached as Exhibit B is a true and correct copy of a Notice of Due Process
7    Hearing and Mediation, OAH No. N2006120794, pertaining to the December 22, 2006 Request
8    for Due Process Hearing filed on behalf of plaintiff S.M, received by the DISTRICT.

9          4.   Attached as Exhibit C is a true and correct copy of the Final Mediation
10   Agreement and Release dated March 7, 2007 pertaining to OAH Case No. N2006120794. My
11   signature appears on the settlement agreement.

12      I declare under penalty of perjury under the laws of the State of California that the
13   foregoing is true and correct.  Executed this 25 day of January, 2008 at _San Pablo_,
14   California.

15

16

17                           STEVE COLLINS

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF STEVE COLLINS IN SUPPORT OF MOTION TO DISMISS
*S.M. v. West Contra Costa Unified School District, et al.* Case No. C07-05829 CRB

# EXHIBIT A

1  NICOLE HODGE, Bar No. CA 215157
   P.O. Box 5100
2  Oakland, Ca. 94605
   Telephone: (510) 569-3666
3  Facsimile: (866) 602-2986

4

5

6  Attorneys for Petitioner,
   Sean Marquis

7

8              OFFICE OF ADMINISTRATIVE HEARINGS

9                  SPECIAL EDUCATION UNIT

10 SEAN MARQUIS                    | Case No.:

11          Petitioner,

12 v.                             | REQUEST FOR DUE PROCESS
                                  | HEARING; NOTICE OF
13 WEST CONTRA COSTA UNIFIED SCHOOL | REPRESENTATION; REQUEST FOR
   DISTRICT,                      | CONFIDENTIAL EARLY RESOLUTION
14                                | SESSION
          Respondent.
15

16

17      Petitioner, SEAN MARQUIS by and through his parent/guardian CAROL ALLEN (Ms.
18 Allen), by their attorney, Nicole Hodge , hereby bring this  Due Process Complaint against
19 Respondent, WEST CONTRA COSTA Unified School District (the District ) as follows:

20                      **STUDENT'S INFORMATION**

21 NAME:                    Carol Allen
22 ADDRESS                  166 Paradise Street, Apt. 9
                            Hercules, CA 94547
23 DATE OF BIRTH            November 1, 1995

24 GRADE LEVEL              7th Grade
25 SCHOOL OF                Keystone
   ATTENDANCE
26 SCHOOL DISTRICT OF       West Contra Costa School District
27 RESIDENCE

28

## PARENT'S INFORMATION

NAME            Carol Allen
ADDRESS       Same as above
HOME PHONE

## PARTIES TO BE NAMED

DISTRICT OF RESIDENCE:   West Contra Costa Unified School District
ADDITIONAL PARTIES:
(Address, phone # & fax#.)

## REQUESTING PARTY

PARENT REPRESENTATIVE:      Nicole Hodge, Esq.
                              P.O. Box 5100
                              Oakland, CA. 94605
                              510.569.3666 phone
                              866-602-2986

## NOTICE OF REPRESENTATION

Please take notice that Nicole Hodge, Esq. Has been retained to represent Student's interests in this matter. Any and all communications must be directed to the above-referenced attorney(s).

## REQUEST FOR FAST TRACK HEARING DATES

Petitioner has not been in school since the beginning of November and has lacked a classroom teacher since at least September. Petitioner requires a fast track to due process so he can access education services.

## REQUEST FOR CONFIDENTIAL RESOLUTION SESSION

Parent requests the opportunity to participate in a resolution session with Respondent and without attorneys, no later than fifteen (15) days of the filing of this complaint. 20 U.S.C. ß1415(f)(1)(B); CCR ß3086. The parties to the resolution session may participate telephonically. Respondent must contact the above-referenced attorney to schedule a resolution session.

# PLEADING REQUIREMENTS

Congress has imposed "minimal" pleading standards for due process hearings. Complaints need only set forth "a description of the nature of the problem," and a proposed resolution of the problem to the extent known and available...at the time." 20 U.S.C. Section 1415(b)(7)(B)(iii); Schaeffer ex rel. Schaffer v. Weast, 127 S. Ct. 528, 532 (2005).

## BRIEF SUMMARY OF FACTS

1.    Sean Marquis (Sean or Student ) is a eleven (11) year old student who recently entered the six (7th) grade at Keystone Non Public School in Vallejo. Sean's resides within the jurisdictional boundaries of the West Contra Costa Unified School District (District ). Petitioner, is an otherwise identified 11.2 year-old special education student who qualifies for services under the eligibility criteria of specific learning disability with auditory processing disorder.

An IEP team found that Sean's needs could best be met at a Non-Public School and Keystone was the option given to parent.

Historically , Sean has exhibited severe difficulty in behavior management, social/peer interaction, impulsivity, distractibility, speech and language development, reading and math. According to the Confidential Psychological Assesment by Katia Mohr Psy D. in July 11, 2005, Sean presented a depressive disorder, a learning disorder, relational problems, auditory processing disorder, visual processing disorder, and educational problems.

On September 18, 2005 Hercules Middle School psychologist/behavioris Rebecca Valero, performed a functional behavioral assessment on Sean. Ms. Valero reported that Sean has significant deficits in social perception, social judgement and social interaction skills needed to satisfactorily function in social settings.  Ms. Valero believed Sean's behavior was primarily due to his disability and lack of social competence.

In February 2006, Sean was placed at Keystone Non Public School, since entering that placement Sean's teacher has left the school, and his class has been managed by rotating and

1   occasionally non-credentialed personnel. Sean has been beat up by older students and counseling

2   services have not always been accessible, due to staff changes and deficits.

3   Ms. Allen has initiated Due Process proceedings because she is concerned that Sean is cannot

4   access his educational needs without a stable teacher, and without the behavioral component of his

5   IEP. Parent feels the District breached its duty to provide a free appropriate public education by

6   their failure to implement his needs.

7

8   **The District has denied Sean a FAPE because he does not possess a regular classroom**

9   **teacher with full state certification to teach special education.**

10

11       School districts are required to ensure that children with disabilities have highly qualified

12   special education teachers. 20 U.S.C. § 1412(a)(14)(C).  Highly qualified means that special

13   education teachers must have obtained full state certification as a special education teacher or

14   passed the state special education teaching licensing examination and holds a license to teach in the

15   state as a special education teacher. 20 U.S.C § 1401(10).

16

17       Upon information and belief Petitioner has been informed that his classroom teacher

18   resigned. Since at least September 2006 student's classroom has been ran by instructional and

19   behavioral assistants and occasionally the school administrator. Thus, Sean's teacher is not highly

20   qualified.  The District is in violation of Title 20, United States Code, Section 1412(a)(14)(C).  As

21   a result, Thomas has suffered a loss of educational opportunity and a deprivation of FAPE.

22   **The District deny Sean FAPE for the 2005 extended school year  and 2006-2007 school year**

23   **by failing to implement the April 14, 2006 and June 14, 2006 IEP and subsequently failing**

24   **to design an educational program to meet his unique and individual needs?**

25       Students with disabilities have the right to a free appropriate public education (FAPE)

26   tailored to their unique needs, which includes special education and related services.  20 U.S.C.

27   Section 1400(d), 1401(8).  The US Supreme Court in Board of Education v. Rowley defined special

28

1  education as specially designed instruction, instruction in physical education, home instruction, and

2  instruction in hospitals and institutions, and related services as transportation, and such

3  developmental, corrective, and other supportive services as may be required to assist a

4  handicapped child to benefit from special education. 458 U.S. 176 (1982).

5  　　　Student's IEP's provided counseling services. His current placement has failed to provide

6  these services on a consistent basis. The consequence is that Sean has lacked the services that will

7  provide him the tools to access education.

8  　　　The District has been aware or should have been aware of the loss of Sean's teacher and

9  DIS counselor, the Districts complete failure to adequately monitor and address Sean's educational

10  needs and provide appropriate services is a per se denial of FAPE under 20 U.S.C. §1401(9) and

11  34 C.F.R. §300.24. Failure to provide prior written notice and explanation of the Districts refusal

12  to provide appropriate special education services and placement for Justin violates 20 U.S.C.

13  §1415(b)(3)(B).

14

15  **Did the District Convene a Resolution Session within 15 days of Request?**

16  　　　Within fifteen (15) day of receiving notice of the complaint, the public educational agency

17

18  shall convene a resolution meeting with the parents. 20 U.S.C. § 1415(f)(1)(B)(i-iv). Here,

19  Petitioner's complaint was filed with OAH and the District on January 5, 2006. In addition to the

20  legal requirement of the resolution session, Petitioner's complaint includes a request for the

21  resolution session. The District is obligated to convene a resolution session by January5,2006.

22  School districts have generally failed to convene resolution sessions within the timeline provided

23  by law.  Unlike mediation, the District is obligated to convene a resolution session; it is not

24  voluntary.  Congress wisely intended for there to be an opportunity to resolve these matters as

25  expeditiously as possible prior to litigation. The District's lack of action may cause this case to be

26

27

28

1   unnecessarily protracted. If the District convenes a resolution session by January 5, 2006, then

2   Petitioner will withdraw this item as an issue.

### PROPOSED RESOLUTIONS OF THE ISSUES STATED ABOVE

1.  The District shall fund student's placement in a Nonpublic School.

2.  The District shall fund transportation to students Nonpublic School.

3.  The District shall facilitate Petitioner's entry and application process for Alameda Children's Learning Center.

4.  The District shall provide compensatory education in all areas of need, including intensive one-on-one tutoring in core academic areas, counseling services to be provided by a Non-Public Agency (NPA).

If the proof offered at or prior to the due process hearing differs from the description of the nature of the problems, as stated above, relating to the proposed or refused initiation or change, including facts relating to the problem, and its proposed resolution, to the extent known and available to the parent at the time of drafting of this Notice, the parent hereby reserves the right to amend this Notice to conform to the proof at and during the hearing pursuant to 20 U.S.C § 1415(c)(2)(E)(i), Cal. Educ. Code §56502(e).

### CONCLUSION

Based on the record presented above, Petitioner respectfully requests that the Office of Administrative Hearings deems Petitioner the prevailing party on all issues.

DATED: December 22, 2006

Respectfully submitted,

NICOLE HODGE
Attorney for Petitioner
Sean Marquis

-6-

## PROOF OF SERVICE

I, Nicole Hodge, declare as follows: I am over 18 years of age and have no interest in this action within, my business address is: P.O. Box 5100 Oakland, CA. 94605

On December 22, 2006, I caused the true and correct copy of the following document(s) to be served in the manner so indicated to the following individual(s) listed below:

- REQUEST FOR DUE PROCESS HEARING

BY FACSIMILE (AT 1:40 p.m.) I caused a copy of said document to be sent via facsimile transmission to the interested party(ies) listed below

OFFICE OF ADMINISTRATIVE HEARINGS    WEST CONTRA COSTA UNFIED
SPECIAL EDUCATION HEARING OFFICER    SELPA DIRECTOR
916-263-0890 fax                                              510-724-8829

BY FACSIMILE- by personally transmitting to the above-named person(s) the documents via facsimile transmission, to the numbers(s) shown above, on the date and time listed below, pursuant to California Rules of Court, rules 2003-2008, Government Code section 11440.20, and California Code Regulations, title 1, section 1008, subdvision (d). A true copy of the above-described document(s) was transmitted by facsimile transmission and the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, can be produced upon request.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 12/22/2006 at Oakland , California.

x NICOLE HODGE
Nicole Hodge

# EXHIBIT B

**BEFORE THE**
**OFFICE OF ADMINISTRATIVE HEARINGS**
**SPECIAL EDUCATION DIVISION**
**STATE OF CALIFORNIA**

| | |
|---|---|
| In the Matter of: | |
| SEAN MARQUIS | OAH No. N2006120794 |
| Petitioner, | |
| vs. | **NOTICE OF DUE PROCESS**<br>**HEARING AND MEDIATION** |
| WEST CONTRA COSTA UNIFIED<br>SCHOOL DISTRICT | |
| Respondent. | |

[Please read this document and the accompanying documents carefully. They describe the various procedural steps that will be followed in this matter, and include a description of your rights and responsibilities at each step.]

Petitioner filed a Request for Due Process Hearing and Mediation, which was received by the Office of Administrative Hearings, Special Education Division, on December 22, 2006.

An initial due process hearing date in this matter has been set as noted below:

**DUE PROCESS HEARING**

|          |                    |
|----------|--------------------|
| DATE:    | February 15, 2007  |
| TIME:    | 9:30 a.m.          |
| PLACE:   | West Contra Costa USD |
|          | 2465 Dolan Way     |
|          | San Pablo, CA 94806 |

An impartial Administrative Law Judge of the Office of Administrative Hearings will conduct the hearing. You have the right to represent yourself or to representation by an attorney or other appropriate person.

The hearing shall be limited to the issues raised in the due process complaint notice. You will not be permitted to raise other issues unless the other party (or parties) agrees. You must also inform the other party (or parties) at least ten (10) calendar days in advance, if an attorney will represent you at the hearing.

**At least** five (5) business days before the hearing, you must give to the other parties a copy of all documents and a list of witnesses that you plan to present at the hearing. Failure to do so may result in the exclusion of your documents and witnesses at the hearing by the Administrative Law Judge.

Please note that OAH uses a reservation system when setting hearing dates. The initial hearing date above presumes only one day for hearing. If the parties intend to proceed to hearing on the initial date, but require additional hearing days, the parties **must** contact OAH upon receipt of this NOTICE and advise OAH of the number of additional hearing days needed. OAH will then calendar additional days for hearing and set a Pre-Hearing Conference (PHC) at least seven (7) days prior to the hearing date, which will be conducted by an Administrative Law Judge. The purpose of the PHC is to clarify issues, establish procedures for the conduct of the hearing and determine the number of days actually needed for hearing.

If you wish to continue the due process hearing, please use the enclosed REQUEST FOR CONTINUANCE OF DUE PROCESS HEARING AND/OR MEDIATION. An agreement by the parties to continue the hearing will be given due consideration but does not, by itself, constitute good cause. If a continuance is granted, OAH will send you a Notice of Trial Setting Conference (TSC) and/or PHC. The TSC will be conducted by the Presiding Administrative Law Judge, or his/her designee, for the purpose of setting new hearing dates; and will involve discussions of time estimates, availability of parties, and other related matters. The law requires this matter to be heard and a decision issued within 45 days of the filing of the Request for Due Process, excluding the 30 days provided for the Resolution Session, and such other periods during which the matter is continued.

## MANDATORY RESOLUTION SESSION

Before the date of the DUE PROCESS HEARING, and within 15 days from the date that the Due Process Hearing Request was delivered to the school district, the school district shall convene a RESOLUTION SESSION at a time and on a date mutually convenient to both the district and parents. The RESOLUTION SESSION is an opportunity for members of the IEP team who have specific knowledge of the facts identified in the Due Process Hearing Request to meet with the parents to try and resolve the problems identified. A representative of the school district who has full decision-making authority **shall** attend the RESOLUTION SESSION. The district may not have legal counsel present unless the parents are accompanied by an attorney. The parties may agree to waive the RESOLUTION SESSION and proceed directly to MEDIATION or DUE PROCESS HEARING, but this **requires a written waiver signed by both parties.**

The law **requires** the participation of the parents (or person legally authorized to make educational decisions on behalf of the student) at the Resolution Session **before** a due process hearing may be held. Failure to participate may delay the commencement of the due process hearing and the 45-day period, and may lead to dismissal of the matter.

2

If the parties resolve the matter at the Resolution Session, they shall enter into a legally binding written Settlement Agreement signed by the student's parents (or person legally authorized to make educational decisions on behalf of the student) and the districts authorized representative(s). Each party has three business days to reject the agreement by notifying the other party and the Special Education Division. If the Settlement Agreement is not rejected, the matter will be dismissed by the Special Education Division and the case will be closed.

If the matter is not resolved at the Resolution Session, the matter will proceed to Mediation, unless Mediation is waived.

## MEDIATION

Mediation is a voluntary process conducted by a neutral mediator in a non-adversarial, informal atmosphere. By federal and state law, all communications during mediation are CONFIDENTIAL, and may not be used by any participant as evidence in a later due process hearing or civil proceeding. Confidential communications include any statements or admissions made during mediation and any documents prepared in the course of mediation. Any settlement agreement reached as a result of mediation must include language confirming the confidentiality of communications made during the mediation. Mediation in special education cases produces mutually satisfactory resolutions in the vast majority of cases.

The time, date, and place of Mediation are:

> **DATE:** **February 2, 2007**
> **TIME:** **9:30 a.m.**
> **PLACE:** **West Contra Costa USD**
> **2465 Dolan Way**
> **San Pablo, CA 94806**

Since mediations often involve a significant time commitment, every attempt is made to avoid scheduling conflicts and ensure availability of all parties. If the above scheduled date conflicts with a **previously set** activity or event, you should contact OAH immediately on receipt of this notice to reschedule. You should avoid subsequent scheduling of any activity or event that could potentially interfere with the above mediation date.[1]

**Persons required to attend mediation include the student's parents (or other person legally authorized to make educational decisions on behalf of the student) and, in the case of school districts, key decision-making persons. If Attorneys or**

---

[1] OAH generally provides a full day for each mediation with the exception of LAUSD mediations conducted at its Beaudry and Balboa offices. Due to the heavy volume of mediations conducted at those locations, mediations are scheduled for one-half (1/2) day and set to commence either in the morning or afternoon.

3

representatives attend the mediation, they must insure the attendance of the aforementioned persons or mediation will not proceed.

If, for any reason, you are unable to attend Mediation, **you must notify the Special Education Division in Sacramento at (916)263-0880, no later than 48 hours prior to the scheduled date for Mediation.** Requests to reschedule Mediation may be accomplished by completing and submitting (by mail or fax) the enclosed form.

If Mediation is not successful, the matter will proceed to DUE PROCESS HEARING as scheduled. However, you are encouraged to continue informal efforts to reach agreement. Either party may request a continuance of the scheduled DUE PROCESS HEARING date. A continuance will only be granted for good cause. Your rights and responsibilities are outlined in the enclosure entitled: PROCEDURAL SAFEGUARDS.

## INTERPRETER SERVICES

If you need interpreter services, it is imperative that you notify OAH as soon as you become aware of the need. Interpreter services can be difficult to arrange and delay in requesting this service could result in delay of your due process hearing. Please advise OAH of the specific language(s) involved, the dates the service will be required and the expected time period. Keep in mind that interpreter services may be needed for more than the Due Process Hearing (Pre-Hearing and Settlement Conferences, for example) if one or more of the parties requires the service.

Dated: December 26, 2006

KARL S. ENGEMAN
Presiding Administrative Law Judge
Special Education Division
Office of Administrative Hearings

2439 Gateway Oaks Drive, Suite 200
Sacramento, CA 95833
(916) 263-0880 Main
(916) 263-0890 Fax

4

## PROOF OF SERVICE

I, **Shiloh Peevey**, declare as follows: I am over 18 years of age and have no interest in the action within; my place of employment and business address is:

**Office of Administrative Hearings**
**2349 Gateway Oaks**
**Suite 200**
**Sacramento, CA 95833-4231**

On **December 26, 2006**, I served a copy of the following entitled action:

**NOTICE OF HEARING AND MEDIATION - OAH CASE NO. - 2006120794**

to each of the person(s) named below, at the address set out next to each name, by the following method:

Procedural Safeguard Referral Service
1430 N. Street, Ste. 270
Sacramento, CA 95814

Steve Collins
West Contra Costa USD
2465 Dolan Way
San Pablo, CA 94806

Nicole Hodge, Esq.
Attorney at Law
PO Box 5100
Oakland, CA 94605

☒ **US MAIL** — by enclosing the action in a sealed envelope and placing the envelope for collection and mailing on that date and at the Office of Administrative Hearings, City of Sacramento, County of Sacramento, State of California, following ordinary business practices. I am readily familiar with the Office of Administrative Hearings' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

<u>XX Regular Mail</u>

☐ **FACSIMILE TRANSMISSION** — by personally transmitting to the above-named person(s), who has previously agreed to receive documents via facsimile transmission, to the facsimile number(s) shown above, on the date and time listed below, from facsimile machine number , pursuant to California Rules of Court, rules 2003-2008, Government Code section 11440.20, and California Code Regulations, title 1, section 1008, subdivision (d). A true copy of the above-described documents(s) was transmitted by facsimile transmission and the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached to this proof of service.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and this Declaration was executed at **Sacramento, California** at **10:34 AM** on the **26** of **December**, 2006. _____
Shiloh Peevey

# MEDIATION

## WHAT IS MEDIATION?

Mediation is a managed process during which the parties discuss their dispute in an attempt to reach a mutually acceptable resolution. The manager of the process is called the "mediator." The mediator is a neutral participant, skilled in methods of facilitating effective communication between the parties. In mediation, it is the parties themselves that determine if a resolution is reached, and if so, the terms of their agreement.

## HOW DOES MEDIATION WORK?

The manner in which the mediation is conducted will vary somewhat depending on the methods that a particular mediator has found most successful. Typically, the mediator will begin with his or her own introductory remarks explaining his or her role, the roles of the other participants, and the steps that will be followed during the mediation. The introduction will include a discussion of proposed "ground rules" or guidelines to be agreed upon by the parties before engaging in mediation. These often include an agreement not to interrupt another person while speaking, a promise not to personally attack another party, and commitments not to engage in sarcasm or other counterproductive behavior.

Following brief introductory remarks by the mediator, the parties will generally be asked to provide an opening statement addressed to the other parties. Who goes first is determined by the mediator if the parties do not otherwise agree themselves. An opening is the opportunity for each side to describe in brief terms the background of the dispute and issues included in the due process hearing request. The mediator will often summarize the parties' positions including those things which are not disputed and those things which are.

After summarizing the parties' positions, the mediator will invite the parties to begin the most important part of the mediation, the negotiation stage. Most of the time in mediation will be spent in negotiation with the parties exploring all reasonable options for resolution of the dispute. During this stage, any of the participants may request to meet with any other participant, including the mediator, in private. This is often called a "caucus."

## WHO WILL BE THE MEDIATOR?

Mediators are all Administrative Law Judges (ALJs) with the Special Education Division of the Office of Administrative Hearings, a division of state government. While the ALJs carry the title of "judge," their role in mediation is quite different than the job they perform when hearing a due process hearing. As a mediator, their role is not to determine who is right or wrong and render a decision. In mediation, they manage the communication between the parties and, when resolution is reached by the parties, help the parties draft their mediation agreement. All of the ALJs are trained both in mediation and special education law.

An ALJ who serve as a mediator is expressly forbidden from presiding over a due process hearing in a matter that he or she mediated. He or she is forbidden by law and ethical obligations from discussing the mediation with anyone not involved in the mediation, including the ALJ who will preside over the due process hearing, should one be necessary.

## CONFIDENTIALITY

By federal and state law, all communications during the mediation are confidential and may not be used by any participant as evidence in a later due process hearing or civil proceeding. Anything said, any admission made, and any document prepared in the course of mediation is a confidential communication. The settlement agreement must include language confirming the confidentiality of communications during the mediation.

## WHAT HAPPENS WHEN THE PARTIES RESOLVE THE MATTER IN MEDIATION?

The mediator will assist the parties in drafting an agreement which resolves their dispute. By law, once signed by the parties, the document becomes a binding contract. The agreement must be consistent with federal and state special education law. Each party must sign the agreement and each will receive a copy. The terms of the agreement may be enforced in court or, if the parent believes a school district or other agency is not complying with the agreement, by compliance complaint with the state Department of Education.

## WHAT IF MORE INFORMATION IS NECESSARY TO RESOLVE THE DISPUTE?

Multiple mediation sessions are generally not a good idea. However, if the parties agree that critical information is not available, they may agree to continue the mediation for a short time to obtain the information. This might include an additional evaluation, an opportunity for parties to observe a proposed placement, or participation by one or more experts in the mediation.

## WHAT IF THE MEDIATION IS UNSUCCESSFUL?

Mediations are successful in the vast majority of cases. If the mediation is not successful, the next stage is the due process hearing previously scheduled by the Office of Administrative Hearings. The parties are encouraged to continue their discussions between the conclusion of the mediation and the start of the due process hearing, and many cases do settle during this time period.

# OFFICE OF ADMINISTRATIVE HEARINGS
## SPECIAL EDUCATION DIVISION
### STATE OF CALIFORNIA

## REQUEST FOR CONTINUANCE OF
## DUE PROCESS HEARING AND/OR MEDIATION

STUDENT NAME: _____     CASE NO.: _____

Due Process Hearing is currently set for _____.

The Mediation Date is currently set for _____.

---

[  ]    **CHANGE MEDIATION DATE and CONTINUANCE OF DUE PROCESS HEARING**
The undersigned requests a change in Mediation date and a continuance of the Due Process Hearing in the above case. One or both of the parties are unable to attend the assigned Mediation date and request this continuance of the Due Process Hearing to effectively participate in mediation and permit adequate time to prepare for the due process hearing if mediation is unsuccessful. The parties understand that if OAH continues the Due Process Hearing, OAH will schedule a Telephonic Trial Setting Conference approximately two weeks after the mediation, to confirm Due Process Hearing Dates, if necessary. Three alternative mediation dates for consideration by the Office of Administrative Hearings within 30 days of the presently scheduled mediation date are listed below:

_____

_____

_____

[  ]    **CONTINUANCE OF DUE PROCESS HEARING**
The undersigned requests a continuance of the Due Process hearing date. **(Please attach a declaration or Statement of Facts supporting your request. Attach a proof of service or other confirmation that the request was served upon or delivered to the other parties.)**

If one of the parties wishes to *only* change the *mediation date*, they must contact OAH **(916) 263-0880**

The signatures of all parties, or their representatives, reflecting agreement appear below.

**If all parties do not agree, attach a proof of service or other confirmation that the request was served upon or delivered to the other parties.**

_____          _____
(Signature of Parent/Representative)          Date

_____          _____
(Signature of District/Agency Rep.)          Date

_____          _____
(Signature of Other Party/Representative)          Date

# EXHIBIT C

se No. _N2006 120784_

te: _3/7/07_

Mediator _MW Anderson_

## FINAL MEDIATION AGREEMENT

he parties agree that all discussions in this mediation shall remain confidential and may not be introduced as idence in any subsequent due process hearing or civil proceeding.

he parties have reached a Final Agreement.

he specific terms of the Final Agreement are:

_See attached._

By their signatures, the parties acknowledge that they have entered into an enforceable Agreement that is to e carried out in its entirety. For purposes of implementation and enforcement of this Agreement, the parties mutually nsent to the disclosure and admissibility of this written Agreement.

| r Petitioner | Date | for Respondent | Date |
|---|---|---|---|
| | | _Steve Collin_  3/7/07 | |
| r Petitioner | Date | for Respondent | Date |
| _[signature]_  3/7/07 | | _Marge Rowe_  3/7/07 | |
| :titioner's Attorney or Advocate | Date | Respondent's Attorney or Advocate | Date |

Page _1_ of _7_

:vised 10/06

Case No. _N̲A̲S̲G̲ ̲0̲2̲ ̲7̲9̲4̲_

Date: _3/7/17_

Mediator _Will Eth除___

## FINAL MEDIATION AGREEMENT

The parties agree that all discussions in this mediation shall remain confidential and may not be introduced as evidence in any subsequent due process hearing or civil proceeding.

The parties have reached a Final Agreement.

The specific terms of the Final Agreement are:

_See attached._

By their signatures, the parties acknowledge that they have entered into an enforceable Agreement that is to be carried out in its entirety. For purposes of implementation and enforcement of this Agreement, the parties mutually consent to the disclosure and admissibility of this written Agreement.

| | |
|---|---|
| _Carl R. Alln_  3/7/07 | |
| for Petitioner          Date | for Respondent          Date |
| | _____ _3/7/07_ |
| | for Respondent          Date |
| _____ _3.7.07_ | _____ Reint_  3/7/07 |
| Petitioner's Attorney or Advocate   Date | Respondent's Attorney or Advocate   Date |

Page _1_ of _7_

vned 10/06

# FINAL SETTLEMENT AGREEMENT AND RELEASE
## Sean Marquis v. West Contra Cost Unified School District
### OAH Case No. N2006120794
#### Date of Full Execution: _____
##### (Student's D.O.B. : 11/1/1995)

This Final Settlement Agreement and Release ("Agreement") is between Sean Marquis ("Student"), by and through his parent, Carol Allen ("Parent") (hereinafter collectively referred to with Student as "Petitioner"), and the West Contra Costa Unified School District ("District").

On or about December 22, 2006, Petitioner caused to be filed with the California Office of Administrative Hearings ("OAH") a due process hearing complaint on issues regarding Student's educational program. OAH designated the matter as Sean Marquis v. West Contra Costa Unified School District , OAH No. N2006120794. Petitioner's complaint was subsequently deemed insufficient by OAH on January 2, 2007. Thus, Petitioner filed an amended due process complaint on January 3, 2007.

This Agreement constitutes a full and final resolution of all claims and issues arising from or related to Student's educational program through the date of the individualized education program ("IEP") team meeting provided for herein, including, but not limited to, all of the claims and issues raised in, or related to, OAH Case No. N2006120794.

## MUTUAL COMPROMISE

This Agreement is entered into by the Parties for the purpose of compromising and settling disputed claims and issues. It does not constitute, nor shall it be construed as, an admission of liability by the District or Petitioner for any purpose. In addition, no party shall be deemed the "prevailing party" in OAH Case No. N2006120794 or in any other action or proceeding arising from, or related to, the issues and claims raised in OAH Case No. N2006120794.

Petitioner and the District (hereafter referred to collectively as "Parties"), in consideration of the promises made herein, agree as follows:

1. With the signing of this Agreement, OAH Case No. N2006120794 is dismissed with prejudice.

2. Petitioner waives any and all claims related to, or arising from, Student's educational program through the date of the IEP team meeting provided for herein.

3. Petitioner agrees that the placement contained herein constitutes a free appropriate public education ("FAPE") for Student through the date of the IEP team meeting provided for herein.

4.    The District agrees to:

(a)    Fund Student's placement at Children's Learning Center ("CLC"), a certified non-public school, located in Alameda, California through the end of the 2006-2007 regular school year and extended school year, including transportation to and from home and school. As part of this placement, the District agrees to fund one thirty-minute session of individual DIS-counseling, one thirty-minute group session of DIS-counseling per month, and six hours per year of assistive technology consultation to Student's IEP staff through the date of the IEP team meeting referred to herein. Following the IEP team meeting provided for herein, the District shall have no responsibility to provide Student with DIS-counseling. Such services shall not be construed as stay put under state and federal law.

(i)    If CLC does not or cannot accept Student into its program, Petitioner agrees to Student's placement in the TEP non-severely-handicapped special day class ("SDC") at Pinole Middle School, located within the District. All other services referred to herein will be provided to Student in this placement in the manner described herein.

(b)    Fund/provide fifteen thirty-minute make-up sessions of occupational therapy services and one forty-five-minute make-up session of occupational therapy services to be provided either at CLC or at Pinole Middle School, whichever is Student's placement. Such services shall not be considered stay put under state and federal law.

(c)    Convene an annual IEP team meeting within thirty days of the full execution of this Agreement, including a review of Mental Health's AB3632 evaluation. This IEP team meeting shall include the staff from Keystone as well as Student's placement under this Agreement to allow consultation between staff and provide for Student's transition between placements. Petitioner agrees to waive any and all timelines with respect to the convening of the currently scheduled (March 13, 2007) annual IEP team meeting/IEP team meeting to review Mental Health's AB3632 evaluation.

(d)    Provide one hour of one-to-one tutorial for Student daily between Monday, March 12, 2007 and the date Student begins attending either CLC or Pinole Middle School. This tutorial will be provided by a District teacher at a time arranged by the Parent and District teacher. The tutorial will be provided at the District's special education office at 2465 Dolan Way, San Pablo, California. Parent agrees to provide Student with transportation to

and from this services; the District shall have no responsibility to provide Student with transportation to and from this service. Such services shall not be considered stay put under state and federal law.

    (e)    To reimburse Petitioner for attorneys' fees and costs in the amount of seventeen hundred fifty dollars and no cents ($1750.00). Said reimbursement shall be made payable to the trust account of Nicole Hodge, Attorney at Law. Said reimbursement shall be paid within 30 business days of the full execution of this Agreement. The District acknowledges the receipt of an invoice in this matter.

5.    By signing this agreement, Parent consents to, and authorizes the District to implement the goals and objectives and behavior support plan as contained in Student's March 14, 2006 IEP and all associated addendums, including Student's December 15, 2006 triennial IEP.

6.    Upon the signing of this Agreement, the District agrees to postpone the District's truancy proceedings unless Parent refuses to comply with the terms of this Agreement.

7.    Parent agrees to comply with all requests made by CLC, including but not limited to attending the required visitations at CLC as part of Student's application process to CLC.

## GENERAL RELEASE AND DISCHARGE

Petitioner hereby fully releases and discharges each other from all claims, damages, liabilities, rights and complaints of whatever kind or nature arising from or related to Student's educational program through the date of the IEP team meeting provided for herein.

This release and discharge precludes Petitioner and anyone acting on behalf of Petitioner from hereafter initiating or maintaining any actions or proceedings, other than proceedings to enforce this Agreement, arising from or related to Student's educational program through the date of execution of this Agreement.

This release and discharge applies to any action or proceeding based on any state or federal statute, regulation, case decision, or common law including, but not limited to, claims under the Individuals with Disabilities Education Act (20 U.S.C. § 1400, et seq.), 42 U.S.C. section 1983, Section 504 of the Rehabilitation of Act of 1973 (29 U.S.C. § 732), the Americans with Disabilities Act (42 U.S.C. § 12101), California Education Code § 56000, et seq., and School Committee of the Town of Burlington v. Dept. of Ed., 471 U.S. 359, 105 S.Ct. 1996 (1985). However, this release and discharge does not apply to state tort claims.

Moreover, this release and discharge applies to all claims for injuries, damages, or losses related to Student's educational program through the date of the full execution of this Agreement, regardless of whether those injuries, damages, or losses are currently known or unknown, foreseen or unforeseen, or patent or latent.

Petitioner certifies that they have read, and hereby waive the application of, the following provision of California Civil Code § 1542 through the date of the full execution of this Agreement:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor."

## RELOCATION

Parent and Student currently reside at 166 Paradise #9, Hercules, CA 94547. The Parties agree that the District shall have no obligation to continue to provide the services and funding specified herein should Petitioner relocate outside the jurisdictional limits of the District. If Parent and/or Student relocates outside the District or within the District's jurisdictional limits, at any time during which this agreement is in effect, Parent must immediately notify the District in writing of the new address. In addition, if requested by the District, Parent shall provide proof of residency. Failure to provide proof of residency within 10 days of a written request will result in the suspension of all services and reimbursements set forth in this agreement until such time as proof of residency is provided to the District.

## CONFIDENTIALITY

The Parties agree that this Agreement is confidential and that the nature and terms of this Agreement shall not be disclosed to third parties except as required by law and as necessary to implement and enforce the Agreement. Unauthorized disclosure will render this Agreement voidable by the non-violating party.

## ENTIRE AGREEMENT

This Agreement is the entire agreement and understanding of the parties. There are no oral understandings, terms, or conditions, and neither party has relied upon any representation, express or implied, not contained in this Agreement. All prior understandings, terms, or conditions, written, oral, express, or implied, are superseded by this Agreement. This Agreement cannot be changed or supplemented orally and may be modified or superseded only by written instrument executed by the Parties.

## BINDING EFFECT

This Agreement is for the benefit of and shall be binding on all of Parties and their respective successors, heirs, and assigns.

## EXECUTION BY FACSIMILE OR IN COUNTERPARTS

This Agreement may be executed in counterparts such that the signatures may appear on separate signature pages. A copy of an original, with all signatures appended together, shall be deemed a fully executed agreement. A facsimile version of any party's signature shall be deemed an original signature. Each counterpart shall be deemed an original and the same document for all purposes.

## SEVERABILITY

If any provision of this Agreement is held to be void, voidable, or unenforceable, the remaining portions of the Agreement shall remain in full force and effect.

## VOLUNTARY AGREEMENT

The Parties represent that they have read this Agreement in full and understand and voluntarily agree to all the provisions herein, free from fraud, coercion or duress. The Parties represent that they were provided with an opportunity to consult with legal counsel of their own choosing regarding this Agreement and each of its provisions. The Parties further represent that they have, as of the date of execution of this Agreement, the legal capacity to understand, agree to, and sign this Agreement.

## EFFECTIVE DATE

This Agreement shall be effective and shall be implemented upon full execution by the Parties.

Petitioner:

Date: _3/7/07_                    _Carl R. Allen_
                                  By Carol Allen, Parent

Respondent District:

Date: _3/7/07_                    _Steve Collins_
                                  By Steve Collins, SELPA Director

BINDING EFFECT

This Agreement is for the benefit of and shall be binding on all of Parties and their respective successors, heirs, and assigns.

EXECUTION BY FACSIMILE OR IN COUNTERPARTS

This Agreement may be executed in counterparts such that the signatures may appear on separate signature pages. A copy of an original, with all signatures appended together, shall be deemed a fully executed agreement. A facsimile version of any party's signature shall be deemed an original signature. Each counterpart shall be deemed an original and the same document for all purposes.

SEVERABILITY

If any provision of this Agreement is held to be void, voidable, or unenforceable, the remaining portions of the Agreement shall remain in full force and effect.

VOLUNTARY AGREEMENT

The Parties represent that they have read this Agreement in full and understand and voluntarily agree to all the provisions herein, free from fraud, coercion or duress. The Parties represent that they were provided with an opportunity to consult with legal counsel of their own choosing regarding this Agreement and each of its provisions. The Parties further represent that they have, as of the date of execution of this Agreement, the legal capacity to understand, agree to, and sign this Agreement.

EFFECTIVE DATE

This Agreement shall be effective and shall be implemented upon full execution by the Parties.

Petitioner:

Date: _____        ...        _____
                                 By Carol Allen, Parent

Respondent District:

Date: 3/7/07            _____
                       By Steve Collins, SELPA Director

Approved as to form and content:

**Hodge Law Firm**

Date: 3-7-07

By Nicole Hodge
Attorney for Petitioner

**Fagen Friedman & Fulfrost**

Date: 3/7/07

By Jennifer R. Rowe
Attorneys for Respondent