

State of California • Department of General Services • Arnold Schwarzenegger, Governor

# OFFICE OF ADMINISTRATIVE HEARINGS

Sacramento    2349 Gateway Oaks, Suite 200    Sacramento, Ca 95833    (916) 263-0880    (916) 263-0890 fax

## FAX TRANSMITTAL INFORMATION PAGE

SACRAMENTO

DATE: 3/20/07     TIME: _____     NO. OF PAGES: _____
(INCLUDING COVER SHEET)

TO:

Nicole Hodge, Esq.
PO Box 5100
Oakland, CA 94605
Facsimile: (866) 602-2986

Jennifer Rowe, Esq.
Fagen Friedman & Fulfrost
6300 Wilshire Blvd., Suite 1700
Los Angeles, CA 90048
Facsimile: (323) 330-6311

NAME: _____
OFFICE: Special Education Division
LOCATION: 2349 Gateway Oaks, Suite 200
FAX NO: (916) 263-0890     PHONE NO: (916) 263-0880

MESSAGE/INSTRUCTIONS

**RE: SEAN MARQUIS**

**ATTACHED PLEASE FIND <u>ORDER DENYING MOTION TO RETURN CASE TO ACTIVE CALENDAR AND CLOSING CASE</u>**

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
SPECIAL EDUCATION DIVISION
STATE OF CALIFORNIA

In the Matter of:

SEAN MARQUIS,

        Petitioner,

v.

WEST CONTRA COSTA UNIFIED
SCHOOL DISTRICT,

        Respondent.

OAH CASE NO. N2006120794

**ORDER DENYING MOTION TO RETURN CASE TO ACTIVE CALENDAR AND CLOSING CASE**

    On December 22, 2006, Student file a request for due process hearing (Complaint) with the Office of Administrative Hearings (OAH). On January 3, 2007, Student filed an amended complaint. On march 7, 2007, the parties met in mediation and reached a final settlement of the matters raised in the complaint.

    On March 14, 2007, Student filed a motion to void the settlement agreement and request to return the matter to the active calendar. Student argues that the settlement agreement is void because Student's consent to the settlement agreement was achieved through mistake of fact and/or fraud on behalf of the district. Consequently, Student argues, the agreement is void.

## APPLICABLE LAW AND DISCUSSION

    The purpose of the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. §§ 1400, et. seq.)1 is to "ensure that all children with disabilities have available to them a free appropriate public education" (FAPE), and to protect the rights of those children and their parents. (20 U.S.C. § 1400(d)(1)(A), (B), & (C); see also Educ. Code, § 56000.) Nothing in the IDEA is to be construed "to restrict or limit the rights, procedures, and remedies available . . ." (§ 1415(l).)

    The jurisdiction of OAH to hear due process claims under the IDEA is limited. (Educ. Code § 56501, subd. (a) [proposal or refusal to initiate or change the identification, assessment, or educational placement of a child, or the provision of a FAPE to a child, or the refusal of a parent or guardian to consent to an assessment of a child, or a disagreement between a parent or guardian and the district as to the availability of a program appropriate

1

for a child].) This limited jurisdiction does not include a school district's alleged failure to comply with a settlement agreement (*Wyner v. Manhattan Beach Unified School Dist.* (9th Cir. 2000) 223 F.3d 1026, 1030.) or with the enforceability of a settlement agreement.

In *Wyner*, during the course of a due process hearing the parties reached a settlement agreement in which the district agreed to provide certain services. The hearing officer ordered the parties to abide by the terms of the agreement. Two years later, the student initiated another due process hearing, and raised, inter alia, six issues as to the school district's alleged failure to comply with the earlier settlement agreement. The California Special Education Hearing Office (SEHO), OAH's predecessor in hearing IDEA due process cases, found that the issues pertaining to compliance with the earlier order were beyond its jurisdiction. This ruling was upheld on appeal. The *Wyner* court held that "the proper avenue to enforce SEHO orders" was the California Department of Education's compliance complaint procedure (Cal. Code Regs., tit. 5, § 4600, et. seq.), and that "a subsequent due process hearing was not available to address . . . alleged noncompliance with the settlement agreement and SEHO order in a prior due process hearing." (*Wyner, supra*, 223 F.3d at p. 1030.)

While this case does not involve the issue of a failure to comply with a settlement agreement, similar jurisdictional principles apply. The *Wyner* court makes clear that the jurisdiction of OAH is limited and does not include jurisdiction to determine whether a settlement agreement is enforceable or is void. Instead, the relief Student seeks lies with a court of competent jurisdiction and not with OAH. As such, the Student's motion is denied. This matter is closed pursuant to the mediation agreement.

ORDER

1. The Student's motion is denied.

2. This matter is closed pursuant to the mediation agreement.

Dated: March 20, 2007

*[signature]*

SHERIANNE LABA
Presiding Administrative Law Judge
Office of Administrative Hearings
Special Education Division

2

## PROOF OF SERVICE

I, **Hector Portela**, declare as follows: I am over 18 years of age and have no interest in the action within; my place of employment and business address is:

**Office of Administrative Hearings
Special Education Division
2349 Gateway Oaks, Suite 200
Sacramento, CA 95833-4231**

On **March 20, 2007**, I served a copy of the following entitled action:

**ORDER DENYING MOTION TO RETURN CASE TO ACTIVE CALENDAR AND CLOSING CASE- OAH CASE NO. - 2006120794**

to each of the person(s) named below, at the address set out next to each name, by the following method:

Nicole Hodge, Esq.
PO Box 5100
Oakland, CA 94605
Facsimile: (866) 602-2986

Jennifer Rowe, Esq.
Fagen Friedman & Fulfrost
6300 Wilshire Blvd., Suite 1700
Los Angeles, CA 90048
Facsimile: (323) 330-6311

☐ **US MAIL** – by enclosing the action in a sealed envelope and placing the envelope for collection and mailing on that date and at the Office of Administrative Hearings, , , State of California, following ordinary business practices. I am readily familiar with the Office of Administrative Hearings' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

☒ **FACSIMILE TRANSMISSION** – by personally transmitting to the above-named person(s), who has previously agreed to receive documents via facsimile transmission, to the facsimile number(s) shown above, on the date and time listed below, from facsimile machine number (916) 263-0554, pursuant to California Rules of Court, rules 2003-2008, Government Code section 11440.20, and California Code Regulations, title 1, section 1008, subdivision (d). A true copy of the above-described documents(s) was transmitted by facsimile transmission and the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached to this proof of service.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and this Declaration was executed at **Sacramento, California** at **3:54 PM** on the **20** of **March**, 2007. _____
                                                                                          Hector Portela