NICOLE HODGE, Bar No. CA 215157
P.O. Box 5100
Oakland CA 94605
Telephone: (510) 569-3666
Email hodgend@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.M.<br>a minor by his parent and next friend<br>Carol Allen , P.M.<br>and<br>CAROL ALLEN<br>                 Plaintiffs,<br>v.<br>WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT FINANCING CORPORATION a California Municipality, et al.<br>                 Defendants. | Case No.: C07-05829 CRB<br><br>Date: March, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS** |

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ………………………………………………………………1

II. SUMMARY OF ARGUMENT

II.   ARGUMENT AND AUTHORITIES……………………………………………………..2

**Legal Standard for 12(b)(1) Motion ………………………………………………………4**

**Legal Standard for 12(b)6 Motion ……………………………………………………...5**

**The March 7, 2008 settlement agreement extends only to West Contra Costa Unified School District.** ……………………………………………………………………… 5

**Physcial, psychological and other abuses, retaliation and deliberate indifference are not legitimately related to S.M.'s educational program and it is against public policy to use a settlement agreement that by its terms limits itself to student's "educational program" to barr issues that could not be presented in the administrative forum?** ……………………………………………………………………………………………..5

**Plaintiffs S.M. and Carol Allen have enforceable causes of action** ………….………10

**Plaintiffs S.M. and Carol Allen have enforceable causes of action** ………………….11

**P.M. has Standing to Request Injunctive Relief** …………………………………..13

**11th Amendment Immunity** ……………………………………………………….13

**Plaintiffs Have Sufficiently Plead Causes of Action** ……………………………………..13

**State Law Claims made by Plaintiffs are Viable**……………………………………….15

CONCLUSION……………………………………………………………………………18

## TABLE OF AUTHORITIES

**CASES**                                                                                        **PAGE**

*Bd. of County Comm'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 403 (1997)………….11

*City of Canton v. Harris*, 489 U.S. 378, 389 (1989) …………………………………………..12

*Conley* v. *Gibson,* 355 U. S. 41 ………………………………………………………………..14.

*Cory v. White*, 457 U.S. 85 (1982), ……………………………………………………………12

*Davis v. Monroe County Bd. Of Education* (1999) 526 U.S. 629………………….…………..16

*Franklin v. Gwinnett County Public Schools*, 503 U. S. 60 (1992) …………………….14, 17

*Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577…………….…..………………………….14

*Gebser v. Lago Vista Independent School Dist.*, 524 U. S.C 274 ………………………………16

*Guardians Ass'n v. Civil Serv. Comm'n, N.Y.C.,* 463 U.S. 582, 594-95 (1983). …..…………12

*Hishon v. King & Spalding,* 467 U.S. 69, 73..………..………………………………………14

1  *Jacobson v. Hughes Aircraft_Co.* (9th Cir. 1997) 105 F.3d 1288, ……………….……………..4

2  *JACKSON v. BIRMINGHAM BOARD OF EDUCATION*, 544 U.S. 167 (2005) ………………12

3  *Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir.1983). ……………………………………………..7

4  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406 (3rd Cir. 1991) ……………….………….4

5  *Maynard v. Durham & S.R. Co.,* 365 U.S. 160, (1961)………………………….…………….9

6  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978)……………………….11

7  *Orion Tire Corp. v. Goodyear Tire & Rubber Co.* (9th Cir. 2001) 268 F.3d 1133 …………….4

8  *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992). ……………………………………….11

9  *Pegram v. Herdrich* (2000) 530 U.S. 211 (9th Cir.1983)…………………………….……….4

10  *Pennhurst State Schcool and Hospital v. Halderman* 465 U.S. 89 (1984)…………………. 13

11  *Salmeron v. United States*, 724 F.2d 135 (9th Cir. 1983)……………………………………….10

12  *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004) ……….…….2,3

13  *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) ……………..….4, 14

14  *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ……………………………………..11

15  *W.B. v. Matula* 67 F.3d 484 (3d Cir.1995) ………...……………………………………………9

16  *Witte v. Clark County School District,* 197 F.3d 1271 (9th Cir. 2002) ……………….....….7

**STATUTES**
20 U.S.C. §§ 1400-1482 ……………………………………………………………………….6,7
20 U.S.C. §1681……………………………………………………………………………...…18
20 U.S.C. § 1681(a)…………………………………………………………………………….15
28 U.S.C. § 1367……………………………………………………………………………....12
29 U.S.C.A 794………………………………………………………………………………….6
42 U.S.C. §1983………………………………………………………………….,……..  ..7,8
42 U.S.C. 12101-§12132……....………………………………………………………….10, 11

**FEDERAL RULES AND LOCAL RULES**
FED R. CIV. PROC RULE 8(a)…………………………………………………………………12
-0FED R. CIV. PROC RULE 12(b)(6)……………………………………………..…….3
FED R. CIV. PROC RULE 12(e)……………………………………………………………

**REGULATIONS**

34 C.F.R. Part 300……………………………………………………………………….6

STATEMENT OF ISSUES TO BE DECIDED

**1. Whether the March 7, 2008 settlement agreement extends only to West Contra Costa Unified School District.**

**2. Whether physical, psychological and other abuses, retaliation and deliberate indifference are legitimately related to S.M.'s educational program and whether it is against public policy to use a settlement agreement that by its terms limits itself to student's "educational program" to barr issues that could not be presented in the administrative forum?**

**3. Whether Plaintiffs S.M. and Carol Allen have enforceable causes of action**

**4. Whether Plaintiff P.M. has enforceable causes of action**

**5. Whether P.M. has standing to request Injunctive Relief**

**6. The appropriate 11th Amendment Immunity for this action**

**7. Whether Plaintiffs Have Sufficiently Plead Causes of Action**

**8. Whether Plaintiffs State Law Claims are Viable**