THOMAS F. BERTRAND, ESQ., SBN 056560
MICHAEL C. WENZEL, ESQ., SBN 215388
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

*Attorneys for multiple Defendants (see signature*
*page for complete list of parties represented;*
Civil L.R. 3-4(a)(1))

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| S.M, a minor by his parent and next friend Carol Allen, P.M. a minor by his parent and next friend Carol Allen and CAROL ALLEN | CASE NO. C07-05829 CRB |
| Plaintiffs, vs. | |
| WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT FINANCING CORPORATION a California Municipality, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, in their official capacities, BRUCE HARTER in his capacity as Superintendent and as an individual, WENDELL GREER, in his official capacity, and as an individual HARRY CULBERTSON as an individual and in his official capacity, STEVE COLLINS in his official capacity, DARLENE JONES in her official capacity, KEN TALKEN in his official capacity, GRAIG CROSSLEY as an individual and in his official capacity, DOE NICHOLSON, as an individual and DOES 1-10, | DECLARATION OF JENNIFER R. ROWE IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, RULE 12(b)(1) AND/OR 12(b)(6) AND MOTION FOR MORE DEFINITE STATEMENT

Complaint filed: November 16, 2007

Date:  March 28, 2008
Time:  10:00 a.m.
Courtroom: 8, 19th Floor |
| Defendants. | |

I, JENNIFER R. ROWE, declare:

    1. I am an attorney, duly licensed to practice before the Courts of the State of California and the United States District Court for the Northern District of California. I am an associate in the law firm of Fagen, Friedman and Fulfrost, which represents the WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT (the "DISTRICT") in special education

DECLARATION OF JENNIFER R. ROWE IN SUPPORT OF DEFENDANTS' REPLY MEMORANDUM
*S.M. v. West Contra Costa Unified School District, et al.* Case No. C07-05829 CRB

1  matters. I have personal knowledge of the facts contained herein and, if called to do so, could

2  completely and competently testify thereto.

3         2. I personally worked with the DISTRICT on special education matters at all

4  relevant time periods set forth in plaintiffs' Complaint in this action, including all special

5  education administrative proceedings relating to plaintiff S.M.

6         3. Attached hereto as Exhibit 1 is a true and correct copy of the "Amended Request

7  for Due Process Hearing; Notice of Representation; Request for Confidential Early Resolution

8  Session; Request for Expedited Hearing" ("Amended Request for Due Process Hearing"), dated

9  January 3, 2007, in OAH Case No. N2006120794, which I received from counsel for S.M. and

10 CAROL ALLEN.

11        4. Also attached as part of Exhibit 1 is a true and correct copy of the "Proof of

12 Service" forwarded to me along with the Amended Request for Due Process Hearing, indicating

13 service on me by counsel for S.M and CAROL ALLEN. The proof of service attached to the

14 Amended Request for Due Process Hearing contains a service date of "1/3/2006", which I

15 believe to be a typographical error given that I received the document on January 3, 2007, and

16 the document served was dated January 3, 2007.

17        I declare under penalty of perjury under the laws of the State of California that the

18 foregoing is true and correct.

19        Executed this 13th day of March 2008, at Los Angeles, California.

20

21

22                        JENNIFER R. ROWE

23

24

25

26

27

28

# EXHIBIT 1

1  NICOLE HODGE, Bar No. CA 215157
   P.O. Box 5100
2  Oakland, Ca. 94605
   Telephone: (510) 569-3666
3  Facsimile:  (866) 602-2986

4

5

6  Attorneys for Petitioner,
   Sean Marquis
7

8              OFFICE OF ADMINISTRATIVE HEARINGS

9                   SPECIAL EDUCATION UNIT

10 SEAN MARQUIS                    Case No.: N2006120794

11              Petitioner,

12 v.
                                   AMENDED REQUEST FOR DUE
13 WEST CONTRA COSTA UNIFIED SCHOOL   PROCESS HEARING; NOTICE OF
   DISTRICT,                        REPRESENTATION; REQUEST FOR
14                                  CONFIDENTIAL EARLY RESOLUTION
              Respondent.           SESSION; REQUEST FOR EXPEDITED
15                                  HEARING
16

17

18      Petitioner, SEAN MARQUIS by and through his parent/guardian CAROL ALLEN (Ms.
19 Allen), by their attorney, Nicole  Hodge , hereby bring this  Due Process Complaint against
   Respondent, WEST CONTRA COSTA Unified School District (the District ) as follows:
20

21                       **STUDENT'S INFORMATION**

22 NAME:              Carol Allen
   ADDRESS            166 Paradise Street, Apt. 9
23                    Hercules, CA 94547
   DATE OF BIRTH      November 1, 1995
24

25 GRADE LEVEL        7th Grade
   SCHOOL OF          Keystone
26 ATTENDANCE
   SCHOOL DISTRICT OF  West Contra Costa School District
27 RESIDENCE

28

ADAMS ESQ    CORRECTION OF SCRIBNER'S ERROR
A Professional Corporation                              T, BAYER V. WILLIAM S. HART UNION HIGH SCHOOL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PARENT'S INFORMATION

NAME                    Carol Allen
ADDRESS                 Same as above
HOME PHONE

## PARTIES TO BE NAMED

DISTRICT OF RESIDENCE:  West Contra Costa Unified School District
ADDITIONAL PARTIES:
(Address, phone # & fax#.)

## REQUESTING PARTY

PARENT REPRESENTATIVE:  Nicole Hodge, Esq.
                        P.O. Box 5100
                        Oakland, CA. 94605
                        510.569.3666 phone
                        866-602-2986

## NOTICE OF REPRESENTATION

Please take notice that Nicole Hodge, Esq. has been retained to represent Student's interests in this matter. Any and all communications must be directed to the above-referenced attorney(s).

## REQUEST FOR EXPEDITED HEARING DATES

Petitioner has not been in school since early of November 2006 and has lacked a classroom teacher since sometime in September 2006. Petitioner requires expedited due process dates because he has been without a teacher or educational instruction and mental health services. Student cannot return to prior placement as a return is substantially likely to result in injury to the child. Keystone and the District has notified parent that it has referred student and parent to a truancy officer and time is of the essence in student being placed due to these disciplinary proceedings.

//
//
//

## REQUEST FOR CONFIDENTIAL RESOLUTION SESSION

Parent requests the opportunity to participate in a resolution session with Respondent and without attorneys, no later than fifteen (15) days of the filing of this complaint.  20 U.S.C. ß1415(f)(1)(B); CCR ß3086.  The parties to the resolution session may participate telephonically. Respondent must contact the above-referenced attorney to schedule a resolution session.

Petitioner requests the original date of January 5, 2007, existing in the original complaint be maintained as time is of the essence in getting student placed in a suitable environment.

## PLEADING REQUIREMENTS

Congress has imposed "minimal" pleading standards for due process hearings. Complaints need only set forth "a description of the nature of the problem," and a proposed resolution of the problem to the extent known and available... at the time." 20 U.S.C. Section 1415(b)(7)(B)(iii); Schaeffer ex rel. Schaffer v. Weast, 127 S. Ct. 528, 532 (2005).

## BRIEF SUMMARY OF FACTS

Sean Marquis (Sean  or  Student ) is a twelve -year old student in the seventh  (7th) grade. He is enrolled at  Keystone Non Public School in Vallejo but has not been in school since November 2006, due to the resignation of his teacher and on campus violence against him by high school aged students. Sean's resides within the jurisdictional boundaries of the West Contra Costa Unified School District (District ).

**Initial IEP and Annual Review**

Student was first made eligible under for special education  services under the eligibility criteria of specific learning disability with auditory processing disorder, pursuant to an initial IEP held on December 5, 2000.

In February 2006, an IEP team found that due to behavioral and emotional needs, Sean's unique needs could best be met at a Non-Public School and Keystone was the option given to parent. Parent was informed that the placement would be temporary to give her time to see if that placement fit student. Parent realized early on that it did not, and that the location of the school

1   made ƒt inaccessible to her, but the district refused to abide by its promise to parent to review the

2   placement and left student at Keystone. On March 14, 2006 an IEP was held while student was

3   enrolled at Keystone.

4        The 3/14/2006 IEP recognized student's need for structured small group behavioral settings. It

5   stated that student would be in a "CORE" subject area 5 days a week with his "teacher."

6        Student was to receive Occupational Therapy in the amount of 42 sessions for 30 minutes

7   per week from March 14, 2006 to March 14, 2007, as well as individual counseling for 42 sessions

8   at 30 minutes a week from March 14, 2006 to March 14, 2007 and group counseling from March

9   14, 2006 to March 14, 2007.

10        Petitioner does not have information to list the exact number of hours or sessions that

11   student has been denied, but student's occupation therapy as well as his counseling services were

12   not provided for lengthy periods because Keystone did not have staff persons hired or contracted

13   to provided these services. The services have been sporadic and of no benefit because of the lack of

14   consistency.

15        The 3/14/2006 IEP team noted that Sean's behavior impeded his learning and that he would

16   require a behavior support plan. Since Sean's teacher resigned his behavior support plan has not

17   been implemented and his disability prevents him from access to education.

18        Historically , Sean has exhibited severe difficulty in behavior management, social/peer

19   interaction, impulsivity, distractibility, speech and language development, reading and math.

20   According to the Confidential Psychological Assesment by Katia Mohr Psy D. in July 11, 2005,

21   Sean presented a depressive disorder, a learning disorder, relational problems, auditory processing

22   disorder, visual processing disorder, and educational problems.

23        On September 18, 2005 Hercules Middle School psychologist/behavioris Rebecca Valero,

24   performed a functional behavioral assessment on Sean. Ms. Valero reported that Sean has

25   significant deficits in social perception, social judgement and social interaction skills needed to

26   satisfactorily function in social settings. Ms. Valero believed Sean's behavior was primarily due to

27   his disability and lack of social competence.

28        PARENT CONCERNS

1    The lack of a teacher in Sean's educational environment, the existence of a rotating cast of
2    teachers, lack of consistency and aides performing as teachers has deprived Sean of a FAPE. Sean's
3    unique needs and relational problems require him to have a consistent instructor. It requires him to
4    have teaching staff trained and familiar with behavior and academic modifications. The aides and
5    substitutes Sean's have been left with are not familiar with his IEP nor are the capable of meeting
6    his unique needs.

7    In February 2006, Sean was placed at Keystone Non Public School, since entering that
8    placement Sean's teacher has left the school, and his class has been managed by rotating and
9    occasionally non-credentialed personnel. Sean has been beat up by older students, assaulted by
10   staff and his counseling services have not always been accessible, due to staff changes and deficits.

11   Ms. Allen has initiated Due Process proceedings because Sean cannot access his educational
12   needs and has received no educational benefit without a stable teacher, and without the behavioral
13   component of his IEP. Parent feels the District breached its duty to provide a free appropriate
14   public education by its failure to implement his needs.

15   Sean's IEP contains academic goals and objectives. His special education teacher is the
16   reviewer and evaluator of these academic goals. Sean lacks a teacher and his goals and objectives are
17   not being met or evaluated.  Sean has auditory processing deficits and requires a modified
18   presentation of instruction. Sean's unique needs are unknown to the rotating group and are not
19   being met in his current placement. The rotating adults in his classroom are not familiar with
20   meeting the needs of student.

21   The special education teacher is the reviewer and evaluator of his behavioral goals.  Sean's
22   behavior impedes his learning and the absence of a teacher to review and evaluate his behavioral
23   needs, has denied him FAPE.

24   The special education teacher is required to monitor the success of Sean's behavioral
25   supports but because Sean does not have a teacher, there is no one available to monitor his needs,
26   and recommend needed changes and adjustments.

27   Students 3/14/2006 IEP placed student in small structured settings at all times. Soon after
28   student's teacher departed, student was placed in a situation that was neither small nor structured,

1   or supervised and he was assaulted by a high school aged student. Student needed medical attention
2   after the attack and has not been to school since that incident.  This was not the first time student
3   was physically battered.  Student does not display physical aggression as a part of his behavior
4   issues. His behavior issues with others are verbal.  Since the departure of Sean's teacher, the adult
5   to student ratio, which Sean requires to access education, has not been consistent.

6     Sean needs to be in an environment staffed with full time professionals so that he can receive
7   and benefit from the academic, and social, emotional and behavioral services. Because Sean's
8   disability requires much parental on campus support and parent cannot access Keystone, student
9   needs to be moved.   Keystone has requested parent come to the school on numerous occasions,
10  but because parent is physically disabled, and relies on public transportation, she cannot get to the
11  school. Student's current placement has not met his needs, and with the lack of teaching staff, and
12  counseling and therapy staff, his needs cannot be met in that placement.

13    Parent who is physically disabled cannot access student when the school decides to keep
14  him or he has a discipline issue. There have been occasions where the school did not allow student
15  to go home on the bus, or told the bus driver to return him after he was on it and heading home.
16  Student had to wait for hours while his grandmother drove from Alameda to Vallejo to pick him up.
17  The school has had other incidents where student was stranded in Vallejo and had to wait hours
18  while parent found him transportation home and across the bridge. Student will benefit from a
19  placement where his mother has access to him and can participate in meetings and other parent-
20  teacher-student interactions.

21    Parent was also informed by the District that Keystone was a temporary placement, and if
22  it did not work out for her and student, the district would facilitate a new placement. The district
23  has refused to facilitate a change in placement.

24    Sean's Behavior Support Plan gave the teaching staff was given a list of tools for Sean to
25  model for his behavioral difficulties, but because he lacks a teacher, he cannot access the tools that
26  will assist him in deriving educational benefits.

27

28

1  **The District has denied Sean a FAPE because he does not possess a regular classroom**

2  **teacher and his program design has not been implemented.**

3        School districts are required to ensure that children with disabilities have highly qualified

4  special education teachers. 20 U.S.C. ß 1412(a)(14)(C).  Highly qualified means that special

5  education teachers must have obtained full state certification as a special education teacher or

6  passed the state special education teaching licensing examination and holds a license to teach in the

7  state as a special education teacher. 20 U.S.C ß 1401(10).

8        The California Department of Education answered the question of whether the No Child Left

9  Behind teacher requirements applies to Nonpublic Schools (NPS) that receive funds through a

10 contract for education services identified on an Individualized Education Program for students with

11

12 disabilities.

13      Passage of Assembly Bill 1858 changed California Education Code 56366.l(n)(1) to require

14 non public school staff to hold the same credentials equivalent to what is required by public school

15

16 teachers.

17      The district has contracted with Keystone to provide education services to Sean, who is a

18 student with a disability under the IDEA.

19      Upon information and belief Petitioner has been informed that his classroom teacher

20 resigned. Since at least September 2006 student's classroom has been ran by adult assistants,

21

22 substitutes and occasionally the school administrator.

23

24      Sean's needs are not being met by the staff assigned to his classroom. His behavioral

25 support plan is not being implemented in the absence of a teacher and he is not receiving

26 modifications for his auditory processing deficits.

27      Because Sean's behavior impedes his learning, and he lacks a teacher to review, evaluate and

28 implement his behavior support plan and academic goals and objectives he is being denied a FAPE.

1   Student's unique needs cannot be met by teaching staff that are not trained in educating a student

2   with his blend of auditory processing deficits and social, emotional and behavioral deficits.

3                  The rule of construction for Sec. 300.18(f) and Sec. 300.156(e) state:

4

5       Notwithstanding any other individual right of action that a parent or student may maintain under this part, nothing in this part shall be construed to create a right of action on behalf of an individual student or class of students for the failure of a particular SEA or LEA employee to be highly qualified,

6       or to prevent a parent from filing a complaint under Sec. Sec. 300.151 through 300.153 about staff qualifications with the SEA as provided for under this part.

7

8         The U.S. Department of Education, provides a Preamble-Analysis of Comments and Changes

9   to the IDEA 2004 regulations. The Department dealt with the issue of highly qualified teachers

10   and FAPE and those rules of construction.

11

12       Comment: Several commenters recommended that the regulations specify that the failure of an SEA or LEA to provide a child with a disability a highly qualified teacher can be a consideration in the determination of whether a child received FAPE, if the child is not learning the core content

13       standards or not meeting IEP goals. However, a few commenters recommended that the regulations clarify that it is not a denial of FAPE if a special education teacher is not highly

14                                      qualified.

15       Discussion: If the only reason a parent believes their child was denied FAPE is that the child did not have a highly qualified teacher, the parent would have no right of action under the Act on that

16       basis. The rules of construction in new Sec. 300.18(f) (proposed Sec. 300.18(e)) and Sec. 300.156(e) do not allow a parent or student to file a due process complaint for failure of an LEA or

17                       SEA to provide a highly qualified teacher.

18

                                   Changes: None.

19

20       Petitioner does not allege that the lack of a highly qualified teacher is the only reason he has

21   been denied a FAPE, petitioner claims that student is denied a FAPE because he does not have a

22   teacher. The lack of a teacher and denies him the supports to implement his IEP and behavior

23   goals and objectives and his academic goals and objectives and denies him a FAPE. Student is not

24   being taught in the classroom, he is not receiving modifications, he cannot access any educational,

25   he is not receiving any educational benefits, and there is no instruction because there is no one to

26   provide instruction.

27

28

The District is in violation of Title 20, United States Code, Section 1412(a)(14)(C). Sean has suffered a loss of educational opportunity and a deprivation of FAPE.

**The District has Sean FAPE for the 2005-2006 extended school year and 2006-2007 school year by failing to implement the March 14, 2006 IEP and subsequently failing to design and implement an educational program to meet his unique and individual needs?**

Students with disabilities have the right to a free appropriate public education (FAPE) tailored to their unique needs, which includes special education and related services.  20 U.S.C. Section 1400(d), 1401(8).  The US Supreme Court in Board of Education v. Rowley defined special education as specially designed instruction, instruction in physical education, home instruction, and instruction in hospitals and institutions, and related services as transportation, and such developmental, corrective, and other supportive services as may be required to assist a handicapped child to benefit from special education. 458 U.S. 176 (1982).

Student's IEP's provided counseling services. Student was to receive Occupational Therapy in the amount of 42 sessions for 30 minutes per week from March 14, 2006 to March 14, 2007, as well as individual counseling for 42 sessions at 30 minutes a week from March 14, 2006 to March 14, 2007 and group counseling from March 14, 2006 to March 14, 2007.

Both of these services were intended to provide benefit for the second semester of the 2005-2006 school year, which includes the extended school year and the 2006-2007 school year.

Student's current placement has failed to provide these services on a consistent basis. The services were scheduled to begin in or around March of 2006, but due to lack of staff the serviced did not begin. Petitioner is unaware of when the services began, but believes they when they did, they were not consistent and not given in the quantity of time listed in the 3/14/2006, IEP. The consequence is that Sean has lacked the services that will provide him the tools to access education. Sean has been denied a FAPE because the needs that have not been met impede his learning.

The District has been aware or should have been aware of the loss of Sean's teacher, DIS counselor, and occupational therapist. The Districts complete failure to adequately monitor and

1   address Sean's educational needs and provide appropriate services is a per se denial of FAPE under

2   20 U.S.C. ß1401(9) and 34 C.F.R. ß300.24.

3       The district has failed to tailor a program to meet students' needs because he now lacks a

4   teacher, he has lacked an occupational therapist at times, and he has lacked a DIS counselor at

5   times. Each of these missing components are necessary for student to receive minimum educational

6   benefit.

7

8   **The District Denied Student a FAPE and violated Parent's procedural rights by failing to**

9   **provide prior written notice.**

10     Federal law requires that districts provide parents with written notice a reasonable period of

11  time before the public agency changes or refuses to change the identification, evaluation, or

12  educational placement of the child or the provision of FAPE to the child. 20 U.S.C. Section

13  1415(b)(3)(B); 34 C.F.R. Section 300.503. Here, District failed to provide Parent with any prior

14  written notices, such as: 1) that student's teacher had resigned resulting in a change of placement

15  because the structure of the class changed as well as student to adult ratio when the teacher

16  resigned, removal of occupation therapy, because student did not receive it when the school lacked

17  a therapist, lack of counseling services, which student did not receive as listed in the IEP,  2) the

18  evaluation change, because the teacher was charged with evaluating student in his goals and

19  objectives  and upon her departure there was not a teacher there to evaluate, 3) the change in

20  provision of FAPE, because when the teacher departed student's behavioral and academic

21  educational plans were no longer implemented, because students disabilities impede his ability to

22  access education, he was denied FAPE.

23      Parent was not notified that Keystone lacked an occupational therapist. Offering the service

24  but failing to provide it, is in effect a change in placement and a change in the provision of FAPE.

25  The district promised parent that Keystone had the ability to meet student's needs, the district

26  was at all times aware that Keystone did not have the staff required to meet student's needs.

27  Student had been enrolled for sometime before parent was made aware of the absence of the staff

28  required to meet student's need and provide FAPE.

1    Failure to provide prior written notice and explanation of the District's refusal to provide

2  appropriate special education services and placement for Sean violates 20 U.S.C. ß1415(b)(3)(B).

3

4  **Did the District Convene a Resolution Session within 15 days of Original Request?**

5

6    Within fifteen (15) day of receiving notice of the complaint, the public educational agency

7  shall convene a resolution meeting with the parents.  20 U.S.C. ß 1415(f)(1)(B)(i-iv).  Here,

8  Petitioner's original complaint was filed with OAH and the District on December 22, 2006.  In

9  addition to the legal requirement of the resolution session, Petitioner's complaint includes a request

10  for the resolution session.  The District is obligated to convene a resolution session. Petitioner filed

11  its original request on December 22, 2006, 15 days within the date of that request is January5,

12  2007.  While due process hearing timelines restart after an amendment, resolution sessions whose

13  purpose is to reach expeditious resolution are not. School districts have generally failed to convene

14  resolution sessions within the timeline provided by law.   Unlike mediation, the District is

15  obligated to convene a resolution session; it is not voluntary.  Congress wisely intended for there

16  to be an opportunity to resolve these matters as expeditiously as possible prior to litigation.

17  Petitioner needs an expeditious resolution. The District's lack of action may cause this case to be

18  unnecessarily protracted.  If the District convenes a resolution session by January 5, 2007, then

19  Petitioner will withdraw this item as an issue.

20

21    Parent requests an expedited due process hearing and maintenance of an early resolution

22  session may benefit all parties.

23

24

25

26  //

27  //

28

## PROPOSED RESOLUTIONS OF THE ISSUES STATED ABOVE

1. The District shall fund student's placement in a Nonpublic School.

2. The District shall fund transportation to students Nonpublic School.

3. The District shall facilitate Petitioner's entry and application process for Alameda Children's Learning Center.

4. The District shall provide compensatory education in all areas of need, including intensive one-on-one tutoring in core academic areas, including reading, reading comprehension, mathematics, occupational therapy, counseling services to be provided by a Non-Public Agency (NPA).

5. The District shall convene an early resolution session.

If the proof offered at or prior to the due process hearing differs from the description of the nature of the problems, as stated above, relating to the proposed or refused initiation or change, including facts relating to the problem, and its proposed resolution, to the extent known and available to the parent at the time of drafting of this Notice, the parent hereby reserves the right to amend this Notice to conform to the proof at and during the hearing pursuant to 20 U.S.C § 1415(c)(2)(E)(i), Cal. Educ. Code §56502(e).

## CONCLUSION

Based on the record presented above, Petitioner respectfully requests that the Office of Administrative Hearings deems Petitioner the prevailing party on all issues.

DATED: January 3, 2007                    Respectfully submitted,


                                          _____
                                          NICOLE HODGE
                                          Attorney for Petitioner
                                          Sean Marquis

//

## PROOF OF SERVICE

I, Nicole Hodge, declare as follows:  I am over 18 years of age and have no interest in this action within, my business address is: P.O. Box 5100 Oakland, CA. 94605

On January 3, 2007, I caused the true and correct copy of the following document(s) to be served in the manner so  indicated to the following individual(s) listed below:

-    REQUEST FOR DUE PROCESS HEARING

BY FACSIMILE (AT 10:40 a.m.) I caused a copy of said document to be sent via facsimile transmission to the interested party(ies) listed below

OFFICE OF ADMINISTRATIVE HEARINGS        WEST CONTRA COSTA UNFIED
SPECIAL EDUCATION HEARING OFFICER        SELPA DIRECTOR
916-263-0890 fax                                              510 -724-8829

JENNIFER ROWE
FAGEN FRIEDMAN & FULFROST
323-330-6311


BY FACSIMILE- by personally transmitting to the above-named person(s) the documents via facsimile transmission, to the numbers(s) shown above, on the date and time listed below, pursuant to California Rules of Court, rules 2003-2008, Government Code section 11440.20, and California Code Regulations, title 1, section 1008, subdvision (d). A true copy of the above-described document(s) was transmitted by facsimile transmission and the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the  transmitting machine, can be produced upon request.

 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 1/3/2006 at Los Angeles , California.

                                                        x NICOLE HODGE
                                                          Nicole Hodge