NICOLE HODGE, SBN 215157
hodgend@aol.com
P.O. Box 5100
Oakland, CA 94604
Phone: 510-569-3666
*Attorney for Plaintiff S.H.*

THOMAS F. BERTRAND, ESQ., SBN 056560
MICHAEL C. WENZEL, ESQ., SBN 215388
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

*Attorneys for multiple Defendants (see signature page for complete list of parties represented*; Civil L.R. 3-4(a)(1))

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| S.M, a minor by his parent and next friend Carol Allen, P.M. a minor by his parent and next friend Carol Allen and CAROL ALLEN<br><br>Plaintiffs,<br>vs.<br><br>WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT FINANCING CORPORATION a California Municipality, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, in their official capacities, BRUCE HARTER in his capacity as Superintendent and as an individual, WENDELL GREER, in his official capacity, and as an individual HARRY CULBERTSON as an individual and in his official capacity, STEVE COLLINS in his official capacity, DARLENE JONES in her official capacity, KEN TALKEN in his official capacity, GRAIG CROSSLEY as an individual and in his official capacity, DOE NICHOLSON, as an individual and DOES 1-10,<br><br>Defendants. | CASE NO. C07-05829 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: March 28, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>Complaint filed: November 16, 2007 |

1.  **JURISDICTION AND SERVICE**

    Plaintiffs allege that this case arises under the Individuals with Disabilities Education Act

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                                             1

("IDEA"), 20 U.S.C. §1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"; 29 U.S.C. §794), the Americans with Disabilities Act ("ADA"; 42 U.S.C. §12101 et seq.), 42 U.S.C. §1983 ("Section 1983) and the Equal Protection Clause of the United States Constitution. The Court therefore has subject matter jurisdiction, based on a federal question, pursuant to 28 U.S.C. §1331.

WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, erroneously sued as West Contra Costa County Unified School District Financing Corporation, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, BRUCE HARTER, WENDELL GREER, HARRY CULBERTSON, STEVE COLLINS, DARLENE JONES, KEN TALKEN, GRAIG CROSSLEY, and DOE NICHOLSON (collectively "Defendants") have all been served and have filed a Motion to Dismiss Plaintiffs' Complaint. Defendant HARRY CULBERTSON has not been served and has not appeared in this lawsuit.

2.  **FACTS**

Plaintiffs, two minor children and their mother, have filed suit against the District, its Board and several of its current and past employees alleging that these Defendants have violated various federal statutes while plaintiffs attended various schools within the DISTRICT. For plaintiff S.M., this lawsuit follows an administrative "due process" proceeding between the parties which resulted in a March 7, 2007 signed settlement agreement containing a release which "applies to any action or proceeding based on any state or federal statute, regulation, case decision, or common law including, but not limited to, claims under the Individuals with Disabilities Education Act (20 U.S.C. § 1400, et seq.), 42 U.S.C. section 1983, Section 504 of the Rehabilitation of Act of 1973 (29 U.S.C. § 732), the Americans with Disabilities Act (42 U.S.C. § 12101), California Education Code § 56000, et seq., and School Committee of the Town of Burlington v. Dept. of Ed., 471 U.S. 359, 105 S. Ct. 1996 (1985). However, this release and discharge does not apply to state tort claims."

**PLAINTIFFS' STATEMENT OF FACTS**

Plaintiffs have filed suit against West Contra Costa Unified School District, its Board and former and current employees of the district. Plaintiff S.M. is a child with a qualifying disability and prior to instituting this suit his parent filed a December 2006 Due Process Requests and exhausted all educational issues through the administrative process. On March 7, 2007 West Contra School District and S.M. entered into settlement agreement. The General Release and discharge stated, " This release and discharge preclude Petitioner and anyone acting on behalf of Petitioner from hereafter initiating or maintaining any actions or proceedings, other than proceedings to enforce this Agreement, arising from or related to Student's educational program through the date of execution of this Agreement."

Plaintiff S.M. claims that he was physically assaulted and abused by school staff, during school hours and that this physical abuse was a known and accepted practice. Plaintiff S.M. claims that because he is a disabled child he has been verbally put down and abused, threatened, and psychologically and emotionally abused and tortured, denied access to benefits available to non-disabled students, and denied equal protection of attacks by students because of his disability. He also claims that he was retaliated against due to making complaints about the abuse. S.M. claims that these abuses did not serve a legitimate educational purpose or relate to his educational program.

Plaintiff P.M. claims that he was retaliated against as a result of complaints his mother made regarding the abuse of S.M. He was then discriminated against, singled out and punished due to his African-American heritage and his attempts to speak out against the harassment his brother suffered.

These allegations are against individual defendants and the district and board that ratified and accepted the acts.

Defendants contend that they did not engage in a pattern and practice of abusive treatment, and did not condone or encourage any abusive practices as alleged in plaintiff S.M's complaint. Defendants further deny that they physically assaulted S.M. or that they violated his rights. Defendants further contend that they did not harass P.M. or discriminate against him based on his race and/or his brother's disability.

3. **LEGAL ISSUES**

Plaintiffs bring suit pursuant to the IDEA, 20 U.S.C. '1400 et seq., Section 504, 20 U.S.C. '794, ADA; 42 U.S.C. '12101 et seq., Section 1983 and the Equal Protection Clause of the United States Constitution.

Plaintiffs contend that the abuses S.M. have alleged are not related to a legitimate educational purpose or any educational program. Physical, psychological, and emotional abuse of a disabled child was never contemplated as a component of the education of disabled children under the Individuals with Disabilities Education Act. The due process setting offers redress for educational issues only, Plaintiffs could not release claims that the administrative forum could not provide a remedy for nor did plaintiff contemplate a release of such claims, which is why the settlement agreement is specifically limited to educational issues.

Defendants contend that plaintiffs S.M. and ALLEN's claims under the various federal statutes are barred by the March 7, 2007 written settlement agreement between the parties. Defendants claim that the exception carved out in the agreement was intended to and clearly only excepts potential state law tort claims arising out of alleged physical harm to plaintiff S.M. Defendant's contend this Court should dismiss plaintiffs' S.M and ALLEN federal claims and not exercise supplemental jurisdiction over plaintiff S.M.'s state law claims. Defendants further contend plaintiffs' S.M. and ALLEN's First, Fourth, Eighth and Eleventh Causes of Action under §1983 fail to state a claim upon which relief may be granted as the rights sought to be vindicated have independent enforcement schemes.

Defendant's further contend that P.M's §1983 claims in the First, Fourth and Eleventh Causes of Action fail to state a claim upon which relief may be granted for failure to identify the

1  right enforced, P.M.'s claims in the Fourth and Ninth Causes of Action fail to state a claim because
2  P.M. failed to allege he was treated differently than others similarly situated and Title VI does not
3  provide for a private cause of action for disparate treatment, P.M's claims in the First, Second,
4  Third, Fourth, Eighth, Ninth, Tenth and Eleventh Causes of Action fail to state a claim because
5  P.M. has not alleged a disability, P.M.'s Eleventh Cause of Action for Retaliation fails to state a
6  claim because he was not engaged in a protected activity and that P.M. does not have standing to
7  request injunctive relief.

8        Defendants further contend, as to all claims, that they are entitled to immunity under the
9  11th Amendment in part. Finally, defendants contend plaintiffs' complaint is so vague and
10 ambiguous that a more definite pleading is required.

11 4.   **MOTION SCHEDULE**

12       On January 28, 2008, Defendants moved to dismiss Plaintiffs' Complaint pursuant to
13 Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6) and for a more definite statement
14 pursuant to Rule 12(e). Plaintiffs' filed their opposition on March 7, 2008, indicating the desire to
15 amend the complaint. On March 14, 2008, defendants filed their reply to plaintiffs' opposition.
16 The motion was scheduled to be heard on March 28, 2008.

17       On March 17, 2008 the Court issued an order declining to rule on the motion to dismiss and
18 instead ordering plaintiff to file their amended complaint within twenty days of the order. If an
19 amended complaint is not filed by that date, the Court will consider the motion to dismiss. If an
20 amended complaint is filed, defendants will have the opportunity to renew their motion to dismiss.

21       Defendants anticipate filing a second motion to dismiss upon the filing of plaintiffs' first
22 amended complaint. Defendants may file a motion for summary judgment depending on the claims
23 remaining in this lawsuit and the parties' attempts at resolution.

24       Currently, no motions are pending in this matter.

25 5.   **AMENDMENT OF PLEADINGS**

26       Plaintiffs have been provided twenty days to amend their complaint per order of the Court
27 dated March 17, 2008.

28

6. **EVIDENCE PRESERVATION**

Counsel for Plaintiff and Defendants have directed their clients to preserve any and all documents or evidence, including information stored in a recorded or electronic form, which are relevant to the issues in this lawsuit.

7. **DISCLOSURES**

Plaintiffs request that the date for initial disclosures be determined based on the date Defendants schedules its motion to dismiss. If no motion to dismiss is filed Plaintiffs request 2 weeks after Defendant files its answer.

Defendants propose that given the Court's March 17, 2008 order providing plaintiffs twenty days leave to amend their complaint, there is no operative complaint upon which to base initial disclosures. Moreover, given the issues raised in defendants' previously filed motion to dismiss, and the possibility that all or part of the action may be dismissed by way of motion, defendants respectfully submit that initial disclosures should be ordered to be completed two weeks after the Court rules on defendants' renewed motion to dismiss, or, if no motion to dismiss is filed, two weeks from the date defendants file their answer.

8. **DISCOVERY**

The parties have conducted no discovery to date.

Plaintiffs' discovery plan will be based upon defendants answers and denials. We anticipate demand for documents, interrogatories and depositions of staff who assaulted S.M. and Harry Culbertson.

Defendants intend to propound written discovery to plaintiffs, including requests for admissions on behalf of each individual defendant, as well as a request for production of documents. At a minimum, defendants anticipate taking the depositions of ALLEN and the two minor plaintiffs. Given the unresolved nature of the pleadings, and not having the benefit of reviewing the anticipated first amended complaint, defendants are unable to completely anticipate the scope of necessary discovery at this time.

Defendants respectfully submit that, given the fact that a second motion to dismiss is

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                                6

extremely likely, and given the fact that the motion may result in dismissal of some or all of plaintiffs' claims, that in lieu of entering a discovery order at the March 28, 2008 conference, the Court order a further case management conference to take place after the pleadings are resolved, at which time a discovery schedule can be ordered.

In the alternative, defendants propose the following discovery plan, given the unresolved nature of the pleadings:

| Action | Proposed Completion |
|---|---|
| Written interrogatories (50 per party) | December 12, 2008 |
| Requests for Production of Documents | December 12, 2008 |
| Depositions of non-expert witnesses | December 12, 2008 |
| Designation of expert witnesses | February 13, 2009 |
| Depositions of expert witnesses | March 20, 2009 |

Plaintiffs' propose the following discovery plan, which considers the planned maternity leave of Plaintiffs' counsel.

| Action | Proposed Completion |
|---|---|
| Written interrogatories (25 per party) | March 1, 2009 |
| Requests for Production of Documents | March 1, 2009 |
| Depositions of non-expert witnesses | March 1, 2009 |
| Designation of expert witnesses | May 1, 2009 |
| Depositions of expert witnesses | May 20, 2009 |

It is possible that Plaintiffs' may need to amend its proposed discovery plan. Plaintiffs counsel will be taking maternity leave in the next few months and will have a better idea of time to suggested proposed completion of discovery once the potential dismissal motion is scheduled and

completed. Plaintiff intends to retain counsel in her absence to conduct discovery but as of this time that counsel has not signed on.

9.  **CLASS ACTION**

    This matter is not a class action.

10. **RELATED CASES**

    There are no active related cases.

11. **RELIEF**

    Plaintiffs seek an award for actual damages, punitive damages and injunctive relief. Plaintiff does not seek any remedies that relate to education.

    If liability is established, Defendants intend to calculate damages based on the actual damages incurred by Plaintiffs. Plaintiffs are not entitled to an award of compensatory education or attorneys fees in this case.

12. **SETTLEMENT AND ADR**

    The parties have been unable to agree on an ADR process and, on March 7, 2008, filed a Notice of Need for ADR Phone Conference. To date, no conference has been held.

    Plaintiffs' prefer settlement negotiations through early settlement conference with a judge.

    Defendants have suggested mediation as a form of ADR given both parties' counsel inability to make progress towards a settlement in a similar case through an early settlement conference. Defendants are unable to determine prospects for settlement until such time as the pleadings in the matter are resolved given the nature of the previously filed motion to dismiss.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

    The parties do not consent to the submission of this matter to a magistrate judge for all further proceedings.

14. **OTHER REFERENCES**

    The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES**

    The parties believe they may be able to stipulate to certain facts and will work to do so prior

to the filing on any dispositive motions in this case.

16. **EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis.

17. **SCHEDULING**

Plaintiffs respectfully request a scheduling order be deferred until the timing of Defendant's motion to dismiss can be ascertained. Plaintiffs' counsel will be taking maternity leave in a few months and until certain dates are known, counsel is unable to suggest dates that might have to be changed later. Plaintiff will not return from leave until the end of September 2008 and as it appears the possible motion to dismiss may not be heard until May 2008. If that timing occurs Plaintiffs request discovery not begin until October 1, 2008.

Defendants respectfully submit that, given the fact that they have not had a chance to review plaintiffs' anticipated first amended complaint, and given the fact that a second motion to dismiss is extremely likely, and given the fact that the motion may result in dismissal of some or all of plaintiffs' claims, that in lieu of entering a scheduling order at the March 28, 2008 conference, the Court order a further case management conference to take place after the pleadings are resolved, at which time a scheduling order can be set.

Alternatively, defendants propose the following schedule for this matter:

| Action | Proposed Completion |
|---|---|
| Non-expert discovery cutoff | December 12, 2008 |
| Designation of Experts | February 12, 2009 |
| Dispositive Motions | February 26, 2009 |
| Expert discovery cutoff | March 27, 2009 |
| Pretrial Conference | April 24, 2009 |
| Trial | June 5, 2009 |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                               9

18. **TRIAL**

Plaintiffs have demanded that the case be tried to a jury. The estimated length of trial is ten (10) days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have no knowledge of the existence of interested parties not named in the complaint.

Defendants verify that they filed a "Certification of Interested Entities of Persons" on March 18, 2008. Other than the Defendants themselves, no other interested parties are known to exist.

20. **RULE 26 MEETING OF COUNSEL**

Counsel for the Parties met and conferred on March 7, 2008 and again during the week of March 17, 2008 regarding issues pertaining to this statement.

Dated: March 18, 2008                    LAW OFFICE OF NICOLE HODGE

By: ____/n/Nicole Hodge_____
     Nicole Hodge
     Attorneys for Plaintiffs

Dated: March 18, 2008                    BERTRAND, FOX & ELLIOT

     /s/ Michael C. Wenzel

By: _____
     Michael C. Wenzel
     Attorneys for Defendants WEST CONTRA
     COSTA UNIFIED SCHOOL DISTRICT,
     *erroneously sued as West Contra Costa
     County Unified School District Financing
     Corporation*, WEST CONTRA COSTA
     UNIFIED SCHOOL DISTRICT BOARD OF
     EDUCATION, BRUCE HARTER,
     WENDELL GREER, HARRY
     CULBERTSON, STEVE COLLINS,
     DARLENE JONES, KEN TALKEN, GRAIG
     CROSSLEY, and DOE NICHOLSON