1  THOMAS F. BERTRAND, ESQ., SBN 056560
   MICHAEL C. WENZEL, ESQ., SBN 215388
2  BERTRAND, FOX & ELLIOT
   The Waterfront Building
3  2749 Hyde Street
   San Francisco, CA 94109
4  Telephone: (415) 353-0999
   Facsimile: (415) 353-0990
5
   *Attorneys for multiple Defendants (see signature*
6  *page for complete list of parties represented*; Civil
   L.R. 3-4(a)(1))
7

8                UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11 S.M, a minor by his parent and next friend       CASE NO. C07-05829 CRB
   Carol Allen, P.M. a minor by his parent and
12 next friend Carol Allen and CAROL ALLEN

13            Plaintiffs,
           vs.
                                                     Date: June 6, 2008
14 WEST CONTRA COSTA COUNTY UNIFIED                  Time: 10:00 a.m.
   SCHOOL DISTRICT FINANCING                         Courtroom: 8, 19th Floor
15 CORPORATION a California Municipality,
   WEST CONTRA COSTA UNIFIED SCHOOL
16 DISTRICT BOARD OF EDUCATION, in their
   official capacities, BRUCE HARTER in his          Complaint filed: November 16, 2007
17 capacity as Superintendent and as an individual,
   WENDELL GREER, in his official capacity,
18 and as an individual HARRY CULBERTSON
   as an individual and in his official capacity,
19 STEVE COLLINS in his official capacity,
   DARLENE JONES in her official capacity,
20 KEN TALKEN in his official capacity, GRAIG
   CROSSLEY as an individual and in his official
21 capacity, DOE TRACEY as an individual and
   in official capacity, DOE CANDACE as an
22 individual and in official capacity, TERRY
   NICHOLSON formerly Doe Nicholson as an
23 individual and DOES 1-10,

24            Defendants.

25

26   **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST
     AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
27   (RULE (12)(b)(1)) AND/OR FAILURE TO STATE A CLAIM (RULE (12)(b)(6));
     AND IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT
28   (Rule 12(e)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF**

# TABLE OF CONTENTS

NOTICE....................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.........................................................2

I.    INTRODUCTION AND SUMMARY OF ARGUMENT..........................................2

II.   STATEMENT OF ISSUES TO BE DECIDED.................................................4

III.  STATEMENT OF FACTS...........................................................................5

    a.    SUMMARY OF RELEVANT FACTS PERTAINING TO S.M. AND ALLEN.................................................................................................5

    b.    SUMMARY OF RELEVANT FACTS PERTAINING TO P.M.....................9

IV.   LEGAL ARGUMENT.................................................................................9

    A.    AUTHORITY FOR MOTION.................................................................9

    B.    PLAINTIFF P.M.'S FIRST CLAIM FOR RELIEF UNDER §1983 ALLEGING A VIOLATION OF THE EQUAL PROTECTION CLAUSE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE HE FAILS TO ALLEGE HE WAS TREATED DIFFERENTLY THAN THOSE SIMILARLY SITUATED............................9

    C.    PLAINTIFF S.M.'S SECOND CLAIM FOR RELIEF UNDER §1983 ALLEGING A VIOLATION OF THE EQUAL PROTECTION CLAUSE AND SEVENTH CLAIM FOR RELIEF ALLEGING, AT LEAST IN PART, A VIOLATION OF THE EQUAL PROTECTION CLAUSE FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.......................................................................................10

    D.    PLAINTIFFS S.M., P.M. AND ALLEN'S THIRD CLAIM FOR RELIEF FAILS TO STATE FACTS SUFFICIENT TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FIRST AMENDMENT.....................11

    E.    THE COURT LACKS SUBJECT MATTER JURISDICTION AND PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AS TO S.M.'s AND ALLEN's SECOND, THIRD, FOURTH, SIXTH, SEVENTH AND EIGHTH CAUSES OF ACTION................................................................12

    F.    PLAINTIFFS' SECOND, THIRD, FOURTH, SIXTH, SEVENTH AND EIGHTH CAUSES OF ACTION, TO THE EXTENT THEY ALLEGE CONDUCT THAT POST-DATES THE PARTIES MARCH 7, 2007 SETTLEMENT AGREEMENT, ARE BARRED BY PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.....................16

    1.    The IDEA's Comprehensive Scheme Includes a Due Process Hearing Prior to the Initiation of a Civil Lawsuit.................................16

2.    The Failure to Exhaust the Administrative Remedies Under IDEA
Results in a Lack of Subject Matter Jurisdiction by the Court..................17

3.    This Court Must Dismiss Here Based on Plaintiffs' Failure to Exhaust
Administrative Remedies Under the IDEA.....................................................18

4.    The Court Must Also Dismiss Plaintiffs' Claims Under the Equal
Protection Clause, The First Amendment, 29 U.S.C. 794, Section 504
of the Rehabilitation Act, 42 U.S.C. §1983 and the Americans With
Disabilities Act...........................................................................................19

G.    PLAINTIFFS S.M. AND ALLEN'S SIXTH CAUSE OF ACTION IS
SUBJECT TO DISMISSAL PURSUANT TO RULE 12(B)(6) ON THE
SEPARATE AND INDEPENDENT GROUND THAT IT FAILS TO
STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED..............21

H.    PLAINTIFF P.M.'S FOURTH AND SIXTH CAUSES OF ACTION ARE
SUBJECT TO DISMISSAL PURSUANT TO RULE 12(B)(6) AS THEY
FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE
GRANTED....................................................................................................22

I.    PLAINTIFFS' S.M, P.M. AND ALLEN'S EIGHTH CLAIM FOR RELIEF
FOR RETALIATION FAILS TO STATE A CAUSE OF ACTION
BECAUSE IT DOES NOT IDENTIFY A SOURCE OF LIABILITY
AND IS DUPLICATIVE OF THE THIRD CLAIM FOR RETALIATION
UNDER THE FIRST AMENDMENT............................................................23

J.    UNDER THE 11TH AMENDMENT, THE DISTRICT AND THE
INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES
ARE IMMUNE FROM §1983 CLAIMS FOR MONEY DAMAGES
AND FROM STATE LAW CLAIMS...............................................................23

K.    THE COURT MAY NOT EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS DUE TO ITS
LACK OF SUBJECT MATTER JURISDICTION OVER THE
COMPLAINT'S FEDERAL LAW CLAIMS..................................................24

L.    IN THE ALTERNATIVE, PLAINTIFFS' STATE LAW CLAIMS ARE
BARRED DUE TO PLAINTIFFS' FAILURE TO ALLEGE THE
TIMELY FILING OF A GOVERNMENT TORT CLAIM.............................25

M.    PLAINTIFFS CLAIMS FOR NEGLIGENT AND INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS ARE SUBJECT TO
DISMISSAL IN PART...................................................................................26

N.    IN THE ALTERNATIVE, DEFENDANTS' MOVE THIS COURT FOR
A MORE DEFINITE STATEMENT..............................................................27

V.    CONCLUSION.........................................................................................................27

ii

# TABLE OF AUTHORITIES

### Cases

*Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.*
    488 U.S. 336 (1989)................................................................10

*Ballistreri v. Pacifica Police Dept.*
    901 F.2d 696 (9th Cir. 1990) .........................................................9

*Belanger v. Madera Unified School Dist.*
    963 F.2d 248 (1992)................................................................24

*Blanchard v. Morton Sch. Dist.*
    504 F.3d 771 (9th Cir. Wash. 2007) ................................................22

*Bohrer v. County of San Diego*
    104 Cal.App.3d 155 (1980) .........................................................25

*Brown v. Napa Valley Unified School District*
    2007 U.S. Dist. LEXIS 53140 (N.D. Ca. 2007)......................................19

*Carnegie-Mellon Univ. v. Cahill*
    484 U.S. 343 (1988)................................................................25

*Chapman v. Houston Welfare Rights Organization*
    441 U.S. 600 (1979)................................................................22

*Cholla Ready Mix, Inc. v. Civish*
    382 F.3d 969 (9th Cir. 2004) .......................................................24

*Christensen v. Super. Ct.*
    54 Cal. 3d 868 (1991) ..............................................................26

*City of Cleburne v. Cleburne Living Ctr.*
    473 U.S. 432 (1985)................................................................10

*Clegg v. Cult Awareness Network*
    18 F.3d 752 (9th Cir. 1994.........................................................9

*Conley v. Gibson*
    355 U.S. 41 (1956).................................................................9

*De La Cruz v. Tormey*
    582 F.2d 45 (9th Cir. 1978) ........................................................9

*Diaz-Fonseca v. Puerto Rico*
    451 F.3d 13 (1st Cir. 2006)........................................................22

*Dreher v. Amphitheater Unified Sch. Dist.*
    22 F.3d 228 (9th C. 1994)..........................................................18

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  *Fall River Joint Unified School Dist. v. Superior Court*
2      206 Cal.App.3d 431 (1998) ................................................................25

3  *Goehring v. Wright*
       858 F.Supp. 989 (N.D. Cal. 1994) ......................................................24
4

5  *Graham v. Connor*
       490 U.S. 386 (1989)...........................................................................21
6
   *Han v. Department of Justice*
7      45 F.3d 333 (9th Cir. 2000) ...............................................................23

8  *Harman v. Mono General Hosp.*
       131 Cal.App.3d 607 (1982) ...............................................................25
9
   *Honig v. Doe*
10     484 U.S. 305 (1988)...........................................................................17

11 *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*
       456 U.S. 694 (1982) ...........................................................................17
12

13 *Keyser v. Sacramento Unified School District*
       265 F.3d 741 (9th Cir. 2001) ..............................................................11
14
   *Levine v.Diamanthuset*
15     950 F.2d 1278 (9th Cir. 1991) ..............................................................9

16 *Lovell v. Chandler*
       303 F.3d 1039 (9th Cir. 2002) ............................................................22
17
   *Marder v. Lopez*
18     450 F.3d 445 (9th Cir. 2006) ..............................................................15

19 *Neal v. Gatlin*
       35 Cal.App.3d 871 (1973) ..................................................................25
20
   *Neveu v. City of Fresno*
21     392 F.Supp.2d 1159 (E.D.Cal. 2005)...................................................10

22 *Padilla v. School Dist. No. 1*
       233 F.3d 1268 (10th Cir. 2000) ..........................................................22
23

24 *Pardi v. Kaiser Foundation*
       389 F.3d 840 (9th Cir. 2004) ..............................................................15
25
   *Pennhurst State Sch. & Hosp. v. Halderman*
26     465 U.S. 89 (1984)..............................................................................23

27 *Richardson v. United States*
       943 F.2d 1107 (9th Cir. 1991) ............................................................17
28

1  *Robb v. Bethel Sch. Dist. #403*
       308 F.3d 1047,  (9th Cir. 2002) ................................................................18, 20
2

3  *Safe Air for Everyone*
       373 F.3d 1035 (9th Cir. 2004) ........................................................................6
4

5  *Savage v. Glendale Union High School*
       343 F.3d 1036 (9th Cir. 2003) ........................................................................9

6  *School Comm. Town of Burlington, Mass. v. Dept. of Educ.*
       471 U.S. 359 (1985) ................................................................................8, 17
7

8  *Seattle School Dist. No. I  v. B.S.*
       82 F.3d 1493 (9th Cir. 1996) ........................................................................17

9  *Silicon Graphics Sec. Litig.*
       183 F.3d 970 (9th Cir. 1999) ......................................................................7, 9
10

11  *Sloman v. Tadlock*
       21 F.3d 1462 (9th Cir. 1994) ........................................................................11
12

13  *State of California v. Superior Court (Bodde)*
       32 Cal.4th 1234 (2004) ..............................................................................25

14  *Steve F. v. Anaheim Union High Sch. Dist.*
       112 Cal. App. 4th 904 (2003) ........................................................................26
15

16  *Thomas v. City of Beaverton*
       379 F.3d 802 (9th Cir. 2004) ........................................................................11
17

18  *Tri-County Special Education Local Plan Area v. County of Tuolumne*
       123 Cal.App.4th 563 (2004) ..........................................................................19

19  *United Mine Workers of America v. Gibbs*
       383 U.S. 715 (1966) ..................................................................................25
20

21  *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*
       371 F.3d 1046 (9th Cir. 2004) ......................................................................10
22

23  *Village of Willowbrook v. Olech*
       528 U.S. 562 (2000) ..................................................................................10

24  *Vinson v. Thomas*
       288 F.4d 1145 (9th Cir. 2002) ......................................................................22
25

26  *Witte v. Clark County Sch. Dist.*
       197 F.3d 1271 (9th Cir.1999) ........................................................................18

27

28

1

Statutes

2 | 20 U.S.C. § 1400(1) ......................................................................19

3 | 20 U.S.C. § 1400(d)(1)(A) ..........................................................16

4 | 20 U.S.C. § 1414 .........................................................................17

5 | 20 U.S.C. § 1415(b)(6) ...............................................................17

6 | 20 U.S.C. § 1415(f) .....................................................................17

7 | 20 U.S.C. §1400 ..........................................................................21

8 | 20 U.S.C. §1415(e)(2) .................................................................17

9 | 20 U.S.C. 1415(k) .......................................................................18

10 | 28 U.S.C. § 1331 .........................................................................25

11 | 28 U.S.C. § 1367(a) .....................................................................25

12 | 29 U.S.C. § 794 ............................................4, 16, 20, 22

13 | 34 C.F.R. § 300.507 .....................................................................17

14 | 34 C.F.R. § 300.509 .....................................................................17

15 | 34 C.F.R. § 300.512 .....................................................................17

16 | 42 U.S.C. §1983 ...........................................3, 10, 15, 21

17 | 42 U.S.C. 1983 .............................................................................3

18 | California Government Code Section 818 ...................................27

19 | Federal Rules of Civil Procedure Rule (12)(b)(6) ..............2, 6, 9

20 | Federal Rules of Civil Procedure Rule 12(b)(1) ...........1, 2, 6, 9

21 | Goverment Code Section 945.4 ..................................................25

22 | Government Code Section 950.2 .................................................25

23 | U.S.C. § 1415(h) ..........................................................................17

24 | U.S.C. §1415(b)(6)(A) .................................................................17

**TO PLAINTIFFS AND TO THEIR ATTORNEY OF RECORD HEREIN**

**PLEASE TAKE NOTICE** that on June 6, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Charles R. Breyer, in Courtroom 8 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California, defendants WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, *erroneously sued as West Contra Costa County Unified School District Financing Corporation*, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, BRUCE HARTER, WENDELL GREER, STEVE COLLINS, DARLENE JONES, KEN TALKEN, GRAIG CROSSLEY, and DOE NICHOLSON (collectively "defendants"), will and do move this court to dismiss this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and (12)(b)(6) because the Court lacks subject matter jurisdiction over the federal and state law claims set forth in plaintiffs S.M., P.M. and CAROL ALLEN's ("ALLEN") complaint and their complaint fails to state a cause of action as to their federal and state law claims.

The parties entered into a mediated settlement agreement on March 7, 2007 which addressed all claims by S.M. and ALLEN under the Individuals with Disabilities Education Act of 2004 ("IDEA"; 20 U.S.C. §1400 et seq.) and all related claims "arising from or related to" S.M.'s educational program up to and including the date of the settlement agreement. This settlement bars any further litigation on these issues, which forms, in part, the basis of plaintiffs' claims in this lawsuit, and constitutes failure to state a claim.

Further, with respect to plaintiffs S.M. and ALLEN's claims based on conduct that is alleged to have taken place after the parties March 7, 2007 settlement agreement, plaintiffs are barred from proceeding in this action because they have failed to exhaust their administrative remedies under the IDEA, which is a prerequisite to filing suit. The relief sought in this lawsuit relates to plaintiff S.M.'s education and seeks redress for injuries that could be remedied to some degree by the IDEA's administrative procedures and remedies. Without exhaustion of administrative remedies by plaintiffs, this Court lacks subject matter jurisdiction over plaintiffs' IDEA claim and related federal claims, and therefore these claims must be dismissed.

Moreover, because the Court lacks subject matter jurisdiction over the federal claims of S.M. and ALLEN, and because the settlement agreement bars their federal claims, the Court cannot exercise subject matter jurisdiction over the state law claims, which must also be dismissed.

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1 Accordingly, the Court should dismiss the entire complaint as to S.M. and Allen.

2 Defendants further seek to dismiss plaintiffs' S.M., P.M. and ALLEN's complaint pursuant to

3 Federal Rules of Civil Procedure Rule (12)(b)(6) because the complaint fails to state a cause of

4 action as to each and every one of their federal claims, including claims under the Equal Protection

5 Clause and First Amendment, and related retaliation claims. Plaintiffs have also failed to state a

6 claim under Rule 12(b)(6) for their state law emotional distress claims and have failed to allege

7 compliance with the Tort Claim filing requirements under the California Government Code.

8 Defendants the DISTRICT, BOARD, and the individual defendants in their official capacities,

9 assert immunity under the Eleventh Amendment as to plaintiffs' First, Second, Third, Fifth, Sixth (as

10 to "Common Law Claims"), Seventh (to the extent it is brought under the Equal Protection Clause),

11 Eighth, Ninth and Tenth Claims for Relief. The Eleventh Amendment provides immunity for claims

12 of money damages where Congress has not validly abrogated sovereign immunity.

13 Finally, in the alternative, Defendants move this Court for a more definite statement under

14 Rule 12(e). Defendants submit a Request for Judicial Notice in support of this motion as well as the

15 Declarations of STEVE COLLINS and Michael C. Wenzel.

16 **MEMORANDUM OF POINTS AND AUTHORITIES**

17 **I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

18 Defendants bring this motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(1)

19 based on the Court's lack of subject matter jurisdiction over the claims in this lawsuit and/or under

20 Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and in the alternative

21 moves for a more definite statement under Rule 12(e). Defendants brings this motion to dismiss

22 under Rule 12(b)(1) both facially and factually.

23 Plaintiffs in this action, two minor children and their mother, bring separate and unrelated

24 claims against the WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT (the

25 "DISTRICT"), WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF

26 EDUCATION (the "BOARD"), and several current and former employees (collectively

27 "defendants"). Plaintiffs S.M. and ALLEN allege that defendants denied S.M. a free and appropriate

28 public education ("FAPE") due to educational inadequacies, improper discipline, disability

discrimination and harassment. They have brought claims under the IDEA, Section 504 of the

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    Rehabilitation Act of 1973 ("Section 504"; 20 U.S.C. §794), the Americans with Disabilities Act

2    ("ADA'" 42 U.S.C. §12101 *et. seq.*.) 42 U.S.C. 1983 (§1983), the Equal Protection Clause and the

3    First Amendment. Plaintiffs also allege state law claims for negligence, negligent and intentional

4    infliction of emotional distress and "negligent training and supervision." Plaintiffs also assert an

5    unspecified claim for "retaliation".

6        On October 26, 2006, plaintiffs S.M. and ALLEN filed a similar lawsuit, also against the

7    DISTRICT, its BOARD, and several employees. Defendants to that lawsuit filed a motion to dismiss,

8    arguing plaintiffs failed to exhaust their administrative remedies. The motion was granted by the

9    Honorable Claudia Wilken by Order dated January 10, 2007. Prior to the dismissal of the original

10   lawsuit, while defendants' motion to dismiss was pending, plaintiffs filed a request for due process

11   with the OAH asserting claims that the DISTRICT denied S.M. a FAPE for the 2005 extended school

12   year and 2006-2007 school year, including in that complaint claims of physical abuse.

13       On or about March 7, 2007 plaintiffs S.M. and ALLEN attended mediation relating to their

14   OAH complaint, which resulted in a signed settlement agreement resolving all issues "arising from or

15   related to" S.M.'s educational program up through and including an IEP that was held in April of

16   2007. The release contains an explicit waiver and release of any and all education related claims,

17   including claims under the IDEA. Plaintiffs S.M. and ALLEN now reassert the same claims

18   previously dismissed by Judge Wilken and previously resolved by way of a settlement agreement.

19   The clear and unambiguous release bars plaintiffs S.M. and ALLEN from re-litigating these issues in

20   the present lawsuit. Further, with respect to plaintiffs' claims based on conduct that is alleged to have

21   taken place after the parties' March 7, 2007 settlement agreement, plaintiffs are barred from

22   proceeding because they have failed to exhaust their administrative remedies under the IDEA.

23       Moreover, plaintiff P.M.'s First Claim and plaintiff S.M.'s Second Claim alleging Equal

24   Protection Violations fail to state a claim because they both fail to allege they were treated differently

25   than others similarly situated. Plaintiffs S.M., P.M. and ALLEN's Third Claim fails to state a claim

26   under the First Amendment for retaliation.

27       Moreover, plaintiff S.M. and ALLEN's Sixth Claim brought under 42 U.S.C. §1983 fails to

28   state a claim upon which relief may be granted because the statutory rights alleged to have been

     violated in that cause of action may not be vindicated under §1983 due to its own comprehensive

                                                                                                    3

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  | enforcement scheme.

2  | Plaintiff P.M.'s Fourth and Sixth Claims brought under federal disability statutes, including
3  | 29 U.S.C. §794 and Section 504 of the Rehabilitation Act, fail to state a claim because P.M. is not a
4  | disabled individual, nor does he allege that he is disabled under those acts, and therefore he cannot
5  | invoke the protections of those acts.

6  | Moreover, because the Court lacks subject matter jurisdiction over each of the plaintiffs'
7  | federal law claims, the Court cannot assert supplemental jurisdiction over plaintiffs' state law claims
8  | of negligence, negligent infliction of emotional distress and intentional infliction of emotional
9  | distress. To the extent this Court can exercise jurisdiction over plaintiffs' state law claims, these
10 | claims fail to state a claim upon which relief may be granted, and plaintiffs have failed to allege the
11 | filing of a timely Government Claim as required by the California Government Code.

12 | Finally, plaintiffs' claims against the DISTRICT and the individual defendants in their official
13 | capacities are improper in that these defendants are immune from §1983 claims for money damages
14 | and from state law claims under the 11th Amendment of the United States Constitution.

15 | In the alternative, plaintiffs' complaint is so vague and ambiguous that defendants cannot
16 | form a response and therefore defendants move for a more definite statement.

## II.    STATEMENT OF ISSUES TO BE DECIDED

17 | Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a statement
18 | of the issues to be decided by the Court:

19 | 1)    Whether plaintiff P.M.'s First Claim and S.M.'s Second Claim under the Equal
20 | Protection clause fail to state a claim due to plaintiffs' failure to allege they were treated differently
21 | than other similarly situated individuals.

22 | 2)    Whether all plaintiffs' Third Claim fails to state a claim for retaliation under the First
23 | Amendment.

24 | 3)    Whether plaintiffs S.M. and ALLEN's education related federal claims are barred by
25 | the parties' mediated settlement agreement.

26 | 4)    Whether this Court lacks subject matter jurisdiction over plaintiffs S.M. and ALLEN's
27 | education related federal claims due to plaintiffs' failure to exhaust their administrative remedies.

28 | 5)    Whether plaintiffs S.M. and ALLEN's Sixth Claim under §1983 fails to state a claim

4

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    upon which relief may be granted as the right sought to be vindicated has and independent

2    enforcement scheme.

3        6)    Whether P.M's Fourth and Sixth Claims for Relief fail to state a claim because P.M.

4    has not alleged a disability.

5        7)    Whether all plaintiffs Eighth Claim fails to state a claim for failure to allege the

6    statutory basis of liability.

7        8)    Whether defendants are entitled to immunity under the 11th Amendment.

8        9)    Whether the Court has discretion to exercise supplemental jurisdiction over plaintiffs'

9    state law claims, and whether those claims fail to state a cause of action.

10        10)    Whether plaintiffs' state law tort claims are subject to dismissal for failure to allege

11    the timely filing of a Government Tort Claim.

12        11)    Whether plaintiffs' complaint is so vague and ambiguous that a more definite pleading

13    is required.

## III.    STATEMENT OF FACTS

14        Plaintiffs' complaint is asserted on behalf of two minor plaintiffs, S.M. and P.M., and their

15    mother, ALLEN. All plaintiffs fail to allege that they have exhausted their administrative remedies.

16    Similarly, all plaintiffs' fail to allege the timely filing of a Government Tort Claim.

17    ### a.    SUMMARY OF RELEVANT FACTS PERTAINING TO S.M. AND ALLEN

18        Plaintiff S.M. alleges he attended school in the DISTRICT, or in a Non-Public school in

19    which he was placed by the DISTRICT, from August of 2005 through April 2008. This lawsuit

20    concerns events which allegedly took place during this time period. (FAC at ¶4)[1] S.M. is a "child

21    with disabilities" under the IDEA. (FAC at ¶9)  S.M. alleges in the complaint that after transitioning

22    to middle school in August 2005, CULBERTSON "suspended and disciplined him for issues related

23    to his disability." (FAC at ¶16) Plaintiffs further allege S.M. was subject to "verbal and physical

24    harassment and abuse on school grounds" in response to "manifestations of his disability. And that

25    Defendants "physically, verbally and emotionally" disciplined S.M. because "of the manifestation of

26

27

28    [1] Plaintiffs inexplicably complain of alleged abuse suffered at Keystone, a non-public school outside the DISTRICT, but fails to name Keystone as a defendant to this lawsuit.

1    his disability…" (FAC at ¶4, ¶17).

2         Plaintiffs S.M. and ALLEN previously brought a similar lawsuit (the "original complaint")

3    on October 26, 2006 in the matter of *S.M. vs. West Contra Costa Unified School District*, Case No.

4    C06-6653. (See Defendants' Request to Take Judicial Notice, Request No. 1.) The original lawsuit,

5    which did not include any reference to plaintiff P.M., brought similar claims against the DISTRICT

6    and its current and former employees for conduct that occurred during the 2005-2006 school year.

7         The original complaint was dismissed by the Honorable Claudia Wilken by Order dated

8    January 10, 2007. (See Defendants' Request to Take Judicial Notice, Request No. 2.) In her order of

9    dismissal, Judge Wilken found that plaintiffs S.M. and ALLEN's alleged injuries in the original

10   complaint could be redressed by the IDEA's administrative procedures and remedies, and therefore

11   dismissed the complaint for failure to exhaust administrative remedies. (See Defendants' Request to

12   Take Judicial Notice, Request No. 2, Order of Dismissal of Judge Wilken; See also *S.M. v. West*

13   *Contra Costa Unified School District* 2007 U.S. Dist. LEXIS 5280 (January 10, 2007).)

14        Defendants here also assert a factual attack on plaintiffs' complaint and in support of its

15   12(b)(1) motion to dismiss through its request for judicial notice/declaration of STEVE COLLINS,

16   and provides certain additional facts not contained on the face of the complaint. Alternatively,

17   defendants present these facts in support of their 12(b)(6) motion to dismiss based upon their crucial

18   and intentional omission from plaintiffs' complaint, and based upon plaintiffs' reference to

19   documents containing these facts in the first amended complaint. On December 22, 2006, prior to the

20   dismissal of the original complaint by Judge Wilken, plaintiffs S.M. and ALLEN filed a request for

21   due process before the Office of Administrative Hearings, claiming that S.M. was denied a FAPE

22   during the 2005 extended school year and 2006-2007 school year.  (See Defendants' Request to Take

23   Judicial Notice, Request No. 3/Declaration of COLLINS in support of Motion to Dismiss, Ex. A and

24   FAC at ¶26).[2]  That complaint specifically alleged that S.M. "has been beat up by older students".

25   _____

26   [2] Defendants have requested this Court take judicial notice of certain documents in support of its motion to dismiss, and alternatively
     provided these documents by way of declaration to establish their authenticity. For a 12(b)(1) factual attack on a complaint, the Court
27   may consider extrinsic evidence. *Safe Air for Everyone* 373 F.3d 1035, 1039 (9th Cir. 2004). In a 12(b)(6) motion to dismiss, the
     Court may consider documents, the authenticity of which is not questioned, that are crucial to the plaintiffs' claims if mention of the
     document is deliberately omitted from the complaint. See, *Stephen H. v. W. Contra Costa County Unified School District.*, 2007 U.S.
28   Dist. LEXIS 41672 , footnote 2 (N.D. Cal. May 24, 2007). The court may also consider documents whose contents are alleged in a
     complaint and whose authenticity no party questions, but which are not physically attached to the plaintiffs pleadings. *In re Silicon*
     (footnote continued)

(See Due Process Complaint, Pages 3-4, attached to Defendants' Request to Take Judicial Notice, Request No. 3/Declaration of COLLINS in support of Motion to Dismiss, Ex. A)

On or about December 26, 2006, the OAH acknowledged receipt of S.M.'s due process complaint dated December 22, 2006, assigned the matter OAH No. N2006120794, and scheduled the matter for a hearing. (See Defendants' Request to Take Judicial Notice, Request No. 5/Declaration of COLLINS in support of Motion to Dismiss, Ex. B.)

Plaintiffs' then filed an "Amended Request for Due Process Hearing", dated January 3, 2007, and under the same OAH case number, alleging that S.M. "has been beat up by older students, assaulted by staff". Plaintiffs further alleged in their OAH complaint that "student was placed in a situation that was neither small nor structured, or supervised and he was assaulted by a high school aged student. Student needed medical attention after the attack and has not been to school since the incident. This was not the first time student was physically battered". (See Amended Due Process Complaint, 5:9-10, 27-28; 6:1-3, attached to Defendants' Request to Take Judicial Notice, Request No. 4/Declaration of COLLINS in support of Motion to Dismiss, Ex. C).

On or about March 7, 2007, the parties resolved the OAH complaint by way of a mediated "Final Settlement Agreement and Release" dated March 7, 2007, resulting in dismissal of OAH Case No. N2006120794. (See Defendants' Request to Take Judicial Notice, Request No. 6/Declaration of COLLINS in support of Motion to Dismiss, Ex. D. FAC at ¶26-27)[3] The release fully resolved all issues relating to and arising from the provision of special education services through "the date of the individualized education program ("IEP") team meeting provided for herein." (*See* Final Settlement Agreement and Release, page 1.) That IEP meeting was to take place within thirty days of the signing of the final settlement agreement, in April of 2007. (See Final Settlement Agreement and Release, Sec. 4.c.) That IEP meeting took place on April 3, 2007. (See Declaration of COLLINS, ¶7)

The March 7, 2007 Final Settlement Agreement and Release contains the following general release:

---

*Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). Here, plaintiffs appear to have referenced certain documents but not attached them to their complaint, including the parties' settlement agreement and relevant OAH due process complaints.

[3] Plaintiffs' factual allegations concerning the events of mediation are troubling not just because the allegations incorrectly state that both S.M. and ALLEN attended the mediation in person when in fact they did not, but also because they improperly reveal confidential mediation communications in violation of 34 CFR §300.506(b)(7). 20 U.S.C. 1415(e)(2)(G)

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## <u>GENERAL RELEASE AND DISCHARGE</u>

Petitioner hereby fully releases and discharges each other from all claims, damages, liabilities, rights and complaints of whatever kind or nature arising from or related to Student's educational program through the date of the IEP team meeting provided for herein.

This release and discharge precludes Petitioner and anyone acting on behalf of Petitioner from hereafter initiating or maintaining any actions or proceedings, other than proceedings to enforce this Agreement, arising from or related to Student's educational program through the date of execution of this Agreement.

This release and discharge applies to any action or proceeding based on any state or federal statute, regulation, case decision, or common law including, but not limited to, claims under the Individuals with Disabilities Education Act (20 U.S.C. § 1400, et seq.), 42 U.S.C. section 1983, Section 504 of the Rehabilitation of Act of 1973 (29 U.S.C. § 732), the Americans with Disabilities Act (42 U.S.C. § 12101), California Education Code § 56000, et seq., and *School Committee of the Town of Burlington v. Dept. of Ed.*, 471 U.S. 359, 105 S. Ct. 1996 (1985). However, this release and discharge does not apply to state tort claims.

(See Final Settlement Agreement and Release, Section 4.c.)

Despite the explicit general release language in the agreement, on November 16, 2007 plaintiffs P.M. and ALLEN re-filed a near identical lawsuit, asserting claims previously dismissed by Judge Wilken and subsequently explicitly waived in the parties March 7, 2007 Agreement. (See Plaintiffs' Initial Complaint filed with this Court on November 16, 2007). After Defendants filed their motion to dismiss plaintiffs' initial complaint in this action, plaintiffs filed a first amended complaint in an attempt to plead around the defenses raised in Defendants motion to dismiss.

The first amended complaint clarifies some issues raised in Defendants initial motion to dismiss, and provides certain date ranges for alleged conduct. Plaintiffs' first amended complaint makes clear that plaintiff S.M. is now alleging claims based in part on conduct that post-dates the parties March 7, 2007 settlement agreement. Specifically, plaintiffs allege that in September of 2007 S.M. "was denied lunch" and that S.M. faces "discrimination, retaliation, abuse and segregation due to the accepted practices of the district toward disabled students, his disability and his opposition to the districts policy of discrimination." (FAC at ¶31-32)

Plaintiffs allege that the DISTRICT filed a Notice of Due Process against S.M. in December of 2007, but dismissed its complaint due to a scheduled February 2008 I.E.P. (FAC at ¶34) Plaintiffs' complaint fails to state that S.M. has exhausted his administrative remedies prior to filing

1  suit with respect to claims based on conduct that post-dates the March 7, 2007 settlement agreement.

2  **b.     SUMMARY OF RELEVANT FACTS PERTAINING TO P.M.**

3      Plaintiff P.M. alleges he is an African–American student attending public school in the

4  DISTRICT. (FAC at ¶9) He alleges that beginning with the fall 2006 school semester, "and

5  continuing until P.M. transferred schools, P.M. was harassed and discriminated against based upon

6  his race and gender and in retaliation for opposing the treatment of S.M." (FAC at ¶53)

7                    **IV.     LEGAL ARGUMENT**

8  **A.     AUTHORITY FOR MOTION**

9      Rule 12(b)(1) provides that a court may dismiss a claim over which the Court lacks subject

10  matter jurisdiction. In deciding a 12(b)(1) motion, the Court may look to the face of the complaint

11  or beyond the complaint to evidence properly presented to the court. *Savage v. Glendale Union*

12  *High School* 343 F.3d 1036 (9th Cir. 2003).

13      A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the

14  complaint. *Levine v. Diamanthuset* 950 F.2d 1278, 1483 (9th Cir. 1991). Dismissal of claims is

15  proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts

16  alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th

17  Cir. 1990). In determining the adequacy of a pleading, the court must determine whether plaintiffs

18  would be entitled to some form of relief if the facts alleged in the complaint were true. *Conley v.*

19  *Gibson* 355 U.S. 41, 45-46 (1956); *De La Cruz v. Tormey* 582 F.2d 45, 48 (9th Cir. 1978).

20  However, the Court is not required to accept "conclusory legal allegations cast in the form of factual

21  allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*

22  *Awareness Network* 18 F.3d 752, 754-55 (9th Cir. 1994.) In addition, whether requested or not, the

23  court may consider documents whose contents are alleged in a complaint and whose authenticity no

24  party questions, but which are not physically attached to the plaintiffs pleadings. In re *Silicon*

25  *Graphics Sec. Litig.* 183 F.3d 970, 986 (9th Cir. 1999).

26  **B.     PLAINTIFF P.M.'S FIRST CLAIM FOR RELIEF UNDER §1983 ALLEGING A VIOLATION OF THE EQUAL PROTECTION CLAUSE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE HE FAILS TO ALLEGE HE WAS TREATED DIFFERENTLY THAN THOSE SIMILARLY SITUATED.**

27

28      To state a claim for violation of the Equal Protection clause of the Fourteenth Amendment, a

1   plaintiff must allege that he was treated differently from other similarly situated persons. *City of*
2   *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  An equal protection claim may be
3   brought by a "class of one," where the plaintiff alleges that he has been intentionally treated
4   differently from others similarly situated and that there is no rational basis for the difference in
5   treatment. *Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.*, 488 U.S. 336 (1989);
6   *Village of Willowbrook v. Olech* 528 U.S. 562, 563 (2000).

7        A §1983 claim based upon a violation of the Equal Protection Clause is subject to a motion to
8   dismiss where a plaintiff fails to allege that he was treated differently than others who were similarly
9   situated. *Neveu v. City of Fresno* 392 F.Supp.2d 1159, 1179 (E.D.Cal. 2005); *see Ventura*
10  *Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004)
11  (plaintiff's failure to identify "other similarly situated property owners or alleged how they are
12  treated differently" left no cognizable basis for equal protection claim and dismissal was proper).

13       Plaintiff P.M. does not allege there were similarly situated students at the DISTRICT who
14  were treated differently than he was.  Simply asserting that plaintiff is a member of a protected class
15  is not sufficient to state a claim under the Equal Protection Clause.  Plaintiff P.M. failed to make the
16  necessary allegations in his original complaint and he does not correct this defect in his first amended
17  complaint. Accordingly, P.M.'s first cause of action for violation of the Equal Protection Clause
18  under the Fourteenth Amendment should be dismissed without leave to amend.

19  **C.   PLAINTIFF S.M.'S SECOND CLAIM FOR RELIEF UNDER §1983 ALLEGING A
        VIOLATION OF THE EQUAL PROTECTION CLAUSE AND SEVENTH CLAIM
20      FOR RELIEF ALLEGING, AT LEAST IN PART, A VIOLATION OF THE EQUAL
        PROTECTION CLAUSE FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY
21      BE GRANTED**

22       Plaintiff S.M.'s Second Claim, brought pursuant to 42 U.S.C. §1983, alleges an Equal
23  Protection violation on the basis of disability under the Fourteenth Amendment. Likewise, S.M's
24  Seventh Claim, at least in part, appears to be based on a violation of the Equal Protection Clause.
25  These claims both fail to state a claim upon which relief may be granted.

26       Similar to the lack of allegations pertaining to P.M., plaintiffs' first amended complaint is
27  devoid of allegations that he was treated differently than others similarly situated. Thus, for the same
28  reasons set forth in the immediately preceding section, plaintiff S.M.'s equal protection claims fail.

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

10

1

2

3

**D.     PLAINTIFFS S.M., P.M. AND ALLEN'S THIRD CLAIM FOR RELIEF FAILS TO STATE FACTS SUFFICIENT TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FIRST AMENDMENT.**

4

5

6

7

To adequately plead a retaliation claim under the First Amendment, a plaintiff must allege (1) that she engaged in protected speech; (2) defendants took an adverse action against her; and (3) the speech was a "substantial or motivated factor" for the adverse action. *See Sloman v. Tadlock*, 21 F.3d 1462, 1469 n.10 (9th Cir. 1994); *Thomas v. City of Beaverton*, 379 F.3d 802, 808 (9th Cir. 2004).

8

9

10

11

12

In determining whether the plaintiff's speech was a substantial or motivating factor for the adverse action, courts examine three principal factors:  (1) proximately in time between the protected speech and the alleged retaliation; (2) the defendant's expressed opposition to the speech; and (3) other evidence that the reasons proffered by the defendant for the adverse action were false and pretextual. *Keyser v. Sacramento Unified School District*, 265 F.3d 741, 751-752 (9th Cir. 2001).

13

14

15

16

17

18

Plaintiff ALLEN has not stated facts sufficient to support a retaliation claim under the First Amendment because she makes no allegations that the DISTRICT took any adverse actions against her personally. A review of the allegations shows that plaintiff ALLEN asserts that the DISTRICT, and individual defendants, mistreated *her sons* in retaliation for her complaints. Even assuming Defendants engaged in all of the alleged misconduct for the purposes of this motion to dismiss, none of the actions were directed toward plaintiff herself. ALLEN cannot state a prima facie case for retaliation for the exercise of her First Amendment rights and her Third Claim should be dismissed.

19

20

21

22

23

24

25

26

Further, plaintiff ALLEN cannot satisfy the third element of a retaliation claim because the complaint contains only vague and ambiguous allegations insufficient to show that the alleged adverse actions were motivated by ALLEN's complaints. She provides little information about the dates of her complaints and the dates of the alleged retaliatory treatment to support an inference that the alleged adverse actions were prompted by her complaints.  There are no allegations to show that the DISTRICT expressed opposition to ALLEN's complaint nor are there any facts, other than conclusory allegations, to support a finding that the DISTRICT'S reasons for its actions were pretextual. ALLEN has failed to state facts sufficient to support a First Amendment retaliation claim.

27

28

Likewise, plaintiffs S.M. and P.M. do not state a viable claim for First Amendment retaliation because the details of their complaints, such as dates and persons involved, are not provided.

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

11

1    Plaintiffs fail to allege that the Defendants who retaliated against them knew of their complaints. It is

2    impossible to determine whether the DISTRICT'S alleged actions were motivated by plaintiffs'

3    complaints, as opposed to alleged discriminatory intent, because there are no facts to show when the

4    complaints were made, to whom they were made, or when the retaliatory conduct took place.

5    **E.    THE COURT LACKS SUBJECT MATTER JURISDICTION AND PLAINTIFFS'**
     **COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE**
6    **GRANTED AS TO S.M.'s AND ALLEN's SECOND, THIRD, FOURTH, SIXTH,**
     **SEVENTH AND EIGHTH CAUSES OF ACTION**

7         The claims asserted in plaintiffs' first amended complaint are based on conduct that allegedly

8    occurred during two meaningfully distinct time periods; the first being conduct which pre-dates the

9    parties' March 7, 2007 settlement agreement, and the second being conduct which follows that

10   agreement. As to those claims in plaintiffs' complaint based on conduct that pre-dates the parties

11   March 7, 2007 agreement, plaintiffs S.M. and ALLEN are attempting to reassert education related

12   claims under federal law previously resolved and released by the parties' negotiated settlement

13   agreement. This March 7, 2007 "Final Settlement and Release" contains a provision explicitly

14   waiving any and all claims "arising from or relating to" plaintiff S.M.'s educational program. Here,

15   plaintiff S.M.'s claims, and ALLEN's derivative claims, clearly arise from and relate to S.M's

16   educational program. Accordingly, each of plaintiffs' education related federal claims in this lawsuit

17   are barred and subject to dismissal.

18        Plaintiffs' first amended complaint, on its face, irrefutably establishes that S.M.'s federal

19   claims constitute claims arising from or related to S.M.'s educational program. A cursory review of

20   the complaint reveals that it is similar to the original complaint previously filed by S.M. and ALLEN

21   in October of 2006 asserting education related claims, and similar to the initial complaint filed in this

22   action on November 16, 2007. In their first amended complaint, plaintiffs are attempting to re-assert

23   several of the same claims previously asserted in 2006, and again in November of 2007 on behalf of

24   S.M. and ALLEN. The original and previously dismissed October 2006 complaint, the November 16,

25   2007 initial complaint in this action and instant first amended complaint all allege conduct that

26   allegedly occurred while S.M. was a student in the DISTRICT, and all assert allegations relating to

27   S.M.'s attendance at various schools beginning on or about August/September of 2005. There federal

28   claims therefore necessarily arise from and relate to S.M.'s educational program.

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    Moreover, the specific allegations in the first amended complaint upon which plaintiffs'

2  federal claims are based further establish that plaintiffs' federal claims arise out of and relate to

3  S.M.'s educational program and enrollment in the DISTRICT. For example, S.M. asserts the

4  following allegations which center on discipline clearly related to S.M.'s educational program:

5        During that time S.M. was sent to the office almost daily and suspended almost weekly
         for behavior that related to his disability. S.M. would be sent to the office for arguing
6        with classmates who teased him about his mother's disability. He was disciplined for
         telling his teacher that he didn't think he should do a project that he felt ignored the
7        existence of his religious beliefs. (FAC at ¶15.)

8
         Defendants' direct actions in physically, verbally and emotionally disciplining student
9        because of the manifestation of his disability instead of providing assistance in light of
         his disability and then attempting to censor S.M. from complaining further harmed him.
10       (FAC at ¶42.)

11       Plaintiff requests the Court to issue an injunction ordering that Defendants cease its
         practice of discrimination, harassment, segregation, isolation, physical discipline, verbal
12       put downs, denial of meals used on S.M. a non-violent and disabled child, that the court
         order West Contra Costa Unified to train and supervise all of its staff on disabilities and
13       appropriate ways to respond to the manifestation of those disabilities .... (FAC at ¶59)

14
         Defendant WCCUSD failed to train its teachers, administrators, and/or staff in dealing
15       with students with disabilities and failed to ensure that disabled students rights weren't
         being violated resulting in discrimination against S.M as a disabled student. (FAC at ¶72)
16

17       Defendants have authorized conduct that abuse and punish students for displaying their
         disabilities. In this instance Plaintiff S.M. was physically and verbally punished, belittled,
18       attacked and disciplined for his disability which included a short attention span,
         behavioral difficulties, inability to perform well without modifications, and for requiring
19       more attention than general education students. (FAC at ¶76.)

20    Plaintiffs' complaints concerning the disciplinary practices of Defendants clearly relate to the

21  way that the district provides education, and thus necessarily come within the scope of the IDEA, are

22  education related, and are barred by the parties' March 7, 2007 settlement agreement.

23    Moreover, while plaintiffs make passing reference in their first amended complaint to having

24  "settled the educational issues" in the March 7, 2007 settlement agreement, presumably in an effort to

25  plead around the preclusive effect of the parties settlement agreement, the allegations contained in the

26  first amended complaint in support of plaintiffs' claims under the IDEA and related statues reveal

27  that plaintiffs have not resolved all educational issues and that the claims asserted arise from or relate

28  to plaintiff S.M.'s educational program.

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

13

1    Even if the instant first amended complaint on its face did not definitively establish that S.M.

2  and ALLEN's current claims arise from and relate to S.M.'s educational program, this question has

3  already been answered by the Court. By order dated January 10, 2007, the Honorable Claudia Wilken

4  dismissed plaintiff S.M.'s original October 2006 complaint for failure to exhaust administrative

5  remedies, finding that S.M.'s claims pertaining to conduct and events at Hercules Middle School

6  beginning on September 1, 2005 (the same conduct complained of in the instant lawsuit) were

7  seeking relief available under the IDEA, and therefore subject to exhaustion requirements. It

8  necessarily follows that these claims previously found subject to exhaustion under the IDEA relate to

9  and arise from plaintiffs' educational program. Judge Wilken's order dismissing the case, and her

10  finding that S.M.'s alleged claims/injuries in the original complaint could be redressed by the IDEA's

11  administrative procedures and remedies, is instructive on the issue of whether the claims asserted

12  herein are related to "Student's educational program". Claims previously found to be subject to

13  exhaustion and redress under the IDEA are related to S.M.'s "educational program", and Judge

14  Wilken's ruling should be considered analogous to the law of the case.

15    Moreover, plaintiffs' December 22, 2006 due process complaint filed with the OAH alleging

16  a denial of FAPE during the 2005-2006 school year and 2006-2007 school year, filed prior to the

17  dismissal of their original federal court complaint, and likely in response to defendants motion to

18  dismiss that complaint, serves as a tacit admission by plaintiffs that their claims in both the original

19  lawsuit and the instant lawsuit were "education related." Plaintiffs' amended due process complaint

20  filed with the OAH on January 3, 2007 provides further evidence that the claims in the instant first

21  amended complaint are education related.  In both the original and amended due process complaints

22  filed with the OAH, plaintiffs complained of physical abuse and other conduct that overlaps the

23  instant lawsuit.

24    The allegations asserted in plaintiffs' first amended complaint on their face pertaining to

25  conduct that pre-dates the parties' March 7, 2007 settlement agreement, coupled with Judge Wilken's

26  prior ruling and plaintiffs' own due process complaints filed with the OAH leave no question that

27  plaintiffs' claims in the instant lawsuit arise from and relate to S.M.'s "educational program."

28    Likewise, there is no question that S.M.'s education related claims were resolved by the

parties in the March 7, 2007 mediated Final Settlement Agreement and Release. That Agreement,

14

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

which was signed by both ALLEN and ALLEN and S.M.'s attorney, contains a release of all claims "through the date of the individualized education program ("IEP") team meeting provided for herein." The March 7, 2007 agreement clearly bars the federal claims asserted here, and contains an explicit waiver of any claims under the IDEA, 42 U.S.C. §1983, the ADA and Section 504 of the Rehabilitation Act and other federal claims that are related to S.M.'s "educational program." To hold otherwise would serve to eradicate the protections afforded defendants in a release, and serve as a clear disincentive to settlement of any due process hearing.

Moreover, the purpose of a settlement agreement is to resolve all pending issues between the parties in dispute. To accomplish that goal, agreements typically include a release of all claims, known or unknown, which were or could have been brought in the underlying proceeding. The Ninth Circuit recognizes the validity of such releases in negotiated settlement agreements absent evidence of fraud, duress or failure of informed consent. *Pardi v. Kaiser Foundation*, 389 F.3d 840 (9th Cir. 2004). "[A] release is the 'abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced...and its effect is to extinguish the cause of action.'" *Marder v. Lopez* 450 F.3d 445, 449 (9th Cir. 2006).

In *Pardi*, a doctor entered into a settlement agreement with his former employer wherein he agreed to waive all claims under the ADA which took place prior to the execution of the agreement. *Id.* At 845. The doctor later filed suit against the employer in district court, allegiant violation of the ADA and various state law claims. The Ninth Circuit affirmed the district court's grant of summary judgment for the employer with regard to the waiver of pre-settlement ADA claims. Specifically, the Ninth Circuit held that the settlement agreement was fully enforceable because the doctor had failed to establish that the agreement was procured by "fraud, duress, failure of informed consent, or any other basis that would render it invalid." *Id.* At 848.

Plaintiffs S.M. and ALLEN here have re-alleged in their first amended complaint federal claims arising from and related to S.M.'s educational program that were previously asserted, and previously released by the parties' March 7, 2007 Final Settlement Agreement and Release. This Court should enforce the unambiguous terms of that agreement and dismiss plaintiffs' federal claims to the extent they are based on allegations of conduct that pre-date the parties March 7, 2007 settlement agreement.

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  **F.  PLAINTIFFS' SECOND, THIRD, FOURTH, SIXTH, SEVENTH AND EIGHTH
2      CAUSES OF ACTION, TO THE EXTENT THEY ALLEGE CONDUCT THAT POST-
       DATES THE PARTIES MARCH 7, 2007 SETTLEMENT AGREEMENT, ARE
3      BARRED BY PLAINTIFFS' FALIURE TO EXHAUST ADMINISTRATIVE
       REMEDIES**

4          As already discussed, plaintiffs S.M. and ALLEN's federal claims up through and including
5  the parties March 7, 2007 settlement agreement are barred by the express release contained in that
6  agreement. Plaintiffs' federal claims based on alleged conduct that occurred after the March 7, 2007
7  settlement agreement are barred by plaintiffs' failure to exhaust their administrative remedies as
8  required by the IDEA.

9          Plaintiffs' have included multiple allegations in their complaint alleging conduct that post
10 dates the parties' settlement agreement that bring their claims within the exhaustion requirements of
11 the IDEA. Plaintiffs' allege in their complaint that, in September of 2007, S.M. "was denied lunch as
12 punishment". (FAC at ¶30) Plaintiffs' further allege that S.M. still faces discrimination, retaliation,
13 abuse and segregation "due to the accepted practices of the district toward disabled students, his
14 disability and his opposition to the district's policy of discrimination." Plaintiffs further allege that in
15 December of 2007, the DISTRICT "filed a Due Process Notice against S.M." to "harass and retaliate
16 against Plaintiffs", (FAC at ¶33) Plaintiffs further allege that the Defendants withdrew the December
17 2007 due process claim and instead scheduled an annual IEP for S.M. (FAC at ¶36) Plaintiffs further
18 allege that "Defendants' direct actions in physically, verbally and emotionally disciplining student
19 because of the manifestation of his disability instead of providing assistance in light of his disability
20 and then attempting to censor S.M. from complaining further harmed him. (FAC at ¶42.)

21         Plaintiffs assert these claims specifically under the IDEA in their Sixth Claim for Relief, as
22 well as under other related federal statutes including Section 504 of the Rehabilitation Act, the ADA
23 and 29 U.S.C. 794. Each of these claims brought under federal statutes are barred.

24     *1.    The IDEA's Comprehensive Scheme Includes a Due Process Hearing Prior
              to the Initiation of a Civil Lawsuit.*
25         Congress enacted the IDEA "to ensure that all children with disabilities have available to
26 them a free appropriate public education that emphasizes special education and related services
27 designed to meet their unique needs and prepare them for employment and independent living."
28 20 U.S.C. § 1400(d)(1)(A). These special education related services are embodied in the IEP, a

                                                                                                        16
DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  written document developed by a team of individuals knowledgeable about the student. 20

2  U.S.C. § 1414; *see also School Comm. Town of Burlington, Mass. v. Dept. of Educ.,* 471 U.S.

3  359, 368 , 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).

4      To ensure that parents are afforded an opportunity "for meaningful input into all

5  decisions affecting their child's education," the IDEA sets forth a comprehensive set of

6  procedural safeguards including the right of parents to present complaints with respect to *any*

7  *matter* relating to the identification, evaluation, or educational placement of the child, or the

8  provision of a FAPE. *Honig v. Doe, 484* U.S. 305, 310, 108 S.Ct. 592, 597, 98 L.Ed.2d 686

9  (1988); *see also 20* U.S.C. § 1415(b)(6). If a student or parent files a complaint about the child's

10 special education services, or lack thereof, an impartial due process hearing is to be provided.

11 20 U.S.C. § 1415(f). The parties to the hearing have the right, among other things, to be

12 accompanied by counsel and to present evidence and confront, cross-examine and compel the

13 attendance of witnesses. *20* U.S.C. *§* 1415(h) and 34 C.F.R. *§* 300.509 (1999).

14     Under the IDEA statutory framework, parents and students not only receive due process

15 proceedings as a right, they are *required* to pursue their complaints through a due process

16 hearing before pursuing IDEA claims in court. *See,* 20 U.S.C. §1415(b)(6)(A); 34 C.F.R. §

17 300.507; 34 C.F.R. § 300.512. If the complainant is dissatisfied with the results of the due

18 process hearing, he or she has the option to file a civil action which entails a de novo review of

19 the issues, with deference to the factual findings of the hearing officer. *Seattle School Dist. No. I*

20 *v. B.S.,* 82 F.3d 1493, 1499 (9th Cir. 1996), *citing 20* U.S.C. §1415(e)(2). However, a civil action

21 may not be filed until the administrative remedies under the IDEA are pursued and exhausted.

22      **2.      The Failure to Exhaust the Administrative Remedies Under IDEA Results
         in a Lack of Subject Matter Jurisdiction by the Court.**

23      The jurisdiction of federal courts is limited by Article III of the Constitution and "those

24 subjects encompassed within a statutory grant of jurisdiction.*" Richardson v. United States,* 943

25 F.2d 1107, 1112-13 (9th Cir. 1991), quoting *Insurance Corp. of Ireland, Ltd. v. Compangnie des*

26 *Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 2103-2104, 72 L.Ed.2d 492 (1982); *see*

27 *also* U.S. CONST. art. III, §2. In the Ninth Circuit, the exhaustion requirement under IDEA is

28 jurisdictional, i.e., without administrative exhaustion, the federal courts may not hear or rule on

                                                                                              17

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  an IDEA claim. *Robb v. Bethel Sch. Dist. #403,* 308 F.3d 1047, 1050 (9th Cir. 2002) (failure to

2  exhaust administrative remedies is subject matter jurisdictional, warranting complaint

3  dismissal);  *Witte v. Clark County Sch. Dist.,* 197 F.3d 1271, 1274 (9th Cir.1999); *Dreher v.*

4  *Amphitheater Unified Sch. Dist.,* 22 F.3d 228, 231 (9th C . 1994) (in *dicta,* discussing failure to

5  exhaust IDEA administrative remedies as depriving district court of subject matter jurisdiction).

6  Stated another way, Plaintiff must, exhaust his administrative remedies in the form of a due

7  process hearing before bringing this civil action to obtain relief that is also available under the

8  IDEA. *Robb,* 308 F.3d at 1050; *Witte,* 197 F.3d at 1274; *Dreher,* 22 F.2d at 231; 20 U.S.C.

9  §1415(1). Hence, exhaustion is a prerequisite to the Court's jurisdiction over most IDEA cases.

10      3.    ***This Court Must Dismiss Here Based on Plaintiffs' Failure to Exhaust Administrative Remedies Under the IDEA***

11

12      In determining whether a plaintiff is seeking relief available under the IDEA, the dispositive

13  question is whether the plaintiff has alleged injuries that could be redressed by the IDEA's

14  administrative procedures and remedies. *See Robb,* 308 F.3d at 1050.  If so, plaintiffs are required to

15  first exhaust those remedies.  However, even when the IDEA's ability to redress an injury is unclear,

16  "exhaustion should be required to give educational agencies an initial opportunity to ascertain and

    alleviate the alleged problem." *Id.*

17      Plaintiffs' allegations here are centered on alleged improper discipline in response to the

18  manifestation of S.M.'s disability. (FAC §42) Such a claim falls squarely under the IDEA, **as the**

19  **IDEA expressly provides for an expedited hearing process for issues pertaining to discipline**

20  **procedures and whether the behavior for which a child is disciplined is a "manifestation of the**

21  **child's disability."** See, *20 U.S.C. 1415(k).*

22      Plaintiffs' post settlement agreement allegations asserted in the first amended complaint

23  clearly equate to a complaint regarding S.M.'s educational program. These allegations include the

24  holding of improper "amendment IEP's", as well as complaints regarding the methods of discipline

25  allegedly utilized by Defendants against S.M. as a result of his disability, which included improper

26  suspensions and "segregation". (FAC ¶32, 35) Plaintiffs' complaints concerning his suspensions, the

27  disciplinary practices of Defendants, and the alleged failure of the DISTRICT to train its employees

28  to properly respond to and interact with disabled students clearly relate to the way that the DISTRICT

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1 | provides education, and are subject to redress under the IDEA's administrative procedures and

2 | remedies. (See *Brown v. Napa Valley Unified School District* 2007 U.S. Dist. LEXIS 53140 (N.D.

3 | Ca. 2007); holding that claims based on alleged use of physical restraints against special education

4 | student as a form of discipline which resulted in abrasions subject to exhaustion).

5 |       Moreover, plaintiffs' complaints regarding the Defendants alleged improper suspensions,

6 | holding of IEP's and related disciplinary practices, all allegedly in response to S.M.'s disability,

7 | allege continuing conduct as recently as April of 2008. This is not a case in which all outstanding

8 | educational issues have been resolved, as plaintiffs allege S.M. is still a student in the DISTRICT,

9 | still experiencing disability discrimination, and unhappy with his current educational placement due

10 | to the alleged conduct of his aides. (FAC ¶32) Thus, exhaustion under the IDEA is required.

11 |       However, plaintiffs have not and cannot allege exhaustion in this case, and plaintiffs'

12 | complaint is devoid of any reference to having exhausted administrative remedies by the filing of a

13 | due process complaint as required under the IDEA for any claims based on conduct that followed the

14 | parties' March 7, 2007 settlement agreement.

### 4.    The Court Must Also Dismiss Plaintiffs' Claims Under the Equal Protection Clause, The First Amendment, 29 U.S.C. 794, Section 504 of the Rehabilitation Act, 42 U.S.C. §1983 and the Americans With Disabilities Act

17 |       "The primary goal of IDEA is to ensure that children with disabilities receive special

18 | education and related services 'designed to meet their unique needs and prepare them for

19 | employment and independent living.'" *Tri-County Special Education Local Plan Area v. County of*

20 | *Tuolumne*, 123 Cal.App.4th 563, 570 (2004), *quoting* 20 U.S.C. §1400(d). Thus, the Ninth Circuit

21 | has held that all claims which can be addressed to any degree under the IDEA are also subject to the

22 | exhaustion requirements of that statute.

23 |       20 U.S.C. § 1400(1) provides, in pertinent part:
     Nothing in this chapter shall be construed to restrict or limit the rights, procedures,

24 |     and remedies available under the Constitution, [the ADA], [Section 504], or other
     Federal laws protecting the rights of children with disabilities, except that before

25 |     the filing of a civil action under such laws seeking relief that is also available under
     this subchapter, the procedures under subsections (f) and (g) of this section shall be

26 |     exhausted to the same extent as would be required had the action been brought

27 |     under this subchapter.

28 |       Here, in addition to their direct IDEA claim asserted in their Sixth Claim, S.M. and ALLEN

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  have alleged several federal claims, including the Second Claim under the Equal Protection Clause,

2  the Third Claim under the First Amendment, the Fourth Claim for Relief under 29 U.S.C. §794 and

3  Section 504 of the Rehabilitation Act, the Seventh Claim for Relief under the ADA, Equal Protection

4  Clause and 29 U.S.C. §794, and an unspecified Eighth Claim for Relief for Retaliation. However,

5  each of these claims incorporates by reference all proceeding allegations, and each is based on the

6  same facts used to support plaintiffs' IDEA claim.  Plaintiff cannot avoid the IDEA's exhaustion

7  requirement simply by limiting a prayer for relief to money or services that are not provided under

8  the IDEA. See *Robb*, 308 F.3d at 1049. The dispositive question therefore is whether the plaintiff has

9  alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and

10  remedies. See *Id.* at 1050. "If so, exhaustion of those remedies is required." *Id.*

11      Plaintiffs' allegations cited above specifically complain of the Defendants alleged failure to

12  properly train and supervise their employees to interact with students with a disability.  Their Second

13  Claim alleges "discrimination, harassment, segregation, isolation, physical discipline, verbal put

14  downs, denial of meals" and other conduct all in response to the "manifestation" of plaintiff S.M.'s

15  disabilities.  (FAC at ¶59)  Plaintiffs' Third Claim requests the Court issue an injunction ordering

16  Defendants "cease its discrimination of disabled students by segregating them at times such as lunch

17  and school-wide functions, that the district cease its course of retaliation by holding speedy

18  amendment IEP's and changing the child's placement when a parent makes a complaint…" (FAC at

19  ¶62) Plaintiffs' Fourth Claim alleges that the DISTRICT "failed to train its teachers, administrators,

20  and/or staff in dealing with students with disabilities and failed to ensure that disabled students rights

21  weren't being violated resulting in discrimination against S.M. as a disabled student." (FAC at ¶72)

22  Plaintiffs' Seventh Claim for Relief alleges that S.M. "was and has been segregated, isolated,

23  punished and shunned, due to his disability…" (FAC at ¶85) Plaintiffs' Eighth Claim alleges that

24  S.M. suffered "multiple suspensions, multiple amendment IEP meetings, removal from class

25  activities…being removed from the company of other students, constant and unfair disciplinary

26  actions…denial of counseling services…" as a result of protesting disability discrimination.

27      These claims are all based on plaintiffs' central complaint that Defendants failed to properly

28  provide special education services, primarily through improper discipline, and therefore each seeks

relief that is available under the IDEA. Because the IDEA can address plaintiffs' claims, plaintiffs

20

must exhaust their administrative remedies before bringing suit under Section 504, the ADA, §1983, the Equal Protection Clause and the First Amendment where such claims rest on the same central facts and an allegation of a denial of the provision of educational services. Further, Plaintiffs failure to exhaust administrative remedies results in a lack of subject matter jurisdiction by the Court over all of the federal claims referenced throughout the first amended complaint, which should therefore be dismissed.

Finally, the interrelatedness of plaintiffs claims under IDEA, the ADA, Section 504, §1983, the Equal Protection Clause and the First Amendment is also recognized by the parties' March 7, 2007 settlement agreement. In the release of all claims contained in that agreement, the parties acknowledged that the issues raised in plaintiffs' due process complaint filed with the OAH regarding the provision of special education services, including plaintiffs' claims of physical abuse and related improper discipline, could lead to potential claims under a variety of statutes. However, all such claims stemmed from the question of whether the DISTRICT had provided appropriate special education services, and that issue was resolved by the agreement.

To the extent the federal claims asserted in plaintiffs' first amended complaint are based on conduct preceding the parties March 7, 2007 settlement agreement, they are barred by that agreement. To the extent they arise out of conduct that follows the settlement agreement, plaintiffs are required to exhaust their administrative remedies under IDEA before also pursuing these claims in a civil action. Accordingly, all federal claims of S.M. and ALLEN are subject to dismissal.

**G.  PLAINTIFFS S.M. AND ALLEN'S SIXTH CAUSE OF ACTION IS SUBJECT TO DISMISSAL PURSUANT TO RULE 12(B)(6) ON THE SEPARATE AND INDEPENDENT GROUND THAT IT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Plaintiffs S.M. and ALLEN's Sixth Claim entitled "Negligent Training and Supervision" appears to be brought under 42 U.S.C. §1983. Plaintiffs have attempted to combine a state law negligence claim with a §1983 claim, and allege a violation of 20 U.S.C. §1400. As to plaintiffs' claims under federal law, §1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). "One cannot go into court and claim a "violation of § 1983" -- for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Organization*, 441

21

1  U.S. 600, 617 (1979).

2  While §1983 permits individuals to enforce rights conferred by federal laws, "an alleged

3  violation of federal law may not be vindicated under §1983 where Congress has foreclosed citizen

4  enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own

5  comprehensive remedial scheme. *Vinson v. Thomas* 288 F.4d 1145, 1155 (9th Cir. 2002). The  Ninth

6  Circuit recently addressed whether §1983 claims based on liability for violations of the IDEA are

7  precluded, and joined several California District Courts and several sister circuits in finding that the

8  IDEA's comprehensive enforcement scheme precludes §1983 liability predicated upon the IDEA.

9  *Blanchard v. Morton Sch. Dist.*, 504 F.3d 771 (9th Cir. Wash. 2007), *amended by* 2007 U.S. App.

10  LEXIS 27939 (9th Cir. Wash. December 3, 2007), *cert. denied*, 128 S.Ct. 1447 (2008) See also;

11  *Padilla v. School Dist. No. 1* 233 F.3d 1268, 1272-74 (10th Cir. 2000); *Diaz-Fonseca v. Puerto Rico*

12  451 F.3d 13, 28-29 (1st Cir. 2006). Thus, plaintiffs' Sixth Claim, to the extent it asserts a §1983

13  claim, fails to state a claim.

14  **H.    PLAINTIFF P.M.'S FOURTH AND SIXTH CAUSES OF ACTION ARE SUBJECT TO
         DISMISSAL PURSUANT TO RULE 12(B)(6) AS THEY FAIL TO STATE A CLAIM**

15  **UPON WHICH RELIEF MAY BE GRANTED**

16  Plaintiffs' Fourth and Sixth causes of action under federal disability related statutes fail to

17  identify upon which plaintiffs' behalf they are asserted. To the extent plaintiffs are asserting these

18  claims on behalf of P.M., they fail to state a claim upon which relief may be granted.  Plaintiffs'

19  Fourth Claim alleges Discrimination in Federally Funded Programs and violations of 29 U.S.C. 794

20  and Section 504. Under 29 U.S.C. §794, "No otherwise qualified individual with a disability in the

21  United states...shall, solely by reason of her or his disability, be excluded from the participation in,

22  be denied the benefits of, or be subjected to discrimination..."  Here, plaintiff P.M. has failed to

23  allege he is disabled. Likewise, to state a violation under Section 504, plaintiff must allege that he is

24  disabled within the meaning of Section 504. *Lovell v. Chandler* 303 F.3d 1039, 1052 (9th Cir. 2002).

25  Plaintiff P.M. has failed to do so here.  Accordingly, these claims must fail as to P.M.

26  Moreover, plaintiffs' Sixth Claim for Relief alleges failure to "adequately train and supervise

27  their employees that work with children with disabilities." (FAC at ¶75)  It further alleges that

28  Defendants "acted in reckless or conscious disregard of Plaintiffs needs and rights" under the IDEA

     and ADA.  (FAC at ¶77) A claim for negligent hiring under the IDEA fails to state a claim as to

                                                                                                          22

1  plaintiff P.M. as he is not disabled.  Even if P.M. could assert a claim under the IDEA in his Sixth

2  Claim, he may not do so under §1983.

3          Finally, to the extent the Sixth Claim is being asserted as a common law negligence claim, it

4  is duplicative of plaintiffs' Fifth Claim, and therefore subject to dismissal.

5  I.    **PLAINTIFFS' S.M, P.M. AND ALLEN'S EIGHTH CLAIM FOR RELIEF FOR
          RETALIATION FAILS TO STATE A CAUSE OF ACTION BECAUSE IT DOES NOT**

6        **IDENTIFY A SOURCE OF LIABILITY AND IS DUPLICATIVE OF THE THIRD
          CLAIM FOR RETALIATION UNDER THE FIRST AMENDMENT.**

7          Plaintiffs Eighth Claim for Relief is simply titled "Retaliation."  The basis for this general

8  retaliation claim is not provided, and there are no references to any statutes or constitutional grounds.

9  This claim is subject to dismissal for failure to state a claim upon which relief can be granted.

10         There is no common law cause of action for general retaliation in federal law or state law.

11  Retaliation is a cause of action recognized under the First Amendment and under certain

12  whistleblower statutes related to employment (see, e.g., California Labor Code section 1105.2).  Each

13  of these different theories provide for particular defenses.  Without more information as to the

14  grounds for plaintiffs' claims, Defendants cannot assert appropriate defenses.

15         Moreover, it appears plaintiffs' Eighth Claim is duplicative.  Paragraph 88 states, in relevant

16  part, that the DISTRICT "retaliated against them for opposing, protesting disability discrimination

17  and filing a due process complaint against West Contra Cost Unified."  Paragraph 89 states:  "S.M.,

18  P.M. and Carol Allen opposed the districts [*sic*] discrimination and abuse of S.M. based on his

19  disability."  These allegations appear to encompass the same complaints and allegations which form

20  the grounds for plaintiff's Third Claim for violation of the First Amendment.  Plaintiffs' retaliation

21  claim therefore appears duplicative of their First Amendment claim and should be dismissed.

22  J.    **UNDER THE 11TH AMENDMENT, THE DISTRICT AND THE INDIVIDUAL
          DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE IMMUNE FROM §1983**

23        **CLAIMS FOR MONEY DAMAGES AND FROM STATE LAW CLAIMS.**

24         The Eleventh Amendment bars claims in federal court against non-consenting states and their

25  agencies.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984).  Further, "the

26  Eleventh Amendment bars suits against state officials in their official capacities when the relief

27  sought is retrospective or compensatory in nature."  *Han v. Department of Justice*, 45 F.3d 333, 338

28  (9th Cir. 2000).  Under California law, school districts are considered state agencies for the purposes

                                                                                                    23

1  of the Eleventh Amendment. *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 254 (1992).

2  As a result, a California school district is immune from suits for money damages under Section 1983.

3  *Id.* In addition, the Eleventh Amendment "precludes the adjudication of pendent state law claims

4  against non consenting state defendants in federal courts." *Cholla Ready Mix, Inc. v. Civish*, 382

5  F.3d 969, 973 (9th Cir. 2004).

6      In the instant case, plaintiffs bring their First, Second and Third Claims for Relief under

7  §1983 and request monetary damages. Plaintiffs Sixth Claim for Relief is likewise brought under

8  §1983. The DISTRICT, as a state agency, and the individual defendants in their official capacities are

9  immune from this cause of action and it should be dismissed without leave to amend.

10      Plaintiff also brings several state law claims:  Fifth Claim for Relief, Negligence; Sixth Claim

11  for Relief, Common Law Negligent Training and Supervision; Eighth Claim for Relief, Retaliation,

12  Ninth Claim for Relief, Intentional Infliction of Emotional Distress; and Tenth Claim for Relief,

13  Negligent Infliction of Emotional Distress. The DISTRICT and the individual defendants in their

14  official capacities have not consented to suits in federal court and thus are immune from state law

15  claims for money damages.  The First, Second, Third, Fifth, Sixth, Eighth, Ninth and Tenth Claims

16  for Relief against the DISTRICT and the individual defendants in their official capacities should be

17  dismissed without leave to amend.

**K.    THE COURT MAY NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER
18       PLAINTIFFS' REMAINING STATE LAW CLAIMS DUE TO ITS LACK OF
         SUBJECT MATTER JURISDICTION OVER THE COMPLAINT'S FEDERAL
19       LAW CLAIMS**

20      In addition to the federal law claims asserted by plaintiffs, plaintiffs' complaint includes three

21  claims purporting to arise out of state law: (1) Negligence, (2) Intentional Infliction of Emotional

22  Distress and (3) negligent infliction of emotional distress. Moreover, plaintiffs' Sixth Claim for

23  "negligent training and supervision" is brought under "common law" in addition to federal statutes,

24  and plaintiffs' Eighth Claim fails to specify whether it is asserted under federal or state law.  Should

25  the Court dismiss the federal claims as to plaintiffs for the reasons set forth above, it must refuse to

26  exercise supplemental jurisdiction over the state law claims, dismissing them as well.

27      This Court's exercise of supplemental jurisdiction over plaintiffs' state law claims is a matter

28  of discretion, not right. *Goehring v. Wright*, 858 F.Supp. 989, 1006 (N.D. Cal. 1994) (citing

24

*Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 350 (1988)). In fact, "[i]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In other words, under 28 U.S.C. section 1367(c)(3), this Court "may decline to exercise supplemental jurisdiction over ..." plaintiffs state law claims because, pursuant to the above arguments, this Court should dismiss "all claims over which it has original jurisdiction," i.e., plaintiffs' federal claims. See 28 U.S.C. §§ 1331, 1367(a).  Pursuant to such authority, this Court should do just that, and dismiss plaintiffs' state law claims.

**L.    IN THE ALTERNATIVE, PLAINTIFFS' STATE LAW CLAIMS ARE BARRED DUE TO PLAINTIFFS' FAILURE TO ALLEGE THE TIMELY FILING OF A GOVERNMENT TORT CLAIM**

It is well settled that failure to file a timely tort claim with the public entity employer precludes any civil action against the public entity's employee. "Govt. Code Section 945.4 requires, as a prerequisite to maintenance of an action against a public entity for damages arising out of an alleged tort, the timely filing of a claim and its rejection." *Fall River Joint Unified School Dist. v. Superior Court*, 206 Cal.App.3d 431, 434 (1998). Govt. Code Section 950.2 provides in relevant part that "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division." (See; *Harman v. Mono General Hosp.* 131 Cal.App.3d 607, 613 (1982), filing a tort claim is "a condition precedent to a tort action against a public employee"; *Neal v. Gatlin,* 35 Cal.App.3d 871, 878 (1973), plaintiff's failure to allege filing of a tort claim against the public entity was fatal to his complaint against public entity employees.

Further, the California Supreme Court has recently reiterated that a plaintiff's complaint must allege facts demonstrating or excusing compliance with the claim presentation requirements. *State of California v. Superior Court (Bodde),* 32 Cal.4th 1234, 1249. (2004) Plaintiffs have the burden of pleading and proving compliance with the claim presentation requirement, and failure to satisfy this burden is ordinarily fatal to the plaintiffs' cause of action. *Bohrer v. County of San Diego*, 104 Cal.App.3d 155, 160 (1980). Here, plaintiffs have failed to allege facts demonstrating compliance

with the claim presentation requirements of the California Government Code, and therefore their state law claims are subject to dismissal.

## M.    PLAINTIFFS CLAIMS FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ARE SUBJECT TO DISMISSAL IN PART

Plaintiffs' Ninth and Tenth Claims for negligent and intentional infliction of emotional distress, apparently asserted on behalf of all plaintiffs and against all defendants, are subject to dismissal in part. A claim of intentional infliction of emotional distress requires "extreme and outrageous conduct by the defendant…. Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Christensen v. Super. Ct.*54 Cal. 3d 868 (1991) , 903.  Even if an action is intentional and outrageous, it is not actionable unless it is directed at the plaintiff or occurs in the presence of the plaintiff and the defendant is aware that the plaintiff is present. *Id.*

Likewise, "[a]ny recovery for the 'negligent infliction of emotional distress' on the part of third party relatives requires that the plaintiff either be a bystander or direct victim." *Steve F. v. Anaheim Union High Sch. Dist.* (2003) 112 Cal. App. 4th 904, 911.  Bystanders can recover only when the "bystander… is 'present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim.'" *Id.* (internal citations omitted).  To recover as a direct victim, the negligence must be directed at the relative as well as the injured party. *Id.* at 912.

Plaintiffs allege no facts directly against defendants the BOARD, HARTER, COLLINS, JONES, TALKEN, GREER and NICHOLSON that could possibly support a claim against them of intentional infliction of emotional distress as to any plaintiff, and they are identified in the complaint primarily in their capacity as employees of the DISTRICT only.  Plaintiffs' intentional infliction of emotional distress claims should be dismissed as to these defendants.

Likewise, plaintiff ALLEN has not alleged facts sufficient to state a cause of action against any Defendant for negligent or intentional infliction of emotional distress because she does not allege that she was actually present at the scene of the alleged injury, nor does she allege that the Defendants directed the illegal conduct toward her.  Nor does ALLEN allege that any of the illegal conduct was performed when the Defendants were aware that she was present.  For the same reasons, ALLEN cannot make out a claim for negligent infliction of emotional distress.

DEFENDANT WCCUSD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**N.    IN THE ALTERNATIVE, DEFENDANTS' MOVE THIS COURT FOR A MORE DEFINITE STATEMENT**

Rule 12(e) provides that "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." While defendants readily acknowledge that a motion for a more definite statement under Rule 12(e) is a disfavored motion, here, plaintiffs' complaint is so deficient that a more definite statement should be required. As an initial matter, plaintiffs have, for the most part, failed to identify which of the ten causes of action in the complaint pertain to which plaintiffs. This is particularly confounding where one plaintiff asserts disability related discrimination, while another asserts entirely unrelated claims of race based discrimination.

Moreover, plaintiffs fail to identify specifically under what legal theories they are proceeding, such that applicable defenses and immunities cannot be determined. For instance, plaintiffs' Eighth Claim alleges retaliation but fails to identify whether the claim is under federal or state law. Plaintiffs' Sixth Claim appears to combine common law claims with those under federal statutes.

Finally, plaintiffs' "Prayer for Relief" seeks compensatory damages, injunctive relief and punitive damages, without limitation as to claim or defendant. Each form of relief sought by plaintiffs is not available against the DISTRICT as a public entity (i.e. no punitive damages for state law claims under Cal. Gov. Code §818), and not available under several of the federal statutes, such as the IDEA, cited by plaintiffs. However absent a claim by claim prayer for relief, defendants are unable to respond to each claim for relief as to each cause of action. Defendants submit that plaintiffs should be ordered to amend their complaint and to cure the pleading deficiencies identified herein.

**V.    CONCLUSION**

For the foregoing reasons, defendants respectfully request plaintiffs' complaint be dismissed in its entirety.

Dated: April 28, 2008                    BERTRAND, FOX & ELLIOT

By: _____
     Michael C. Wenzel
     Attorneys for Defendants WEST CONTRA
     COSTA UNIFIED SCHOOL DISTRICT et
     al.