THOMAS F. BERTRAND, ESQ., SBN 056560
MICHAEL C. WENZEL, ESQ., SBN 215388
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

*Attorneys for multiple Defendants (see signature page for complete list of parties represented; Civil L.R. 3-4(a)(1))*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| S.M, a minor by his parent and next friend Carol Allen, P.M. a minor by his parent and next friend Carol Allen and CAROL ALLEN<br><br>Plaintiffs,<br>vs.<br><br>WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT FINANCING CORPORATION a California Municipality, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, in their official capacities, BRUCE HARTER in his capacity as Superintendent and as an individual, WENDELL GREER, in his official capacity, and as an individual HARRY CULBERTSON as an individual and in his official capacity, STEVE COLLINS in his official capacity, DARLENE JONES in her official capacity, KEN TALKEN in his official capacity, GRAIG CROSSLEY as an individual and in his official capacity, DOE NICHOLSON, as an individual and DOES 1-10,<br><br>Defendants. | CASE NO. C07-05829 CRB<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT**<br><br>Date:  May 16, 2008<br>Time:  8:30 a.m.<br>Courtroom:  8<br><br><br>Complaint filed: November 16, 2007 |

1.  **JURISDICTION AND SERVICE**

Plaintiffs allege that this case arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"; 29 U.S.C. §794), the Americans with Disabilities Act ("ADA"; 42 U.S.C. §12101 et seq.), 42 U.S.C. §1983 ("Section 1983) and the Equal Protection Clause of the United States Constitution. The Court therefore has subject matter jurisdiction, based on a federal question, pursuant to 28

1 | U.S.C. §1331.

2 | WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, erroneously sued as West Contra Costa County Unified School District Financing Corporation, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, BRUCE HARTER, WENDELL GREER, HARRY CULBERTSON, STEVE COLLINS, DARLENE JONES, KEN TALKEN, GRAIG CROSSLEY, and TRACEY NICHOLSON, formerly identified as "DOE NICHOLSON" (collectively "Defendants") have all been served and have filed a Motion to Dismiss Plaintiffs' First Amended Complaint. Defendants HARRY CULBERTSON, "DOE CANDACE" and "DOE TRACEY" have not been served and have not appeared in this lawsuit.

2.    **FACTS**

Plaintiffs, two minor children and their mother, have filed suit against the DISTRICT, its BOARD and several of its current and past employees alleging that these Defendants have violated various federal statutes while plaintiffs attended various schools within the DISTRICT. For plaintiff S.M., this lawsuit follows an administrative "due process" proceeding between the parties which resulted in a March 7, 2007 signed settlement agreement containing a release which "applies to any action or proceeding based on any state or federal statute, regulation, case decision, or common law including, but not limited to, claims under the Individuals with Disabilities Education Act (20 U.S.C. § 1400, et seq.), 42 U.S.C. section 1983, Section 504 of the Rehabilitation of Act of 1973 (29 U.S.C. § 732), the Americans with Disabilities Act (42 U.S.C. § 12101), California Education Code § 56000, et seq., and School Committee of the Town of Burlington v. Dept. of Ed., 471 U.S. 359, 105 S. Ct. 1996 (1985). However, this release and discharge does not apply to state tort claims."

3.    **LEGAL ISSUES**

Plaintiffs bring suit pursuant to the IDEA, 20 U.S.C. '1400 et seq., Section 504, 20 U.S.C. '794, ADA; 42 U.S.C. '12101 et seq., Section 1983 and the Equal Protection Clause of the United States Constitution.

Defendants contend that plaintiffs S.M. and ALLEN's education related claims under the various federal statutes are barred by the March 7, 2007 written settlement agreement between the parties. Defendants claim that the exception carved out in the agreement was intended to and clearly only excepts potential state law tort claims. Defendants further contend that plaintiffs' education related claims based on conduct that occurred after the March 7, 2007 settlement agreement must be dismissed as the Court lacks subject matter jurisdiction over these claims because plaintiffs' failed to exhaust their administrative remedies under the IDEA prior to filing suit on these claims. Defendants further contend this Court should dismiss plaintiffs' S.M and ALLEN federal claims and not exercise supplemental jurisdiction over plaintiff S.M.'s state law claims. Defendants further contend that plaintiffs' claims based on Equal Protection and First Amendment violations fail to state a claim.

Defendants further contend that they are entitled to immunity under the 11th Amendment in part. Finally, Defendants contend plaintiffs' complaint is so vague and ambiguous that a more definite pleading is required.

4. **MOTION SCHEDULE**

On January 28, 2008, Defendants moved to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6) and for a more definite statement pursuant to Rule 12(e). Plaintiffs' filed their opposition on March 7, 2008, indicating the desire to amend the complaint. On March 14, 2008, defendants filed their reply to plaintiffs' opposition. The motion was scheduled to be heard on March 28, 2008.

On March 17, 2008, the Court issued an order declining to rule on the motion to dismiss and instead ordering plaintiff to file their amended complaint within twenty days of the order. On April 7, 2008, Plaintiffs filed their First Amended Complaint. On April 28, 2008, Defendants filed a motion to dismiss the First Amended Complaint. The motion to dismiss is scheduled to be heard on June 6, 2008.

Defendants may file a motion for summary judgment depending on the claims remaining in this lawsuit and the parties' attempts at resolution.

///

5. **AMENDMENT OF PLEADINGS**

Future amendments are unknown given the status of Defendants' pending motion to dismiss.

6. **EVIDENCE PRESERVATION**

Defendants have directed their clients to preserve any and all documents or evidence, including information stored in a recorded or electronic form, which are relevant to the issues in this lawsuit.

7. **DISCLOSURES**

Given the uncertainty of the pleadings, and the possibility that all or part of the action may be dismissed by way of motion to dismiss, and that further amendments to the complaint may be permitted, defendants respectfully submit that initial disclosures should be ordered to be completed two weeks after the Court rules on defendants' motion to dismiss plaintiffs' first amended complaint.

8. **DISCOVERY**

The parties have conducted no discovery to date.

Defendants intend to propound written discovery to plaintiffs, including requests for admissions on behalf of each individual defendant, as well as a request for production of documents. At a minimum, defendants anticipate taking the depositions of ALLEN and the two minor plaintiffs. Given the unresolved nature of the pleadings, defendants are unable to completely anticipate the scope of necessary discovery at this time.

Defendants respectfully submit that, given the fact that a second motion to dismiss is currently pending, and given the fact that the motion may result in dismissal of some or all of plaintiffs' claims, that in lieu of entering a discovery order at the May 16, 2008 conference, the Court order a further case management conference to take place after the pleadings are resolved, at which time a discovery schedule can be ordered.

In the alternative, the defendants propose the following discovery plan, given the

unresolved nature of the pleadings and plaintiffs' counsels planned maternity leave:

| Action | Proposed Completion |
|---|---|
| Written interrogatories (50 per party) | March 1, 2009 |
| Requests for Production of Documents | March 1, 2009 |
| Depositions of non-expert witnesses | March 1, 2009 |
| Designation of expert witnesses | May 1, 2009 |
| Depositions of expert witnesses | May 20, 2009 |

9. **CLASS ACTION**

This matter is not a class action.

10. **RELATED CASES**

There are no active related cases.

11. **RELIEF**

If liability is established, Defendants intend to calculate damages based on the actual damages incurred by Plaintiffs. Plaintiffs are not entitled to an award of compensatory education or attorneys fees in this case.

12. **SETTLEMENT AND ADR**

The parties have been unable to agree on an ADR process and, on March 7, 2008, filed a Notice of Need for ADR Phone Conference. To date, no conference has been held.

Plaintiffs have indicated their preference for settlement negotiations through early settlement conference with a judge.

Defendants have suggested mediation as a form of ADR given both parties' counsel inability to make progress towards a settlement in a similar case through an early settlement conference. Defendants are unable to determine prospects for settlement until such time as the pleadings in the matter are resolved given the nature of the filed motion to dismiss.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants do not consent to the submission of this matter to a magistrate judge for all further proceedings.

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT                     5

14.  **OTHER REFERENCES**

Defendants do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  **NARROWING OF ISSUES**

Defendants believe they may be able to stipulate to certain facts with plaintiffs and will work to do so prior to the filing of any dispositive motions in this case.

16.  **EXPEDITED SCHEDULE**

Defendants do not believe that this is the type of case that can be handled on an expedited basis.

17.  **SCHEDULING**

Defendants respectfully submit that, given the fact that their motion to dismiss plaintiffs' first amended complaint is currently pending, and given the fact that the motion may result in dismissal of some or all of plaintiffs' claims and that additional amendments to the complaint may be necessary, that in lieu of entering a scheduling order at the May 16, 2008 conference, the Court order a further case management conference to take place after the pleadings are resolved, at which time a scheduling order can be set.

Alternatively, Defendants propose the following schedule for this matter which takes into consideration Defendants' counsel's scheduled August, 2009 vacation and September 15, 2009 trial date in Marin County Superior Court in a complex multi-party flood litigation:

| Action | Proposed Completion |
|---|---|
| Non-expert discovery cutoff | March 1, 2009 |
| Designation of Experts | May 1, 2009 |
| Dispositive Motions | May 15, 2009 |
| Expert discovery cutoff | June 19, 2009 |
| Pretrial Conference | September 11, 2009 |
| Trial | September 25, 2009 |

18. **TRIAL**

Plaintiffs have demanded that the case be tried to a jury. The estimated length of trial is ten (10) days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants verify that they filed a "Certification of Interested Entities of Persons" on March 18, 2008. Other than the Defendants themselves, no other interested parties are known to exist.

20. **RULE 26 MEETING OF COUNSEL**

On April 30, 2008 and May 7, 2008, counsel for defendants attempted to meet and confer with plaintiffs regarding the submission of a joint case management conference statement, but have received no response from plaintiffs' counsel.

Defendants subsequently learned in a letter to The Honorable Thelton Henderson in *S.H., et al. v. West Contra Costa Unified School District, et al.*, Case No. C06-06655, a separate action also handled by defense counsel and plaintiffs' counsel, that plaintiffs' counsel was recently hospitalized for a week, and is recuperating at home. Consequently, plaintiffs' counsel appears to be unavailable to discuss issues regarding this case management conference statement and, therefore, defendants submit this case management conference statement on their own behalf. However, it should be noted that the parties filed a previous joint case management conference statement on March 21, 2008.

Dated: May 8, 2008                                  BERTRAND, FOX & ELLIOT

/s/ Michael C. Wenzel

By: _____
Michael C. Wenzel
Attorneys for Defendants WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, *erroneously sued as West Contra Costa County Unified School District Financing Corporation*, WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, BRUCE HARTER, WENDELL GREER, HARRY CULBERTSON, STEVE COLLINS, DARLENE JONES, KEN TALKEN, GRAIG CROSSLEY, and DOE NICHOLSON