NICOLE HODGE, Bar No. CA 215157
P.O. Box 5100
Oakland CA 94605
Telephone: (510) 569-3666
Email hodgend@aol.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. M,<br>a minor by his parent and next friend<br>Carol Allen, P.M,<br>and<br>CAROL ALLEN<br><p align="center">Plaintiffs,</p>v.<br>WEST CONTRA COSTA COUNTY<br>UNIFIED SCHOOL DISTRICT FINANCING<br>CORPORATION a California Municipality, et al.<br><p align="center">Defendants.</p> | Case No.: C07-05829-CRB<br><br>Date: September 26, 2008<br>Time: 10:00<br>Place: Courtroom 8, 19th Floor<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

## TABLE OF CONTENTS

HODGE LAW
P.O. Box 5100
Oakland, Ca. 94605
510.569.3666

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

1     I     INTRODUCTION…………………………………………………………………………5

2     II    STATEMENT OF RELEVANT

3     FACTS……………………………………………………5

4     III   STATEMENT OF ISSUES TO BE

5     DECIDED…………………………………………....…………1

6

7     IV OBJECTION ……………………………………………………………………………………8

8     V.   ARGUMENT AND ISSUES TO BE DECIDED

9     …………………………………………..6

10        A  STANDARDS FOR RULING ON A MOTION TO DISMISS

11    ………………………....7

12        B  ARE PLAINTIFF P.M. EQUAL PROTECTION ALLEGATION  SUFFICIENT

13    ………....7

          C  ARE PLAINTIFF S.M. SECOND AND SEVENTH CLAIM ARE WELL

14    PLED…………9

15    …
          D  ARE PLAINTIFFS' FREE SPEECH RETALIATION CLAIMS WELL PLED …………

16    10

17        E. DOES PHYSICAL, PSYCHOLOGICAL BRUTALITY AND HARRASSMENT
          HAVE A RELATION TO

18        EDUCATION……………………………………………….13
              1)  The IDEA defines Educational Program
19

20        F.  WHETHER PLAINTIFFS' POST MARCH 7, 2007 ALLEGATIONS RELATE TO
          EDUCATION………………………………………………………………………………17

21    .
          G.  DOES CAROL ALLEN POSSES REMEDIES THAT CAN  BE EXHAUSTED

22    ADMINISTRATIVELY……………………………………………………………………18

23        H.  DOES ADA's PROHIBITION ON RETALIATION PROTECT INDIVIDUALS WHO
          OPPOSE  ACTS OR PRACTICES MADE UNLAWFUL BY

24    ADA,…………………………18

25        I..11TH AMENDMENT AN WAIVER

26    ………………………………………………………19

27        J. DOES PLAINTIFFS AMENDED COMPLAINT WITHSTAND GOVERNMENT
      TORT

28

HODGE LAW
P.O. Box 5100
Oakland, Ca. 94605
510.569.3666
                        -2-
              S.M. v. WCCUD
      Plaintiffs' Opposition to Motion to Dismiss

1      CLAIMS ACT

……………………………………………………………………..20

VI. CONCLUSION……………………………………………………………….21

<div align="center">

**TABLE OF AUTHORITIES**

</div>

**CASES**                                                                                            **PAGE**

*Amir v. St. Louis University*, 184 F.3d 1017 (8th Cir. 1999) …………………………………….14

Bernstein v. U.S. Dep't of State, 922 F. Supp. 1426, 1433 (N.D. Cal. 1996) …………………11

*Blanchard v. Morton Unified School District*, 420 F.3d 918, 920-22 (9th Cir. 2005)……………18

*State of California v. Superior Court* (2004) 32 Cal. 4th 1234 (Bodde) ……………………20

Burlington Northern & Santa Fe Railway Co. v. White, 126 S. Ct. 2405 (2006) ………………11

*Conley v. Gibson*, 355 U.S. 41, 47……………………………………………………….12, 14

*Hishon v. King & Spalding*, 467 U.S. 69, 73……………………...……………………………12, 13

*Jackson v. Birmingham Board of Education* 544 U.S. 167 (2005),………………………………19

*Mendecino Envtl Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir 1999) ………………10

*North Haven Bd. of Ed. v. Bell* , 456 U.S. 512, 521 (1982)………………………………………19

*Rob v. Bethel Sch Dist #403*, 308 F.3d 1047, (9th Cir. 2002) …………………………...…………13, 14

*Sutton v. Utah State School for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) ……….…...8

*Usher v. City of Los Angeles*  828 F.2d 556, 561 (9th Circuit 1987).
…………………………..…9

<u>*Walleri v. Fed. Home Loan Bank of Seattle*</u>, 83 F.3d 1575, 1580 (9th Cir. 1996)…………….…....9

*Witte v. Clark County School District,* (9th Cir. 2002) …………………………..…......13, 14. 18

<u>**STATUTES**</u>
20 U.S.C. §§ 1400-1482 ………………………………………………………14, 15, 17, 18
20 U.S.C. §1681……………………………………………………………………….19
20 U.S.C. § 1681(a)…………………………………………………………………19
29 U.S.C.A 794……………………………………………………………………… 20
42 U.S.C. §1983…………………………………………………………,……..10, 16
42 U.S.C. 2000(d)-7 …………………………………………………………….…21
42 U.S.C. 12101(a)(3)……………………………………………………………14
42 U.S.C. §12203……………………………………………………...…… 18
Educ Code § 56501, subd. (a)7 ………………………………………………….17


<u>**FEDERAL RULES AND LOCAL RULES**</u>
FED R. CIV. PROC RULE 8(a)……………………………………………………..8
FED R. CIV. PROC RULE 12(b)(6)………………………………………………...7


<u>**REGULATIONS**</u>
28 C.F.R. Part 35 Subpart B Section 35.134 (a)…………………………………18
28 C.F.R. Part 35 Subpart B Section 35.130 (a)…………………………………14
34 C.F.R. 104.33(a);……………………………………………………………….6
34 C.F.R. Part 300……………………………………………………………….6
34 **C.F.R.** 104.35(c)………………………………………………………… ..

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HODGE LAW
P.O. Box 5100
Oakland, Ca. 94605
510.569.3666

-4-

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

1
2
3
4
5
6
7
8
9
10
11
12
13
14

## STATEMENT OF RELEVANT FACTS

15
16

S.M. is a student with a disability, who attends school within the West Contra Costa

17

County School District. S.M. allges he was the victim of physical and psychologically abusive

18

acts by persons working for the West Contra Costa School District. This abuse was inflicted upon

19

S.M. because of his disabilities, S.M. was punished further after making complaints about the

treatment he was subjected to.

20
21

P.M. is an African-American male and brother of S.M. He suffered discrimination and

22

retaliation due to his race and for speaking out against the harassment of S.M.

23

Carol Allen is mother to P.M. and S.M. Plaintiff Allen has been harassed by and endured

24

retaliatory behavior by staff and administration employed at West Contra Costa School District.

25

## INTRODUCTION AND SUMMARY OF ARGUMENT

26

INTRODUCTION

27
28

HODGE LAW
P.O. Box 5100
Oakland, Ca. 94605
510.569.3666

-5-
S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

Plaintiffs S.M. P.M. and Carol Allen through their undersigned counsel, file this Memorandum in opposition to the motion to dismiss filed by defendants. For the reasons set forth below, defendants' motion should be denied.

The idea that physical and psychological abuse is covered in and was openly included the term, "arises from or relates to education" works an absurdity to that term. Case law and the United States Code belie any statement that brutality of a student, during the school day and imposed by school personnel can 'arise from or relate to an education program'.

At its essence, this case concerns a disabled students right to damages for past physical and psychological damages. Defendants argue that physical assaults and emotional abuse and harassment of disabled students within West Contra Costa County School District can realistically, "arise from or relate to students educational program." Defendants have failed to explain or provide law to support its contention that the brutality alleged by S.M. in his complaint, "relates to or arise from an educational program".

S.M. and his parent do not consider maltreatment and other forms of abuse to have a legitimate educational purpose. A reasonable and true interpretation of what the mediated settlement agreement covered and what relates education, cannot conclude education and abuse serve a united purpose. If Defendants wish to defend and claim that the settlement agreement extends beyond a commonly accepted function of education and includes brutality, it should raise it in its answer to the complaint.

Defendants essentially ignore the explicit allegations of the Complaint and base its motion instead on re-writing the Complaint and re-framing of the nature of plaintiffs' cause of action to fit arguments they would prefer to make on this motion. Obviously, plaintiff remains the master of their Complaint, the allegations of which control the issues, are presumed to be true, and are, indeed, the only relevant "facts" at this stage of the litigation. Defendants' improper attempt to divert the Court's attention

HODGE LAW
P.O. Box 5100
Oakland, Ca. 94605
510.569.3666

-6-

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

1    to other issues, including its presentation and absurd interpretation of a mediated settlement

2    agreement, misstate the causes of action and allegations contained in the Complaint. Plaintiffs

3    refute any assertion that the abuses claimed of in the Complaint relate to education. The abuse

4    complained of, are not barred by the settlement agreement presented by Defendants'. There is no

5    plausible connection between a settlement agreement that resolves educational concerns of the

6    disabled child and seeking redress for the physical and emotional injuries to that same disabled

7    child.

8    

9        Defendants' have introduced a prior dismissal Order of Honorable Judge Claudia Wilken,

10   to support its attack on Plaintiffs' Amended Complaint. The final paragraph of that Order states,

11   "Plaintiffs complaint is dismissed without prejudice to refiling after Plaintiffs have exhausted

12   their claims as required by the Ninth Circuit law." The Order is clear. There was no prejudice to

13   refiling once educational claims were exhausted. Defendant's now seek to cast everything that

14   S.M. has alleged as relating to education. Plaintiff has alleged exhaustion of administrative

15   proceedings, through a settlement agreement. Plaintiffs have now refiled their complaint.

16   

17       Defendants through its Motion to Dismiss, ask the Court to find that the physical and mental

18   abuse S.M has alleged "arise from or relate to the educational program." A parent, nor ALLEN

19   can be expected to believe abuse is a part of the educational program. It was not the intent of

20   Congress in developing the Individuals With Disabilities Education Act, to prevent disabled

21   students from entering court when they have suffered Civil Rights violations.

22       The complaint provides a narrative of S.M.'s school experiences only as a background.

23   Plaintiffs do not ask the court to resolve educational issues or provide any educational

24   accommodations. Plaintiffs do not seek resolution of any issues that were capable of

25   administrative redress. It is gross misinterpretation by Defendants to claim that the abuses alleged

26   are part of the students education, and such abuses were contemplated and waived by a settlement

27   procured in the course of a due process proceeding. This misinterpretation becomes offensive

HODGE LAW
P.O. Box 5100
Oakland, CA. 94605
510.569.3666

-7-

S.M. v. WCCUD
Plaintiffs' Opposition to Motion to Dismiss

1  because West Contra Costa School District, placed Ms. Allen into truancy proceedings for

2  refusing to send her child back to a school were he was being beaten by older students on a

3  regular basis. Who protects the children who suffer from the Districts interpretation of what

4  "relates to or arises from educational programs", if not the court?

5
6  Defendant's motion to dismiss must be rejected. Defendants' arguments seek to address the

7  merits of Plaintiffs complaint. It claims that the abuses alleged by S.M relate to education and

8  therefore covered by the settlement agreement of March 7, 2007. Defendants assert its conclusion

9  despite law that finds physical and psychological abuse do not relate to education.

10  The only issue on this motion to dismiss is whether the Complaint states a colorable

11  legal claim. They clearly do. The Complaint is well-pled and satisfies the requirements of FRCP

12  8(a). A colorable claim is simply one that is not "wholly insubstantial or frivolous." Bernstein v.

13
14  U.S. Dep't of State, 922 F. Supp. 1426, 1433 (N.D. Cal. 1996). Plaintiffs have alleged more than

15  sufficient legal grounds and allegations of harm to satisfy the liberal standards of pleading. Sutton

16  v. Utah State School for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) ("A 12(b)(6)

17  motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of

18  facts in support of his claim which would entitle him to relief.'") Given the importance of the

19  issues raised, plaintiffs should not be deprived of an opportunity to develop a complete factual

20  record to illuminate the full extent of the many harms created by the District. The defendant's

21  motion should be denied.

22  OBJECTION

23
24  Plaintiffs object to Defendant's introduction of the "Final Settlement Agreement and

25  Release" dated March 7, 2007 and Declarations of Steve Collins. Defendants submit these

26  documents in its attempt to prove that the abuses S.M. has alleged relate to education. The law is

27  clear that physical and psychological abuse do not have a genesis or manifestation in education.

28  Defendants attempt to expand the terms of the March 2007 Settlement Agreement to prove its

HODGE LAW
P.O. Box 5100
Oakland, Ca. 94605
510.569.3666

-8-

S.M. v. WCCUD
Plaintiffs Opposition to Motion to Dismiss

absurd contention that abuse was included in the term "a rises from or relates to educational

programs." Defendants have termed the maltreatment of S.M. as discipline related to education,

however, Defendants' creative labeling must not be allowed to expand the common

understanding that hazing disabled students has no relationship to educating those children.

Defendants ask the Court to take notice of Plaintiffs prior dismissal as proof that the abuse

relates to education. Defendants do fail to notify the Court, that the dismissal was without

prejudice to refilling after administrative process had been exhausted. The Settlement Agreement

Defendants have presented proves that administrative remedies have been exhausted and

educational issues resolved.

ARGUIMENTS AND AUTHORITIES

**A. STANDARDS FOR RULING ON A MOTION TO DISMISS**

A motion to dismiss should be granted only in the very limited circumstances where it is

clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

In ruling on a motion to dismiss, the court must assume all facts alleged in the complaint to be

true and draw reasonable inferences favorable to plaintiffs. Usher v. City of Los Angeles 828 F.2d

556, 561 (9th Circuit 1987).

**B. PLAINTIFF P.M. HAS SUFFICIENTLY STATED HE WAS TREATED DIFFERENTLY THAN THOSE SIMILARLY SITUATED**

P.M. has alleged in Paragraph 54 of the Amended Complaint that he was singled out. Being

singled out is a statement showing he was treated differently than others. P.M. has alleged violations

of equal protection based upon his race, gender and opposition to the discriminatory treatment of his

brother S.M. Such allegation that he was 'singled out' permits the reasonable inference that he was

treated differently than others.

**C. PLAINTIFF S.M. SECOND AND SEVENTH CLAIM ARE WELL PLED**

HODGE LAW
P.O. Box 5100
Oakland, Ca. 94605
510.569.3666

-9-

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

1    In making the determination whether a claim has been stated, the assertions in the

2 complaint must be liberally construed and the complainant is to be given every reasonable inference

3 that can be drawn from the complaint. Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575,

4 1580 (9th Cir. 1996).

5    Plaintiffs have alleged that they were treated differently than others similarly situated.

6 Plaintiffs' paragraph  4 of their amended complaint alleges that the abuses complained of occurred

7 "in response to manifestations of his disability", in paragraph 5 S.M. has alleged that he has been

8 "isolated from the general population", as well as subject to "harsh discipline and general policy of

9 abuse defendants take toward disabled populations." Paragraph 50 discusses the duty of defendants to

10 "prevent segregation of disabled students."  Plaintiff alleges in Paragraph 85 that "he was and has

11 been segregated, isolated, punished and shunned due to his disability and limited Sean's enjoyment

12 of the rights and benefits provided other students of the West Contra Costa Unifed School District."

13

14 Paragraph 46 alleges, "All of the acts or omissions alleged above by Defendants were committed

15 intentionally and purposefully because of disability." Paragraph 47 alleges, "The acts or omissions

16 alleged above by Defendants were committed intentionally and purposefully because of the race of

17

18 S.M. and P.M. and disability of S.M."

19    Plaintiff S.M has sufficiently stated that he was abused because of his race and

20 disability and that the general population, and other students did not suffer the abuses he suffered.

21

22 **D. FREE SPEECH RETALIATION HAS BEEN SUFFICIENTLY PLED BY ALLEN AND**

23 **PM**

24    To demonstrate a First Amendment Violation under U.S.C Section 1983, a person must show

25 that defendants actions deterred or chilled the plaintiff's speech and inhibiting speech was a

26 "substantial or motivating factor" in the defendant's conduct. Mendecino Envtl Ctr. v. Mendocino

27 County, 192 F.3d 1283, 1300 (9th Cir 1999).

28

HODGE LAW
P.O. Box 5100
Oakland, CA. 94605
510.569.3666

-10-

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

1       In paragraphs 26 and 102 of the Amended Complaint, Plaintiff Carol Allen has alleged that

2   the district put her in truancy proceedings. Ms Allen alleges that this was done in response to her

3   protest against S.M. being in a school was being regularly beaten and her due process request. Carol

4   Allen has alleged that the district used this truancy threat as a method to get her to immediately agree

5   to settle her dispute with the district, this was retaliation. This is a personal adverse action. Ms. Allen

6   has also alleged in paragraph 33:

7
8       *In December 2007, over a month after Plaintiffs filed their lawsuit in U.S. District Court*
    *Northern District of California, and not long before the holidays, West Contra Costa filed a Due*
9   *Process Notice against S.M. West Contra Costa Unified alleged that the Due Process was filed due*
    *to parent's failure to sign an October 207 amendment I.EP. Plaintiffs allege the Complaint was filed*
10  *to harass and retaliate against Plaintiffs. Parties counsel had a prior agreement from September*
    *2007 to contact counsel if an issue arose regarding S.M's educational program.*
11      *Plaintiff's counsel would be notified and then speak to Carol Allen regarding what things*
12  *meant. West Contra Costa ignored that agreement and filed its complaint. West Contra Costa was*
    *aware that S.M. had his annual Individual Education Program (hereinafter I.E.P) in February 2008.*
13  *The district later dismissed its complaint due to the February 2008 I.E.P.*

14      Defendant West Contra Costa School District motivation in filing its December 2006 Due

15  Process Request was to harass Ms. Allen. The District knew a February 2008 annual

16      individualized education plan (I.E.P) meeting was upcoming.  After Ms. Allen refused

17  mediation the District dismissed its request.

18
19      Such behavior may permit a trier of fact to infer from the timing of the districts actions

20  that it was done to retaliate and gain advantage against Plaintiff Allen.

21
22      Plaintiffs contend that the districts decision to embark on a course of action that

23  regularly punishes the minor children of Plaintiff Carol Allen, is in fact a personal adverse action

24  against Ms. Allen. It is retaliation and chilling. Ms. Allen's children suffer each time she speaks

25  out against the district, it is to be expected that Ms Allen would be hesitant to speak out when her

26  words cause her children to suffer.  It is retaliation of the worst type, because her children are

27  defenseless to protect themselves.

28

HODGE LAW
P.O. Box 5100
Oakland, CA. 94605
510.569.3666

-11-

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

1　　　　The U.S. Supreme Court ruled in *Burlington Northern & Santa Fe Railway Co. v.*

2 *White,* 126 S. Ct. 2405 (2006) that the appropriate standard for evaluating Title VII's anti-

3 retaliation provision is whether an employer's action "well might have dissuaded a reasonable

4 worker from making or supporting a charge of discrimination." This standard is appropriate to

5 determine what constitutes retaliation in this case.

6

7　　　　Plaintiffs have alleged facts, details and dates when Defendant school district retaliated

8 against her for opposing the Districts Conduct. Plaintiff cannot allege who made the decisions to

9 file due process against her, or place her in truancy proceedings. Ms. Allen has alleged she made

10 complaints to the districts general counsel and that the retaliation occurred due to her due process

11 requests.

12　　　　Plaintiffs allege in Paragraph 11, that each of the defendants performed, participated in,

13 aided or abetted in some manner the acts averred in this action, proximately caused the damages

14 averred below, and are liable to Plaintiffs for the damages and other relief sought in this action.

15

16 P.M. has alleged that Defendant Mr. Crossley retaliated against him after he spoke out to Mr

17 Crossley against the harassment endured by his brother S.M. Paragraph 54 of Plaintiffs Amended

18 Complaint. S.M. has alleged in paragraph 5 of the Amended Complaint that he was disciplined

19 for questioning a drawing assignment that seemed to oppose his religious beliefs.

20　　　　Parties have sufficiently supported their First Amendment Violation claims.

21 **E. PHYSICAL AND PSYCHOLOGICAL BRUTALITY, RETALIATION, DELIBERATE**
**INDIFFERENCE DO NO ARISE FROM OR RELATE TO THE EDUCATIONAL**
22 **PROGRAM OF S.M. AND THE TERMS OF THE SETTLEMENT AGREEMENT**
**LIMITS ITSELF TO STUDENT'S EDUCATIONAL PROGRAM**
23

24　　　　It is an unfortunate circumstance that S.M. has had the environment where he should

25 receive his education be the place where he has been abused. This unfortunate circumstance does

26 not cause abuse to be reclassified as part of an education program of a disabled child. S.M. is not

27

28

HODGE LAW
P.O. Box 5100
Oakland, CA. 94605
510.569.3666

-12-

S.M. v. WCCUD
Plaintiffs Opposition to Motion to Dismiss

1   a violent, dangerous or a fighting child. There is no justification for adult staff to become

2   physical with him as part of educating him.

3       The March 7, 2007 agreement, explicitly limits itself to claims that relate to or arise from

4   students educational program. Defendants' assert an implausible contention that the brutality

5   alleged in the Amended Complaint, 'relates to or arises from an educational program'.

6   Defendants apparently believe the abuse, discrimination retaliation, and harassment relate to

7   education because the abuse occurred during school hours, by District personnel and on school

8

9   property while S.M. was enrolled as a student.

10      _Witte v. Clark_ 197 F.3d 1271 (9th Cir.1999), was a case involving school brutality. The

11  Court determined that physical and psychological abuses inflicted upon a disabled student were

12  not related to education.  The Court did not require an exhaustion of administrative remedies

13
    prior to hearing its lawsuit in its court because the educational issues had been resolved and the
14
    physical and psychological abuses, were not related to education and remedy could not have been
15
16  had in the administrative forum. _Witte,_ recognized that an unlawful act, committed upon a

17  disabled child, during the school day, on school property and by school personnel does not mean

18  the act "relates to or arises from educational programs."

19      In _Robb v. Bethel Sch Dist #403_, 308 F.3d 1047, (9th Cir. 2002) the court stressed the basis

20  of the _Witte_ ruling:

21
                    Because Plaintiff seeks only monetary damages,
22                  which is not "relief that is available under" the
                    IDEA, and because all educational issues already
23                  have been resolved to the parties' mutual satisfac-
                    tion through the IEP process, Plaintiff is not "seek-
24                  ing relief that is also available" under the IDEA, 20
                    U.S.C. § 1415(l).
25

26      _Robb_ explained why the Plaintiff in _Witte_ was excused from exhaustion requirement:

27                  Id. at 1275 (emphasis added). Before filing suit, the plaintiff
                    in Witte already had agreed with the defendant school district
28                  —through informal processes available under the IDEA or
                    through its formal procedures—to new educational plans and

HODGE LAW
P.O. Box 5100
Oakland, Ca. 94605
510.569.3666

13

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

1    services that would address the educational component of his
     injuries. Witte, 197 F. 3d at 1275-76. We stated, in other

2    words, that the "[p]laintiff in fact ha[d] used administrative
     procedures that are available under the

3    IDEA." Id. at 1276. Moreover, the plaintiff was seeking only
     retrospective damages, not damages to be measured by the

4    cost of remedial services (such as those offered under the
     IDEA). Id. Finally, and perhaps most importantly, the plain-

5    tiff's allegations centered around physical abuse and injuries.
     We wrote, "The remedies available under the IDEA would

6    not appear to be well suited to addressing past physical inju-
     ries adequately; such injuries typically are remedied through

7    an award of monetary damages." Id. In Witte, neither the gen-
     esis nor the manifestations of the abuse were educational.

8

9    Both <u>Witte</u> and <u>Robb</u> state that neither the genesis nor the manifestations of physical or

10   psychological abuse are educational.  Defendants in its Motion to Dismiss, have not explained

11   how its brutality and hazing of S.M., differs from the physical abuse discussed in <u>Witte</u>. They

12   have not delineated why their abuses should be categorized as related to education. Despite prior

13   court decisions, Defendants ask the Court to find its physical and emotional abuses toward S.M.

14   relate to education and were settled through the administrative process. Plaintiff resolved their

15   educational issues through the administrative process and refilled its claims to handle issues that

16   were not related to education.

17

18

19   **The IDEA defines Educational Program**

20   The term "educational program" and the things that "relate" to that program are defined by

21   the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 ("IDEA"). A review of the

22   IDEA is necessary to properly interpret the March 7, 2007 settlement agreement, and to

23   understand the common and accepted usage of what relates to an educational program. 20 USC

24   1401 (14) of The Individuals with Disabilities Education Act as reauthorized on Dec. 3, 2004,

25   defines and give the basis of the term "Educational Program."

26

27   The term "individualized education program" or "IEP" means a written statement for each
     child with a disability that is developed, reviewed, and revised in accordance with section 1414

28   (d) of this title. Section 1414 (d) states in part:

HODGE LAW
P.O. Box 5100
Oakland, CA. 94605
510.569.3666

14

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

The term "individualized education program" or "IEP" means a written statement for each child with a disability that is developed, reviewed, and revised in accordance with this section and that includes -
(i) a statement of the child's present levels of educational performance, including -
(I) how the child's disability affects the child's involvement and progress in the general curriculum; or
(II) for preschool children, as appropriate, how the disability affects the child's participation in appropriate activities;
(ii) a statement of measurable annual goals, including benchmarks or short-term objectives, related to -
(I) meeting the child's needs that result from the child's disability to enable the child to be involved in and progress in the general curriculum; and
(II) meeting each of the child's other educational needs that result from the child's disability;

20 USC 1401 (26) Describes items that relate to an educational program:

Related services (A) In general
The term "related services" means transportation, and such developmental, corrective, and other supportive services (including speech-language pathology and audiology services, interpreting services, psychological services, physical and occupational therapy, recreation, including therapeutic recreation, social work services, school nurse services designed to enable a child with a disability to receive a free appropriate public education as described in the individualized education program of the child, counseling services, including rehabilitation counseling, orientation and mobility services, and medical services, except that such medical services shall be for diagnostic and evaluation purposes only) as may be required to assist a child with a disability to benefit from special education, and includes the early identification and assessment of disabling conditions in children.

There is nothing within the IDEA that would find that corporal punishment, physical discipline or psychological abuses 'relate to or arises from education.' The March 7, 2007, settlement agreement introduced by Defendants is evidence that all issues related to education have been resolved and exhausted. The court has jurisdiction to address the issues that did not arise or relate to child's educational program which were not capable of redress within the administrative forum, Defendant has presented no law that precludes litigation of non-educational issues in the appropriate forum after educational issues are resolved. This court has proper jurisdiction.

PRIOR DISMISSAL

HODGE LAW
P.O. Box 5100
Oakland, CA. 94605
510.569.3666

-15-
S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

1    Defendants' refer to a non-prejudicial dismissal of Plaintiffs S.M. and ALLEN October 2006
2    Complaint as evidence that their complaint relates to education. Defendants fail to address that
3    the dismissal was *without* prejudice. The Order of dismissal instructed Plaintiffs to exhaust their
4    educational remedies. Plaintiffs exhausted those educational remedies.

            In *Witte v. Clark County School District,* (9th Cir. 2002) the Court of Appeals held
that a plaintiff seeking monetary damages for physical and emotional abuse under 42 U.S.C §
1983, Section 504 of the Rehabilitation Act 87 and 88, the Americans with Disabilities Act
(ADA) were not required to exhaust their administrative remedies under the IDEA because " . . .
ordinarily, monetary damages are not available under that statute."

            The court noted that the plaintiffs had already resolved all other issues under the IDEA
administrative processes and were seeking retrospective damages only.

            Defendants have chosen to label the abuses suffered by S.M. as 'improper discipline'
and in its effort to relate it to education. Plaintiffs dispute any contention that adult males
hitting her child, adults instructing other students to beat her child up, adults pushing her
child in the head and threatening him, adults denying her child lunch, adults watching as
other students punch her child, an adult handcuffing her child and telling him he is on his
way to prison, denying her child his free lunch and requiring him to sit in the classroom
and watch his classmate eat, can be labeled as mere 'improper discipline' that relates to
education. These acts are abuse, unrelated to education but the District permits its staff to
inflict such acts upon its disabled students.

            This is a dispute worthy to be presented to a trier of fact.


**F. PLAINTIFFS POST MARCH 7, 2007 ALLEGATIONS ARE NOT RELATED
TO EDUCATIONAL PROGRAMS**

HODGE LAW
P.O. Box 5100
Oakland, CA. 94605
510.569.3666

-16-

S.M. v. WCCUD
Plaintiffs Opposition to Motion to Dismiss

1    Since the March 7, 2007 settlement agreement, Plaintiff has been hit in the head by

2    campus security, denied meals by his teacher aides and required to sit in class, seeing and

3    smelling the food his classmates ate. He has been punched repeatedly in the chest while

4    staff observed silently, and taunted by aides who encourage his classmates to tease him.

5    The jurisdiction of the Office of Administrative Hearings to hear due process claims under the

6    IDEA is limited. 20 U.S.C. § 1415(b)(6)(A) and Educ Code § 56501, subd. (a) authorizes that

7    

8    forum to handle:

9

10   proposal or refusal to initiate or change the identification, assessment, or educational placement of a child, or the provision of a FAPE to a child, or the refusal of a parent or guardian to consent to assessment of a child, or a disagreement between a parent or guardian and the district as to the availability of a program appropriate for a child.

11

12

13   Plaintiff is alleging that he has being physically and psychologically abused. He is not being

14   assaulted or tortured as a part of education. He is being brutalized as a violation of his Civil Rights.

15   These complaints do not come under the authority of administrative process.

16   Plaintiffs have not alleged improper amendment IEP's as an educational issue. Plaintiff Carol

17   Allen has alleged these amendment IEP's are misused to retaliate against her. The needs of the child

18   aren't changing that rapidly but the District staff knowing Ms. Allen is handicapped and has to plan her

19   travel well in advance, would schedule dates on short notice and with absurd frequency to frustrate her.

20

21   ### G. Plaintiff Carol Allen Does Not Possess Remedies That Can Be Exhausted Administratively.

22   Plaintiff Carol Allen lacks administrative remedies and is not held to an exhaustion

23   requirement. The remedies available under the IDEA include educational services for disabled

24   children. See 20 U.S.C. §§ 1400-1482. IDEA does not provide an adequate remedy for Plaintiff

25   

26   Allen. *Blanchard v. Morton Unified School District,* 420 F.3d 918, 920-22 (9th Cir. 2005) the

27   Court held that there is no procedural barrier to the parent's claim that the defendants' acts (as

28   distinct from her child's disability) have caused her to incur damages for emotional distress.

HODGE LAW
P.O. Box 5100
Oakland, CA. 94605
510.569.3666

-17-

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

1

2    **H. Whether ADA's Prohibition of Retaliation Protects Individuals Who Oppose Any Act or**

3    **Practice Made Unlawful by the ADA, including P.M. and Carol Allen**

4         The ADA contains an anti-retaliation provision that prohibits discrimination against an

5    individual because that individual "opposed any act or practice made unlawful [by the ADA] or

6    because such individual made a charge, testified, assisted or participated in any manner in an

7    investigation, proceeding or hearing, pursuant to the statute. 42 U.S.C. Section 12203, 28 C.F.R.

8    Part 35 Subpart B Section 35.134 (a).

9         The language of this provision does not restrict its reach to employment relationships. It

10   does not restrict its protection to 'disabled individual' who oppose discrimination. Section 504

11   and Title II both prohibit retaliation for filing a complaint or for advocating for a right protected

12   by the two laws, and harassment of students or others because of a disability.  Retaliation in non-

13   employment education under the ADA is not foreign to the courts.

14

15        P.M. and Carol Allen are protected under the federal disability statute because they

16   advocated for rights protected by the two laws.  They are not required to claim a disability.

17        In *Amir v. St. Louis University*, 184 F.3d 1017 (8th Cir. 1999) the United States Court of

18   Appeals, overturned the lower courts grant of summary judgment and allowed a student to

19   proceed with his ADA retaliation claim against his school. The court listed the prima facie test

20   the student must present and the subsequent shift of burden. That court did not consider

21   retaliation claims to be limited to employment relationships because the plain language of code

22   does not limit retaliation claims to employment relationships.

23

24        Congress specifically found that discrimination against persons with disabilities

25   "persist in such critical areas as employment, housing, public accommodations, education

26   …………." 42 U.S.C. 12101(a)(3).

27   *Jackson v. Birmingham Board of Education* 544 U.S. 167 (2005), discussed retaliation in a

28

1  Title IX case. Similar to Title II of the ADA, Title IX provides that "[n]o person in the United

2  States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be

3  subjected to discrimination under any education program or activity receiving Federal financial

4  assistance." 20 U. S. C. §1681.

5
6  The court held that retaliation is, by definition, an intentional act.  It is a form of "discrimination" because the
   complainant is being subjected to differential treatment.
7  "Discrimination" is a term that covers a wide range of intentional unequal treatment; by using such a broad term,
   Congress gave the statute a broad reach.  See *North Haven Bd. of Ed.* v. *Bell* , 456 U. S. 512, 521 (1982).

8
9  The broad reach of the anti-retaliation and anti-discrimination statute protects those who oppose

10  discrimination under the statute.

11  ## I.   11th Amendment Waiver

12
13  Section 604 of the IDEA provides that "[a] State shall not be immune under the eleventh

   amendment to the Constitution of the United States from suit in Federal court for a violation of
14
15  this Act."  Therefore, by accepting this grant a State is expressly agreeing to a waiver of Eleventh

16  Amendment  immunity as a condition of IDEA funding.

17  **U.S.C. 2000(d)-7**
   **(a) General provision**
18  **(1)** A State shall not be immune under the Eleventh Amendment of the Constitution of the
   United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act
19  of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et
   seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights
20  Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute
   prohibiting discrimination by recipients of Federal financial assistance.
21  **(2)** In a suit against a State for a violation of a statute referred to in paragraph (1),
   remedies (including remedies both at law and in equity) are available for such a violation to
22  the same extent as such remedies are available for such a violation in the suit against any
   public or private entity other than a State.
23
24  State officials are subject to federal injunctions (to prevent future rights violations) and to

25  claims for attorneys' fees awarded as part of the injunction process under section 504.

26
27
28  ## J.  Government Tort Claims Act and State Law Claims

HODGE LAW
P.O. Box 5100
Oakland, Ca. 94605
510.569.3666

~~19~~

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

Plaintiffs complied with Government Tort Claims Act, by timely filing notices. Plaintiffs claims were rejected by the District. Plaintiffs state law claims against individual defendants do not require an allegation of compliance with Government Tort Claims Act, nor an exhaustion of remedies.

*State of California v. Superior Court* (2004) 32 Cal. 4th 1234 (Bodde) holds though the failure to allege facts showing compliance or excusing compliance will render the complaint subject to demurrer, "noncompliance does not divest the trial court of subject matter jurisdiction over causes of action against public entities." (*Bodde, supra,* 32 Cal.4th at p. 1239-1240

Plaintiffs are able to allege compliance and would survive a demurrer based upon failure to comply. Such failure to allege compliance would only be fatal if Plaintiff could not allege compliance.

**Emotional Distress Claims**

Plaintiffs' Ninth and Tenth Claims include claims of extreme and outrageous behavior. Each Plaintiff suffered extreme and outrageous behavior directed at them personally.

Plaintiff Allen suffered harassment in the name of West Contra Costa School District. She has alleged a series of systematic harassing behavior that was done by school personnel with knowledge that she is disabled and the burden placed upon her had great impact. She will require discovery to determine the individual who ordered the actions that harassed her. This person would likely be an administrator and either Defendants HARTER, COLLINS, JONES, TALKEN, GREER. She has also made claims against Steve Collins in her complaint. Defendant Terry Nicholson is an aide that personally inflicted harm and torture upon S.M. S.M. has listed some of the abuse he suffered at the hands of Terry Nicholson.

HODGE LAW
P.O. Box 5100
Oakland, CA. 94605
510.569.3666

-20-

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss

CONCLUSION

Plaintiffs' do not oppose any Order that finds educational issues are resolved and are not to be a subject to this lawsuit.  Plaintiffs do ask the court to find  as a factual matter, that physical and psychological abuse do not relate to education, have no legitimate educational purpose and there should be no pretense that it arises from or relates to education.

Plaintiffs' Amended Complaint is well pled and the Court has subject matter over Federal Claims against all Defendants and supplemental jurisdiction over individual defendants for Plaintiffs' state law claims.

//

//

//

DATED: September 12,  2008                       /s/  Nicole Hodge
                                                 By: Nicole Hodge
                                                 Attorney for Plaintiffs
                                                 Carol Allen and P.M., S.M. by and through
                                                     next friend and parent Carol Allen

HODGE LAW
P.O. Box 5100
Oakland, CA 94605
510.569.3666

-21-

S.M. v. WCCUD
Plaintiff's Opposition to Motion to Dismiss